UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 03-CV-11470 RCL

|  |  |
|---|---|
| ISAAC WILLIAMS, JR., <br>         Plaintiff <br> v. <br> <br> MASSACHUSETTS MUTUAL LIFE <br> INSURANCE COMPANY (a/k/a <br> MASSMUTUAL FINANCIAL GROUP) <br> and DAVID L. BABSON & COMPANY, INC. <br> (a/k/a DAVID L. BABSON AND COMPANY), <br>         Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT**

Defendants, Massachusetts Mutual Life Insurance Company (a/k/a MassMutual Financial Group) and David L. Babson & Company, Inc. (a/k/a David L. Babson and Company, (collectively the "Defendants"), hereby answer the Verified Complaint of Plaintiff, Isaac Williams, Jr., in numbered paragraphs corresponding to the numbered paragraphs of the Complaint as follows:

First Defense

**PARTIES**

1.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Verified Complaint.

2-4.    The defendants admit the allegations contained in paragraphs 2 through 4.

## JURISDICTION, VENUE & EXHAUSTION
## OF ADMINISTRATIVE REMEDIES

5.     Paragraph 5 states a conclusion of law as to which no response is necessary; to the extent a response is required, defendants admit that 42 U.S.C. §2000e and 42 U.S.C. §1981 provide this Court with jurisdiction over claims asserted thereunder, but deny any violation of these statutes.  Defendants further admit that supplemental jurisdiction derives from 28 U.S.C. §1367 but deny that defendants are liable on any state law claims.

6.     Paragraph 6 states a conclusion of law as to which no response is necessary; to the extent a response is required, the defendants admit that the parties are citizens of and are located in the District of Massachusetts and that their business records are located in this District, but deny the remaining allegations in paragraph 6 and specifically deny that any unlawful employment practices were committed.

7.     The defendants deny the allegations in paragraph 7, except that the defendants admit that the EEOC concluded its inquiry and issued a Dismissal and Notice of Rights, and defendants are without knowledge or information  regarding when the EEOC's dismissal notice "was received by Williams."

## FACTUAL BACKGROUND

8.     The defendants admit that plaintiff is African-American and aver that the remaining allegations of paragraph 8 state a conclusion of law to which no response is required; to the extent a response is required, defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8.

2

9. The defendants admit the allegations contained in paragraph 9.

10. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, except that the defendants admit that plaintiff became an employee of Babson in or about 2000.

11-12. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 11 and 12.

13-14. The defendants deny the allegations contained in paragraphs 13 and 14.

15. Defendants admit the allegations of paragraph 15, except that the defendants deny the inference that Bickford acted in the manner described in paragraph 15 toward plaintiff.

16-18. The defendants deny the allegations contained in paragraphs 16 through 18.

19. The defendants admit the allegations contained in paragraph 19.

20. The defendants deny the allegations in paragraph 20, except that defendants are without knowledge or information as to the truth of whether the January 2002 evaluation was the worst that Williams had received in his entire employment career.

21-22. The defendants deny the allegations contained in paragraphs 21 and 22.

23. The defendants admit the truth of the allegations contained in paragraph 23.

24. The defendants deny the allegations contained in paragraph 24.

25. The defendants deny the allegations contained in paragraph 25, except that the defendants admit that during the meeting of March 13, 2002, Reese advised plaintiff

that plaintiff's position was going to be eliminated and that he should begin looking for other opportunities.

26. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26, except that the defendants admit that plaintiff began reporting to Mr. Reese as of March 13, 2002.

27. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. The defendants deny the allegations contained in paragraph 28, except that defendants are without knowledge or information concerning what "Williams recently learned."

29-31. The defendants deny the allegations contained in paragraphs 29 through 31.

32. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph 33, except that the defendants acknowledge receipt of a note from a physician dated April 29, 2003, which note speaks for itself.

34. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, except that the defendants admit that plaintiff has not returned to work for Babson or MassMutual.

35. The defendants admit the allegations contained in paragraph 35.

36-39. The defendants deny the allegations contained in paragraph 36 through 39.

