UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 03-CV-11470 RCL

| | |
|---|---|
| ISAAC WILLIAMS, JR., <br> Plaintiff <br> v. <br> MASSACHUSETTS MUTUAL LIFE <br> INSURANCE COMPANY (a/k/a <br> MASSMUTUAL FINANCIAL GROUP) <br> and DAVID L. BABSON & COMPANY, INC. <br> (a/k/a DAVID L. BABSON AND COMPANY), <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR TRANSFER TO WESTERN DIVISION

This Memorandum is filed on behalf of the defendants Massachusetts Mutual Life Insurance Company (a/k/a MassMutual Financial Group) (hereinafter "MassMutual") and David L. Babson & Company, Inc. (a/k/a David L. Babson and Company)(hereinafter "Babson") (collectively referred to as "Defendants") in support of Defendants' Motion for Transfer to Western Division.

Argument

The captioned complaint was improperly filed in and assigned to the Eastern Division, and it should be transferred to the Western Division. Local Rule 40.1(D) governs the assignment of cases to the three divisions within the District of Massachusetts and provides that:

(1) Civil cases **shall** be assigned to the respective divisions if:

(a) All of the parties reside in that division.

      (b)    All of the parties reside in the District of Massachusetts and the majority of the plaintiff(s) reside(s) in that division.

      (c)    The only parties residing in the District of Massachusetts reside in that division; or

      (d)    Any of the parties are the United States, the Commonwealth of Massachusetts, or any governmental agency of either the United States or the Commonwealth of Massachusetts and all other parties resident in the District of Massachusetts reside in that division.

(2)    Except as otherwise ordered by the Court, cases not governed by section (D)(1) may be filed, subject to reassignment and transfer, in the division chosen by the plaintiff.

LR 40.1(D) (emphasis added).

According to the captioned complaint, the parties reside in the following divisions:

- plaintiff is a resident of Springfield, located in the Western Division. (Complaint, ¶1);

- Defendant MassMutual has a principal place of business in Springfield, located in the Western Division (Complaint, ¶2);

- Defendant Babson has a principal place of business in Cambridge, located in the Eastern Division (Complaint, ¶3).

L.R. 40.1(d)(1)).

Local Rule 40.1(D)(1)(b) mandates the assignment of the case to the Western Division where, as here, all the parties reside in the District of Massachusetts, and the plaintiff resides in the Western Division. The plaintiff improperly filed this action in the Eastern Division of the District, in violation of Local Rule 40.1(C) and (D)(1)(b). This

case should be transferred to the Western Division, the only division in which it is properly filed and assigned.

Moreover, the factors considered in deciding whether to transfer a case strongly support a transfer of this case to the Western Division. These factors include the convenience of the parties and witnesses and the availability of documents. Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987) (citation omitted).[1]

In the captioned case, plaintiff's claims arise out of his employment with Babson at Babson's Springfield office. (Affidavit of Carol E. Kamm ["Kamm Aff."], ¶ 2). The vast majority of the witnesses are located in western Massachusetts. (Kamm Aff., ¶ 3). Indeed virtually all the individuals identified in plaintiff's complaint are located in western Massachusetts, including:

- plaintiff (Complaint, ¶1);

- Stuart Reese and Michael Foley (Complaint, ¶17);

- Susan Moore, the individual from Babson's Human Resources Department with whom plaintiff met in February and April 2002 (Complaint, ¶¶21, 30;)[2]

- James Miller, Executive Vice President of MassMutual (Complaint,¶27); and

- Larry Port, the MassMutual In-House Counsel with whom plaintiff met in April 2002 (Complaint,¶30).

(Kamm Aff., ¶ 3). The only individuals referenced in the complaint who are located in the Eastern Division are plaintiff's former supervisor, Edward Bickford, and Mr. Bickford's supervisor, Kevin McClintock. Plaintiff's physician and medical records

---

[1] Other facts listed by the First Circuit in Cianbro are the order in which jurisdiction was obtained by the district court and the possibilities of consolidation. 814 F.2d at 11. These factors are inapplicable to the captioned case.
[2] Ms. Moore is not an employee of MassMutual, as alleged by plaintiff in paragraph 21 of the Complaint.

3

pertaining the medical treatment alleged in the complaint are also located in western Massachusetts. (Complaint, ¶¶32-33).

