Service: **Get by LEXSEE®**
Citation: **2003 US Dist Lexis 12839**

*2003 U.S. Dist. LEXIS 12839, ***

MARKET MASTERS-LEGAL, A RESONANCE COMPANY, INC., Plaintiff, v. THE SUTTER LAW FIRM, P.L.L.C., Defendant.

CIVIL ACTION NO. 02-12059-DPW

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

2003 U.S. Dist. LEXIS 12839

July 24, 2003, Decided

**DISPOSITION:** [*1] Defendant's motion to dismiss denied. Sanctions imposed against plaintiff's counsel.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff company initiated a diversity action against defendant business in the Eastern Division of the court. Despite the fact that the pleading demonstrated on its face that plaintiff resided in the court's Western Division, plaintiff's counsel failed to answer the question on the local cover sheet that asked in what division plaintiff resided. The court directed the parties to show cause why the case should not be transferred.

**OVERVIEW:** Plaintiff purportedly modified its residence to make the Eastern Division a proper venue. In response to the show cause order, both parties again relied on their own convenience to supervene U.S. Dist. Ct., D. Mass, R. 40.1(D). The court assumed that plaintiff's alleged recent location of its principal place of business in the Eastern District was not a contrivance designed to give the appearance of meeting the terms of Rule 40.1(D). Consequently, the court concluded that plaintiff had recently rearranged circumstances sufficient that the case could have proceeded in the Eastern Division without transfer to the Western Division. However, the court declined to pass without comment or sanction plaintiff's counsel's failure to comply at the outset with the local venue rules of the court and the counsel's related failure to answer a question required to be answered on the local cover sheet. Plaintiff's venue manipulation had engaged the court and the parties in a pointless excursion. An appropriate sanction was imposition of a financial penalty equal to the filing fees if the case were required to have been filed in either of the divisions plaintiff sought to avoid.

**OUTCOME:** Defendant's motion to dismiss was denied. The case was not transferred to another division of the court. Plaintiff's counsel was ordered to pay over to the clerk of the court the sum of $ 300 for disregard and violation of the court's local rules.

**CORE TERMS:** venue, local rule, reside, place of business, transferred, residing, assigned, judicial district, transitory, stations, duty, local rules, motion to dismiss, own convenience, cover sheet, sua sponte, manipulation

### LexisNexis (TM) HEADNOTES - Core Concepts - ◆ Hide Concepts

Governments > Courts > Creation & Organization
**HN1** ♣ See U.S. Dist. Ct., D. Mass, R. 40.1(D).

Civil Procedure > Venue > Change of Venue Generally
Governments > Courts > Creation & Organization
HN2 See U.S. Dist. Ct., D. Mass, R. 40.1(F).

Governments > Courts > Creation & Organization
HN3 The allocation of business among the judges of the United States District Court for the District of Massachusetts has been structured by formal rule-making into divisions pursuant to 28 U.S.C.S. § 137. These divisions are designed to provide geographic convenience for parties while insuring a relatively equivalent number of cases will be filed in the several divisions in relation to the numbers of active district judge positions having duty stations within each division. For the decade or so in which active judges have maintained duty stations in all three of the district's divisions, the allocation of filings for civil cases pursuant to U.S. Dist. Ct., D. Mass, R. 40.1 has mirrored the distribution of active judge positions assigned to the divisions. The court's efforts to allocate its business in a fair and equitable manner through Local Rules is subverted when parties arrogate to themselves the right through forum selection clauses not merely to select the particular court to adjudicate their controversies, but to cherry-pick a certain group of judges and avoid others within the court as a whole. More Like This Headnote

**COUNSEL:** For Market Masters-Legal, PLAINTIFF: Kathryn A O'Leary, Gould & Ettenberg, PC, Worcester, MA USA.

For Sutter Law Firm PLLC, DEFENDANT: John E Sutter, Charleston, WV USA.

For Sutter Law Firm PLLC, DEFENDANT: Thomas M Neville, Segalini & Neville, Waltham, MA USA.

