UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 03-CV-11470 RCL

| | |
|---|---|
| ISAAC WILLIAMS, JR., <br> Plaintiff <br> v. <br><br> MASSACHUSETTS MUTUAL LIFE <br> INSURANCE COMPANY (a/k/a <br> MASSMUTUAL FINANCIAL GROUP) <br> and DAVID L. BABSON & COMPANY, INC. <br> (a/k/a DAVID L. BABSON AND COMPANY), <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### AFFIDAVIT OF CAROL E. KAMM

I, Carol E. Kamm, hereby depose and state that:

1. My name is Carol E. Kamm. I am an attorney and of counsel in the law firm of Bulkley, Richardson and Gelinas, LLP. Along with Francis D. Dibble, Jr., a partner in the law firm of Bulkley, Richardson and Gelinas, LLP, I represent the defendants in this action.

2. This case arises out of plaintiff's employment with the defendant David L. Babson & Company, Inc. a/k/a David L. Babson and Company (hereinafter "Babson"). Babson has offices in both Springfield and Cambridge, Massachusetts. Upon information and belief, Babson's Springfield office employs more than twice as many people as the Cambridge office. Plaintiff was employed at Babson's office in Springfield, Massachusetts.

3. Plaintiff's complaint references a number of individuals who presumably have knowledge of facts relevant to his claims. Upon information

and belief, Edward Bickford (plaintiff's former supervisor) and Mr. Bickford's supervisor Kevin McClintock (Complaint, ¶17) are the only individuals referenced in the complaint who resides in the Eastern Division. Upon information and belief, all the other individuals referenced or named in the complaint are located in the Western Division, including:

- plaintiff (Complaint, ¶1);

- Stuart Reese and Michael Foley (Complaint, ¶17);

- Susan Moore, the individual from Babson's Human Resources Department with whom plaintiff met in February 2002 (Complaint, ¶21;)[1]

- James Miller, Executive Vice President of MassMutual (Complaint,¶27); and

- Larry Port, the MassMutual In-House Counsel with whom plaintiff met in April 2002 (Complaint,¶30).

4. Upon information and belief, most of the documents and records likely to be relevant to the matters at issue in this case are located at defendants' offices in Springfield, Massachusetts. Plaintiff's personnel records are located in Springfield.

5. Most, if not all, of the events at issue in the complaint occurred in the Western Division. Plaintiff was employed in Springfield and his focus was to promote Babson's products in Springfield. Upon information and belief, the meetings he references in the complaint pertaining to his employment occurred in Springfield. (Complaint, ¶¶ 21, 30).

6. Attached to this affidavit as Exhibit A is a true and accurate copy of the Civil Category Sheet filed in the captioned case.

---

[1] Ms. Moore is not an employee of MassMutual, as alleged by plaintiff in paragraph 21 of the Complaint.

7. Attached to this affidavit as Exhibit B is a true and accurate copy of a letter I sent to plaintiff's counsel, John B. Reilly, by facsimile and U.S. mail on October 1, 2003. In the October 1, 2003 letter, I asked for plaintiff's assent to a motion for transfer of this case to the Western Division. I have not heard from Mr. Reilly in response to the October 1, 2003 letter.

Signed under the penalties of perjury this 6th day of October, 2003.

s/Carol E. Kamm
Carol E. Kamm

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on October 6, 2003.

s/Carol E. Kamm
Carol E. Kamm