UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 03-CV-11470 MAP

ISAAC WILLIAMS, JR.,                )
        Plaintiff              )
v.                                   )
                                     )
MASSACHUSETTS MUTUAL LIFE            )
INSURANCE COMPANY (a/k/a             )
MASSMUTUAL FINANCIAL GROUP)          )
and DAVID L. BABSON & COMPANY, INC.  )
(a/k/a DAVID L. BABSON AND COMPANY), )
        Defendants             )

**STIPULATED PROTECTIVE ORDER**

Plaintiff, Isaac Williams, Jr. (hereinafter "Plaintiff") and Defendants, Massachusetts Mutual Life Insurance Company and Babson Capital Management, LLC (formerly David L. Babson & Company, Inc.) (hereinafter "Defendants") hereby stipulate and agree to this Stipulated Protective Order to: (i) provide reciprocal access to certain confidential information, and (ii) provide for the protection of this information against public disclosure during the course of this litigation. For these reasons the parties agree, and the Court, pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure orders, as follows:

1.      As used herein, the term "Protected Matter" refers to all documents produced by plaintiff Isaac Williams, Jr. or defendants Massachusetts Mutual Life Insurance Company or Babson Capital Management, LLC through discovery in this action and stamped by any of the parties "Confidential" or "Confidential: Counsel and Experts Only" substantially in accordance with Paragraph 4 of this Stipulated Protective Order, and all copies, excerpts, summaries or compilations of such documents that, in whole or in part, are prepared or derived from, or reveal the substance or content of, Protected Matter.

2. Protected Matter shall be used solely for the purposes of the instant litigation. Only the Court, the parties, each party's counsel, counsel's employees, and experts engaged by or on behalf of a party to assist with the litigation may review Protected Matter produced pursuant to this Stipulated Protective Order.

3. Protected Matter, or the substance or content of Protected Matter, shall not be disclosed to any person other than:

(a) The parties' counsel; and the foregoing counsel's clerical and support staff who assist them in connection with this action;

(b) Court personnel and stenographic reporters and their clerical and support staff who perform tasks concerning this action;

(c) Subject to the terms of Paragraph 6 hereof, the parties;

(d) Subject to the terms of Paragraph 5 hereof, any person expected in good faith by the parties' counsel of record to be a potential deposition or trial witness; and

(e) Subject to the terms of Paragraph 5 hereof, experts retained by any of the parties in connection with this action, and employees of such experts who assist with tasks concerning this action.

4. With respect to any matter a producing party intends to be governed by this Order, the producing party shall stamp the Protected Matter "Confidential" or "Confidential: Counsel and Experts Only."

5. Protected Matter shall be disclosed to any persons identified pursuant to Paragraph 3, subsections (d) and (e), only after such persons have signed a copy of the attached form of "Commitment to Comply With and Be Bound by Protective Order."

6.     Protected Matter stamped "Confidential:  Counsel and Experts Only," or the substance or content thereof, shall not be disclosed to the opposing party or parties.  Protected Matter stamped "Confidential" may be disclosed to the opposing party or parties in a manner that safeguards the confidentiality of Protected Matter.  Protected Matter shall be disclosed to the opposing party only after the opposing party or parties has signed a copy of the attached form of "Commitment to Comply With and be Bound by Protective Order."

7.     In the event that the legend "Confidential" or "Confidential:  Counsel or Experts Only" is stamped on Protected Matter, it shall be preserved or stamped on any copies, excerpts, summaries or compilations of such documents that, in whole or in part, are prepared or derived from, or reveal the substance or content of, Protected Matter.  If an opposing party objects to the producing party stamping certain documents "Confidential" or "Confidential:  Counsel and Experts Only," the opposing party may submit a written notice of objection to opposing counsel, which notice shall include a statement of the grounds for the objection.  Counsel of record for the parties shall attempt in good faith to resolve such disputes.  If, within (10) working days of the producing party receiving written notice of the grounds for the opposing party's objection to the designation, the parties do not reach an agreement, such dispute may be resolved by motion to the Court.  Any information or material subject to such dispute shall be treated as confidential in accordance with this Stipulated Protective Order, until further order of the Court.

