UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ISAAC WILLIAMS, JR.

v.                                            C.A. No. 03 CV 11470 MAP

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY
(a/k/a MASSMUTUAL FINANCIAL GROUP) and
DAVID L. BABSON & COMPANY, INC.
(a/k/a DAVID L. BABSON AND COMPANY)

### MOTION OF PLAINTIFF, ISAAC WILLIAMS, JR., TO AMEND AND EXTEND SCHEDULING ORDER DEADLINES

Plaintiff, Isaac Williams, Jr. ("Williams"), hereby moves that this Court enter an Order, amending and extending certain deadlines of its original Scheduling Order, so that:

### PROPOSED CHANGES TO SCHEDULING ORDER

1.   The completion date for non-expert discovery, including non-expert depositions, shall be enlarged, from November 30, 2004 to March 31, 2005.

2.   For the purpose of attempting to simplify the issues, the parties may each serve Requests of Admissions on or before March 31, 2005.

3.   The Case Management Conference, presently scheduled for December 8, 2004, shall be reset or rescheduled to April 13, 2005, or such further date as the Court may have available.

### ARGUMENT

In support of this Motion, Williams asserts that some written discovery has been exchanged between the parties that both his deposition and that of his immediate supervisor

(Edward Bickford) have been completed, but that this process has led to unforeseeable discovery concerns and developments requiring the additional time and relief requested.

    A.    <u>Written Discovery</u>:

Williams is aware of the existence of an e-mail memorandum dated October 24, 2002 from defendants' Human Resources Second Vice President, Stephanie Allsup, to her Vice President (Nancy Roberts) and CEO Robert O'Connell. It is addressed "Dear Bob" and discusses the "online" nature of a new progressive discipline policy. Of relevance to this action, this memorandum discusses the fact that Massachusetts Mutual's image and moral are to be preserved. The memorandum also discusses the particular sensitivity that exists in cases which are "high profile" in the "external world". Institutional actions and recent cases involving a disparate impact on African-Americans are expressly referenced in the memorandum.

Williams has seen this memorandum, but has been unable to locate a copy. Requests have been made to the defendants for this and any related material. He understands that its availability is being "researched". This would obviously be the type of information which might lead to the discovery of admissible evidence in this case involving alleged pretextural employment termination on the basis of racial discrimination (Williams being an African-American). Its omission from discovery seems totally without justification.

Additional documents that have not as yet been furnished relate to the supposed "elimination" of Williams position. He was advised that this had occurred and that this was the reason that he would have to start looking for another position. During Bickford's deposition, it was initially his testimony that he was essentially unaware of the elimination of Williams position (despite being Williams' immediate superior). Later, he testified that the defendants "felt that Mr. Williams was not performing the job to the level that we wanted him to perform

and that <u>coincided</u> with the reason for eliminating this position all together" (Bickford transcript, pp. 188-189). The follow up question, "[W]as it because Mr. Williams wasn't performing" drew an affirmative response from this witness. This suggests that there existed a <u>pretext</u> for this adverse employment action (see further discussion below).

 Finally (for the purposes of this overview), the defense has not only nit-picked about virtually all written discovery, but insisted on entering into a Joint Protective Order concerning the confidentiality of various documents that might be furnished during the course of discovery. Despite this, they have not identified <u>any</u> documents as falling in the "confidential" category. Moreover, there are numerous pages missing (without any ostensible privilege log) from the documents that have been furnished to date. Once again, counsel for the defendants has agreed to "research" these issues. Nevertheless, proceeding with further depositions and the preparation of this case is a process that is being hampered by what Williams feels (and most objective observers would find) is the less than adequate, dilatory discovery responses of defendants to date.

 B. <u>Depositions</u>:

Williams has steadfastly contended that Bickford referred to him as a "boy" while directly supervising Williams at the relevant times mentioned in the Complaint. He further asserts that he brought this to Human Resources, and was immediately advised that his position had been eliminated. During his deposition testimony, Bickford has testified as follows:

 Q. Did you, Mr. Bickford, during your time supervising Mr. Williams in your meeting with him ever refer to hi as boy?

 A. <u>Not that I recall</u>.

 Q. Did you ever use the term "attaboy" to him?

3

    A.    <u>Not that I recall</u>.

    Q.    Did he ever complain to you that you had used either of those terms?

    A.    I don't ever remember him complaining about me using those terms.

    Q.    Did you ever use the term "boy" or "attaboy", either of those terms, toward any other employee of David Babson?

    A.    <u>I don't recall</u>.

(Transcript, p. 100)

During his deposition, Bickford also testified that following Williams' departure, a Mr. Rocheteau has been hired (reporting to a different person). Based upon the limited information that Williams has been able to obtain in this regard, Mr. Rocheteau is believed to demonstratively have most of the responsibilities that Williams had before it was announced that his job would be "eliminated". Mr. Rocheteau was apparently hired only a few months after Mr. Williams position was "eliminated", yet no records concerning this have ostensibly been furnished. The Bickford deposition testimony has also established other positions of this crucial witness that Williams believes are false and/or contrived, yet will take time and discovery to clarify.

<u>SCHEDULING EFFORTS</u>

Faced with the foregoing developments and a burgeoning trial schedule, Williams' undersigned counsel contacted counsel for the defendants and requested that three (3) scheduled depositions be postponed. Additionally, he requested that she advise as to whether she would assent to this proposed amendment to the court's Scheduling Order. In response, defense

4

counsel advised that the first two (2) deposition witnesses (both Human Resources personnel) were "ready, willing and able" to testify <u>now</u>, although they would <u>refuse</u> to answer any questions concerning the October 4, 2002 memorandum that discussed a disparate impact on African-Americans (discussed above). Additionally, she has advised that she would only recommend an extension of Williams agreed to depose no persons other than the three (3) individuals then identified. Given the dynamics of discovery and disclosures to this point in time, Williams has declined this invitation to engage in discovery that is solely to the liking of the defendants. Defense counsel advised that she would confer with her client and indicate on November 23, 2004, whether or not she would assent to a new schedule. At about 3:00 p.m. on November 24, 2004, she advised that she and her clients would <u>not</u> so assent.

As indicated to defense counsel, Williams' attorney is currently scheduled to commence two (2) major jury trials in the Rhode Island state courts. The first of these (<u>Sweeney v. Farnum</u>) is scheduled to begin on Monday, December 6, 2004 and last five-six full trial days (9:30 a.m - 4:30 p.m.). The January trial (<u>Tina Opella, Administratrix v. Borden</u>) has also been given a "date certain", to begin on January 10, 2005, and is similarly expected to last five-six full trial days. The Court involved in the January trial has adopted (over undersigned counsel's objection) a revised expert disclosure and deposition schedule, guaranteeing that testimony of that type will be taken during the latter half of December. Finally, your undersigned counsel has been advised that he is also being reached to try a four-five day trial (<u>FHG Realty v. National Grange Mut. Ins. Co.</u>) during the week of January 24, 2005. It is due to the trial schedule that Williams requests that the deposition deadline be extended to the date described above.

CASE MANAGEMENT CONFERENCE

The court has scheduled a Case Management Conference in this case for Wednesday afternoon, December 8, 2004.  As noted above, it is also respectfully requested that the date of this conference be changed.

In addition to the fact that Williams' counsel will be engaged in a jury trial in the Sweeney matter (discussed above), the Suffolk County Superior Court has scheduled a hearing on cross motions for Summary Judgment at 2:00 p.m. that same day in the matter of Sunoco, Inc. (R&M) v. Massachusetts Department of Environmental Protection.  Obviously, this has created an untenable scheduling conflict.

SUMMARY AND CONCLUSION

For the foregoing reasons, Williams respectfully requests that the Court amend its April 26, 2004 Scheduling Order in the manner described above.

This revised Scheduling Order will not prejudice the defendants in any way whatsoever.  Failure to allow the request will, on the other hand, severely prejudice Williams and will not be in the interest of justice and/or the discovery of the truth in this matter.

Counsel for the plaintiff further certifies that he has conferred with opposing counsel, but she has not given her assent to the proposed extensions.


   /s/ John B. Reilly
John B. Reilly, Esq. (#545576)
John Reilly & Associates
300 Centerville Road
Summit West - Suite 330
Warwick, Rhode Island 02886
(401) 739-1800
FAX: (401) 738-0258

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was sent to **Katherine A. Robertson, Esq.**, Bulkley, Richardson & Gelinas, LLP, 1500 Main Street, Ste. 2700, Springfield, Massachusetts 01115, this  24th  day of November, 2004.

                                             s/ John B. Reilly