40. The defendants admit that plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on or about December 10, 2002.

41. The defendants admit that the EEOC issued a Dismissal and Notice of Rights on or about May 7, 2003, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 41.

42-43. The defendants deny the allegations contained in paragraphs 42 and 43.

44. The defendants deny the allegations contained in paragraph 44, except that the defendants admit that plaintiff has been discharged from his position.

45-46. The defendants deny the allegations contained in paragraphs 45 and 46.

47. The defendants repeat and incorporate the responses to the preceding paragraphs in each count that follows.

## COUNT I

48-49. The defendants deny the allegations contained in paragraphs 48 and 49.

## COUNT II

50-51. The defendants deny the allegations contained in paragraphs 50 and 51.

## COUNT III

52-56. The defendants deny the allegations contained in paragraphs 52 through 56.

## COUNT IV

57-59. The defendants deny the allegations contained in paragraphs 57 through 59.

## COUNT V

60-62.  The defendants deny the allegations contained in paragraphs 60 through 62.

WHEREFORE Clause:  Defendants deny the allegations contained in the Wherefore clause following paragraph 62 of the Verified Complaint.

### Second Defense

The Complaint fails to state any claim upon which relief can be granted.

### Third Defense

If plaintiff was damaged as alleged, which the defendants deny, his damages were proximately caused by his own acts or omissions.

### Fourth Defense

Plaintiff failed to act reasonably to mitigate damages, if any.

### Fifth Defense

The defendants had legitimate, nondiscriminatory reasons for all of its actions or inactions with respect to matters referred to in the Verified Complaint.

### Sixth Defense

One or more of plaintiff's claims may be barred by the doctrines of waiver, estoppel, laches and/or unclean hands.

### Seventh Defense

One of more of plaintiffs' claims may be barred by the applicable statute of limitations.

### Eighth Defense

Plaintiff's claim under M.G.L. chapter 151B may be barred because he failed to file a charge of discrimination within six months of the alleged act of discrimination.

### Ninth Defense

One or more of plaintiff's claims may be barred by the Workers' Compensation Act, M.G.L. chapter 152.

### Tenth Defense

Any contract alleged by plaintiff fails for lack of consideration.

### Eleventh Defense

One or more of plaintiff's claims may be barred by the exclusivity provisions of M.G.L. chapter 151B.

### Twelfth Defense

One of more of plaintiff's claims may be barred by plaintiff's failure to exhaust his administrative remedies.

### Thirteenth Defense

Plaintiff is not entitled to punitive damages because the defendants have made good faith efforts to prevent discrimination in the workplace.

### Fourteenth Defense

Plaintiff is not entitled to punitive damages because the defendants did not act with evil motive or reckless indifference to plaintiff's rights.

### Fifteenth Defense

Some or all of plaintiff's claims fail because plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the defendants or to avoid harm otherwise.

Sixteenth Defense

Some or all of plaintiff's claims fail because defendants exercised reasonable care to prevent and promptly correct any allegedly racially harassing behavior.

**DEMAND FOR JURY TRIAL**

The Defendants demand a trial by jury on all claims so triable.

Respectfully Submitted

Defendant
MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY (a/k/a
 MassMutual Financial Group) and
DAVID L. BABSON & COMPANY, Inc. (a/k/a
David L. Babson and Company
By their attorneys,

_____s/Carol E. Kamm_____
Francis D. Dibble, Jr.
   BBO No. 123220
   Bulkley, Richardson and Gelinas, LLP
   1500 Main Street, Suite 2700
   Springfield, MA  01115
   (413) 781-2820 (telephone)
   (413) 785-5060 (telefax)
Carol E. Kamm
   BBO No. 559252
   Bulkley, Richardson and Gelinas, LLP
   One Post Office Square, Suite 3700
   Boston, MA  02109
   (617) 368-2500 (telephone)
   (617) 368-2525 (telefax)

Dated:  October 6, 2003

8

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document was served upon counsel for the defendant by first class mail on October 6, 2003.

                                              _____s/Carol E. Kamm_____
                                                      Carol E. Kamm