Most, if not all, of the documents relevant to this case are located in western Massachusetts, including plaintiff's personnel records. (Kamm Aff. ¶4). The events at issue in the complaint occurred in the Western Division, as that is where plaintiff was employed, and where the meetings referenced in the complaint took place. (Complaint; ¶¶21, 30; Kamm Aff., ¶¶2, 6). The only connection this case has to the Eastern Division is that Babson's principal office and two non-party Babson employees (Mr. Bickford and Mr. McClintock) are located there.³ This limited connection is far outweighed by the location of plaintiff, the majority of the witnesses, MassMutual, and Babson's Springfield office, in the Western Division, and the convenience to the parties of conducting document discovery, depositions of witnesses and (if necessary) trial in the Western Division.

Plaintiff improperly filed this case in the Eastern Division, in violation of Local Rule 40.1(C) and (D)(1)(b). The improper assignment of the case to the Eastern Division is the result of the incomplete Civil Category Sheet that plaintiff filed in this case. Plaintiff's counsel failed to complete question 7(B) on the Civil Category Sheet. (Kamm. Aff., ¶ 5 & Ex. A thereto). Question 7 on the Civil Category sheet asked whether "all of the parties in this action... residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d))." Plaintiff's counsel answered this question in the negative, but failed to answer 7(B), which asked: "If [the answer to question 7 is] no, in which division do the majority of the plaintiffs or the only parties... residing in Massachusetts reside?"

---

³ Babson has offices in both Springfield and Cambridge. Babson's Springfield office employs more than twice as many people as the Cambridge office. Kamm Aff., ¶2.

4

(Kamm Aff., Ex. A). The answer to question 7(B) is "Western Division;" had it been answered, this case would have been assigned to the Western Division, in accordance with Local Rule 40.1.

A plaintiff can file in the division of his choice only if the case is not governed by the assignment provisions of Local Rule 40.1(D)(1). See L.R. 40.1(D)(2). This case fits squarely within the requirements of Local Rule 40.1(D)(1)(b), and thus plaintiff was not entitled to choose the division in which to file. Plaintiff should not be allowed to bypass the requirements of Local Rule 40.1 and benefit from the omission of required information on the Civil Category Sheet. Cf. Market Masters-Legal, A Resonance Co., Inc. v. The Sutter Law Firm, P.L.L.C., 2003 U.S. Dist. Lexis 12839, *5, *7-8 (July 24, 2003)(Woodlock, J.) (copy attached hereto as Ex. 1) (although court decided not to transfer case because plaintiff changed residence to make assignment to Eastern Division proper, court sanctioned plaintiff's counsel $300 for failing to "answer a question required to be answered on the local cover sheet regarding party's residency within the several divisions of this Court"). This case should have been filed in the Western Division, in accordance with Local Rule 40.1(C). Although the improper filing has been brought to his counsel's attention, plaintiff has not responded to defendants' request to confer regarding assent to a transfer of this case to the Western Division. Kamm Aff., ¶7.

Defendants respectfully ask this Court not to reward plaintiff for filing this action in the Eastern Division when Local Rule 40.1 clearly required filing in the Western Division. For the reasons set forth above, this case should be transferred to the Western Division, the only division in which it is properly filed and assigned.

Conclusion

For the foregoing reasons, Defendants' Motion for Transfer to Western Division should be allowed.

>The Defendants
>MASSACHUSETTS MUTUAL LIFE
>INSURANCE COMPANY (a/k/a MASSMUTUAL
>FINANCIAL GROUP) and DAVID L. BABSON &
>COMPANY, INC. (a/k/a DAVID L. BABSON
>AND COMPANY)
>By Their Attorneys:

Dated: October 6, 2003

>_____s/Carol E. Kamm_____
>Francis D. Dibble, Jr.
>  BBO No. 123220
>  Bulkley, Richardson and Gelinas, LLP
>  1500 Main Street, Suite 2700
>  Springfield, MA 01115
>  (413) 781-2820 (telephone)
>  (413) 785-5060 (telefax)
>Carol E. Kamm
>  BBO No. 559252
>  Bulkley, Richardson and Gelinas, LLP
>  One Post Office Square, Suite 3700
>  Boston, MA 02109
>  (617) 368-2500 (telephone)
>  (617) 368-2525 (telefax)

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on October 6, 2003.

>\_\_\_\_\_s/Carol E. Kamm_____
>Carol E. Kamm