For Sutter Law Firm PLLC, Counter CLAIMANT: Thomas M Neville, Segalini & Neville, Waltham, MA USA.

For Market Masters-Legal, Counter DEFENDANT: Kathryn A O'Leary, Gould & Ettenberg, PC, Worcester, MA USA.

**JUDGES:** DOUGLAS P. WOODLOCK, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** DOUGLAS P. WOODLOCK

**OPINION:** MEMORANDUM AND ORDER

July 24, 2003

The plaintiff, when improperly filing this case in Boston, ignored this Court's local divisional venue rules and omitted fully to complete one of the documents by which case initiation submissions alert parties and the Court regarding venue predicates. The defendant, whose counsel--for his own convenience--would be content to stay in Boston, opposes transfer to the division of the Court that was proper and seeks dismissal as an alternative to transfer. Because the plaintiff has now purportedly modified its residence to make Boston a proper [*2] venue, I will not transfer or dismiss the case. I will, however, impose a sanction on plaintiff's counsel in the amount of twice the filing fee for manipulation of this Court's venue rule.

The parties, through a contract the substantive performance of which is at the heart of this

litigation, consented to jurisdiction "of the District or Superior Court of Worcester, Massachusetts and the United States District Court in Boston, Massachusetts . . . over any suit, action or proceeding. . . with respect to this Agreement." On October 21, 2002, plaintiff initiated this diversity action in the Eastern (Boston) Division of this Court with a complaint alleging "plaintiff has a usual place of business at 355 Bridge Street, Northampton, MA 11061." Complaint at P 2. Despite the fact that the pleading demonstrated on its face that the plaintiff, the only party residing in Massachusetts, resided in the Court's Western (Springfield) Division, on the local cover sheet required to be submitted with this initial pleading, Local Rule 3.1, plaintiff's counsel failed to answer the question asking in what Division the plaintiff resided.

When I raised the venue issue sua sponte at a scheduling conference [*3] on June 24, 2003, and noted the likely need to transfer the case to this Court's Western Division, see Local Rule 40.1(D) and (F), n1 counsel for plaintiff and defendant both asserted that such a transfer would be inconvenient for them. I then directed that the parties show cause why the case should not be transferred.

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n1 These sections of Local Rule 40.1 provide:

### HN1⨁(D) Assignment of Civil Cases.
(1) Civil cases shall be assigned to the respective division if:

(a) All of the parties reside in that division.

(b) All of the parties reside in the District of Massachusetts and the majority of the plaintiff(s) reside(s) in that division.

(c) The only parties residing in the District of Massachusetts reside in that division; or

(d) Any of the parties are the United States, the Commonwealth of Massachusetts, or any governmental agency of either the United States or the Commonwealth of Massachusetts and all other parties resident in the District of Massachusetts reside in that division.
(2) Except as otherwise ordered by the Court, cases not governed by section (D)(1) may be filed, subject to reassignment and transfer, in the division chosen by the plaintiff.
. . .

### HN2⨁(F) Transfer Between Divisions.
Any case may be transferred from one division to another division on motion of any party for good cause shown or sua sponte for good cause by the judge to whom the case is assigned.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - [*4]

The plaintiff has now filed an amended complaint asserting that "Plaintiff's principal corporate office became 2377 Washington Street, Roxbury, MA. on or about July 3, 2003." Plaintiff's First Amended Complaint at P 2. In addition, in response to the Show Cause Order, both parties again rely on their own convenience to supervene Local Rule 40.1(D). For its part, the defendant separately presses a motion to dismiss contending that "if this Court determines that the venue does not belong in Boston, as required by the contract if the matter is to be in

Federal Court, then the case should be dismissed and plaintiff's [sic] be required to refiled [sic] in either the District or Superior Court of Worcester County, Massachusetts."

I will assume, without evidence having at this stage been adduced to the contrary, that the plaintiff's alleged recent location of its principal place of business in Roxbury while continuing to maintain a place of business in Northampton is not a contrivance designed to give the appearance of meeting the terms of Local Rule 40.1(D). Consequently, I conclude for now that the plaintiff has recently rearranged circumstances sufficient that this case may proceed [*5] in the Eastern (Boston) Division without transfer to the Western (Springfield) Division. I decline, however, to pass without comment or sanction counsel's failure to comply at the outset with the local venue rules of this Court and counsel's related failure to answer a question required to be answered on the local cover sheet regarding the party's residency within the several divisions of this Court.

HN3 The allocation of business among the judges of this Court has been structured by formal rule-making into divisions pursuant to 28 U.S.C. § 137. These divisions were designed to provide geographic convenience for parties while insuring a relatively equivalent number of cases will be filed in the several divisions in relation to the numbers of active district judge positions having duty stations within each division. For the decade or so in which active judges have maintained duty stations in all three of this District's divisions, the allocation of filings for civil cases pursuant to Local Rule 40.1 has mirrored the distribution of active judge positions assigned to the divisions.

This Court's efforts to allocate its business in a fair and equitable manner through [*6] Local Rules is subverted when parties arrogate to themselves the right through forum selection clauses not merely to select this particular Court to adjudicate their controversies, but to cherry-pick a certain group of judges and avoid others within the Court as a whole. It is apparent that the contract's selection of a Boston venue for the Massachusetts federal court n2 and a Worcester venue for Massachusetts state courts n3 was just such an undertaking.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 By selecting Boston, the parties purported to exclude the Central (Springfield) Division, where the plaintiff--the only party residing in Massachusetts--resided, and the Central (Worcester) Division, which would appear to have no connection with the underlying facts concerning the contract or the parties.

n3 The selection of Worcester as the chosen venue for any state court action, having excluded the Central (Worcester) Division from any federal court action, is puzzling. Not only is there no apparent connection between Worcester and the underlying facts concerning the contract or the parties, see note 2 supra, it would appear that Worcester would be the wrong venue under state law, Mass. Gen. Laws ch. 223§ 1, "[a] transitory action shall,. . . if any one of the parties thereto lives in the commonwealth, be brought in the court where one of them lives or has his usual place of business," just as it is under this Court's Local Rule 40.1 (D). See also Mass. Gen. Laws ch. 223 § 2 (providing transitory action in district court shall be brought in the court in the judicial district--or an adjacent judicial district--where one of the parties lives or has his usual place of business).

- - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - [*7]

Under the circumstances, while the case will be permitted to remain in Boston in light of the plaintiff's recent announcement of the location of its principal corporate office in Roxbury, the failure of plaintiff's counsel to confront candidly, and conform with, the Court's venue rules cannot pass unsanctioned. The plaintiff's venue manipulation has engaged the Court and the

parties in a pointless excursion--with consequent unnecessary diversion of resources--to address the applicability of an otherwise self-executing local rule. An appropriate sanction would appear to be imposition of a financial penalty equal to the filing fees ($ 150 x 2) if this case were required to be filed in either of the divisions plaintiff sought to avoid--Springfield, where venue would have been proper for this case when filed, or Worcester, where the parties were--according to their Agreement--prepared to litigate in state if not federal court. n4

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n4 Compare the principal Massachusetts state venue provision which directs that "if an action is dismissed because the defendant has raised timely objection to venue, the defendant shall be allowed double costs." Mass. Gen. Laws ch. 223 § 1.

- - - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - [*8]

Accordingly, for the reasons set forth above, this case will not be transferred to another division of this Court; the defendant's motion to dismiss is hereby DENIED and plaintiff's counsel (and not plaintiff itself) shall forthwith pay over to the Clerk of this Court, pursuant to Local Rule 1.3, the sum of $ 300 for disregard and violation of this Court's local rules.

/s/

DOUGLAS P. WOODLOCK

UNITED STATES DISTRICT JUDGE

Service: **Get by LEXSEE®**
Citation: **2003 us Dist Lexis 12839**
View: **Full**
Date/Time: Thursday, September 18, 2003 - 3:15 PM EDT

About LexisNexis | Terms and Conditions

Copyright © 2003 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.