8.     If any Protected Matter, or copy thereof, is made part of any transcript, deposition, exhibit or other document filed with the Court in connection with this litigation, it will be handled in accordance with this Protective Order and will be filed in a sealed envelope or other sealed container which shall bear the caption of this action, an indication of the nature of the contents of the sealed envelope or container, the word "CONFIDENTIAL", and a statement

substantially stating that the envelope or container is not to be opened, nor the contents thereof to be displayed or revealed, except as contemplated by this Protective Order or by further express order of this Court. (Nothing in this Agreement shall limit the use of the designated confidential documents at trial.)

9. At least ten business days prior to the disclosure of Protected Matter or the substance or content thereof at any trial in this action, notice shall be given to the producing party and the Court will rule on any motions regarding whether disclosure shall occur only in the presence of persons authorized to have access to the Protected Matter.  This procedure shall not apply to any Emergency Motion provided that the Emergency Motion filed with the Clerk's Office redacts the Protected Matter until such time as the Court has ruled on any disclosure concerns of the producing party.

10. At the conclusion of this action, all Protected Matter shall be returned to the producing party, except that Protected Matter incorporated in work product of the non-producing party's counsel shall either be destroyed or stored by the non-producing party's counsel of record so as to preserve the confidentiality of Protected Matter.

11. This Order is without prejudice to the right of either party to object to production of particular documents or to seek other or further relief from the Court on any issue.

12. Pending entry of this Stipulated Protective Order by the Court, the parties agree that Protected Matter produced by any party will be treated as though the Stipulated Protective Order had been "so ordered" by the Court.

13. The Court will retain jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Stipulated Protective Order.

| | |
|---|---|
| ISAAC WILLIAMS, JR.<br>By his attorney, | MASSACHUSETTS MUTUAL LIFE<br>INSURANCE COMPANY<br>By their Attorney, |
| /s/ John B. Reilly<br>John B. Reilly - BBO #545576<br>John Reilly & Associates<br>Suite 330 - Summit West<br>300 Centerville Road<br>Warwick, RI  02886<br>Tel:  (401) 739-1800<br>Fax:  (401) 738-0258 | /s/ Katherine A. Robertson<br>Francis D. Dibble, Jr. – BBO #123220<br>Katherine A. Robertson – BBO #557609<br>Bulkley, Richardson & Gelinas, LLP<br>1500 Main Street, Suite 2700<br>Springfield, Massachusetts 01115<br>Tel:  (413) 781-2820<br>Fax: (413) 272-6804 |

Dated:  October 6, 2004

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 03-CV-11470 MAP

| | |
|---|---|
| ISAAC WILLIAMS, JR., | ) |
| Plaintiff | ) |
| v. | ) |
| | ) |
| MASSACHUSETTS MUTUAL LIFE | ) |
| INSURANCE COMPANY (a/k/a | ) |
| MASSMUTUAL FINANCIAL GROUP) | ) |
| and DAVID L. BABSON & COMPANY, INC. | ) |
| (a/k/a DAVID L. BABSON AND COMPANY), | ) |
| Defendants | ) |

## COMMITMENT TO COMPLY WITH AND BE BOUND BY PROTECTIVE ORDER

The undersigned, (i) plaintiff Isaac Williams, Jr.; (ii) a current or former employee of one of the defendants in this action; (iii) an expert retained by a party in the captioned action or an employee of such an expert who has been requested to assist in tasks concerning this action; or (iv) a potential deposition or trial witness in this case, hereby certifies under oath:

1. I have read the Stipulated Protective Order dated _____, 2004 that has been entered in the captioned action.

2. I agree to be bound by all of the terms and conditions of that Stipulated Protective Order.

3. For the sole purpose of securing compliance with the terms and conditions of that Stipulated Protective Order, I irrevocably submit my person to the jurisdiction of the United States District Court for the District of Massachusetts.

_____

Subscribed and sworn before me this _____ day of _____, 2004.

_____
Notary Public
My Commission Expires: