# EXHIBIT 1

EQUAL EMPLOYMENT OPPORTUNITY COMMISS

# DISMISSAL AND NOTICE OF RIGHTS

| To: Williams, Isaac<br>17 LAKESIDE STREET<br>SPRINGFIELD, MA 01109 | From: E.E.O.C<br>Boston Area Office<br>JFK. Federal Bldg., Rm 475<br>Boston, MA 02203 |
|---|---|

☐  *On behalf of a person aggrieved whose identity is CONFIDENTIAL ( 29 C.F.R. 1601.7(a) )*

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 161A300109 | Robert L. Sanders | (617) 565-3200 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  We cannot investigate your charge because it was not filed within the time limit required by law.

☐  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐  While reasonable efforts were made to locate you, we were not able to do so.

☐  You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)* _____

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice;** otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission

_____          MAY  7  2003
Robert L. Sanders, Director                              *(Date)*
**Enclosure(s)**

**cc:** David L. Babson & Company
1500 Main Street
Springfield, MA 01115

EEOC FORM 161 (Rev 09/97)

RESPONDENT REP COPY



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Boston Area Office**

John F. Kennedy Federal Building
Government Center
Fourth Floor, Room 475
Boston, MA 02203
(617) 565-3200
TTY (617) 565-3204
FAX (617) 565-3196

MAY    7   2003

Isaac Williams, Jr.
17 Lakeside Street
Springfield, MA 01109

Re: Charge No. 161A300109,
Isaac Williams, Jr. v David L. Babson & Company, Inc & MassMutual Financial Group

Dear Mr. Williams:

The EEOC has concluded its inquiry into your allegations of discrimination. Under the Equal
Employment Opportunity Commission's (EEOC) charge prioritization procedures, we focus our
resources only on those charges that are most likely to result in findings of violations of the laws
we enforce. In accordance with these procedures, the EEOC has evaluated this charge based on
the evidence you and the Respondent provided. The evidence fails to indicate that a violation of
the law occurred and it is not likely that additional investigation will result in our finding of a
violation.

You allege that on the basis of your race you were discriminated against in violation of Title VII
of the Civil Rights Act, as amended, in that in your position as Director of Corporate
Communications you were demeaned verbally with a racial slur, assigned unrealistic goals and
responsibilities, and given a negative annual review that laid the foundation for demotion and/or
termination.

Evidence indicates that you left the workplace immediately following a meeting on April 26,
2002 and did not return. The meeting was called by the Director of Human Resources and the
Senior Vice President to discuss a complaint against you by the University of Virginia, on behalf
of an African American female student, regarding inappropriate conduct by you when you were
attending to company business, i.e. recruiting for Respondent on campus. The University
requested an apology from Respondent and requested that you never return to the University on
behalf of Respondent.

Be advised that for allegations to be jurisdictional under Title VII the issues have to have
occurred with 300 days of the date of filing. You filed your charge on December 10, 2002. For
an issue to be jurisdictional it must have occurred after February 13, 2002. During your four
years of employment there is no record of a complaint by you of harassment either before or after
February 13, 2002 and your last performance evaluation is dated January 18, 2002. Further,
there is no evidence that harassment was an issue on March 13, 2002 (after February 13, 2002

and prior to the April 26th meeting) when a meeting was held to inform you that your job been eliminated. At that time you were told you would be given 4-6 months to find another position within the company. In other words, Respondent granted you special consideration rather than the usual 60 days to use the job post system.

Given the Respondent's answer to the charge, even though you disagree with them, it is unlikely that EEOC would find a violation if it invested additional resources. Thus, the investigation has been concluded. Your Determination /Notice of Right to Sue is enclosed. The Determination is final. If you wish to pursue this charge, you may file in Federal District Court within ninety (90) days of receipt of the enclosed Notice of Right to Sue. Otherwise, your right to sue will be lost.

Sincerely,

*Edith Kessler*

Edith Kessler
Investigator

cc: John Reilly, Esq.

# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 03-CV-11470 MAP

|  |  |
|---|---|
| ISAAC WILLIAMS, JR.,<br>                           Plaintiff<br>v.<br><br>MASSACHUSETTS MUTUAL LIFE<br>INSURANCE COMPANY (a/k/a<br>MASSMUTUAL FINANCIAL GROUP)<br>and DAVID L. BABSON & COMPANY, INC.<br>(a/k/a DAVID L. BABSON AND COMPANY),<br>                           Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF, ISAAC WILLIAMS, INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND LOCAL RULE 26.2

Plaintiff, Isaac Williams ("Williams"), furnishes the following initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Local Rule 26.2 of the Court:

**A.    Witnesses likely to have discoverable information relevant to the allegations of the verified Complaint.**

1. Susan Alfano, Executive Vice President Human Resources, Massachusetts Mutual Life Insurance Company, 1295 State Street, Springfield, Massachusetts 01111.

2. Susan Moore, David L. Babson and Co., Inc., 1500 Main Street, Springfield, Massachusetts 01115.

3. Nancy Roberts, Senior Vice President Corporate Human Resources, Massachusetts Mutual Life Insurance Company, 1295 State Street, Springfield, Massachusetts 01111.

4. Edward Bickford, David L. Babson and Co., Inc., One Memorial Drive, Cambridge, Massachusetts 02142.

5. Kevin McClintock, David L. Babson and Co., Inc., One Memorial Drive, Cambridge, Massachusetts 02142.

6. Stuart Reese, Executive Vice President, David L. Babson and Co., Inc., One Memorial Drive, Cambridge, Massachusetts 02142.

7. James Miller, Executive Vice President, Massachusetts Mutual Life Insurance Company, 1295 State Street, Springfield, Massachusetts 01111. (Knowledge concerning alternate employment opportunities with Mass Mutual)

8. Michael Foley, David L. Babson and Co., Inc., One Memorial Drive, Cambridge, Massachusetts 02142.

9. Michael D. Hayes, Senior Vice President, Massachusetts Mutual Life Insurance Company, 1295 State Street, Springfield, Massachusetts 01111.

10. Robert J. O'Connell, Chairman, President and CEO, Massachusetts Mutual Life Insurance Company, 1295 State Street, Springfield, Massachusetts 01111.

11. Glenda Berry, Massachusetts Mutual Life Insurance Company, 1295 State Street, Springfield, Massachusetts 01111

12. Steve O'Brien, David L. Babson and Co., Inc., One Memorial Drive, Cambridge, Massachusetts 02142

13. Stephanie Allsup, Human Resources Second Vice President, Massachusetts Mutual Life Insurance Company, 1295 State Street, Springfield, Massachusetts 01111

14. David Richardson, address currently unknown

15. Robert Jones, Massachusetts, address currently unknown

16. Rayford Hopper, address currently unknown.

17. Judy Greene, address currently unknown.

18. Chuck Connors, address currently unknown.

19. Toni Jones, address currently unknown.

20. Cherryl Ambrose, address currently unknown.

21. Tammy Johnson, address currently unknown.

22. Ronald Berger, M.D. 300 Birnie Street, Springfield, MA 01107

23. Alan Siegal, M.D.,Bay State Medical Center, 3300 Main Street, Springfield, Massachusetts 01199.

24. Deirdre Reynolds, M.D., Bay State Medical Center, 3300 Main Street, Springfield, Massachusetts 01199.

25. Valerie Williams, 17 Lakeside Street, Springfield, MA 01109

There may be other witnesses who have been inadvertently omitted, whose identity is currently unknown, and/or whose testimony may become relevant during the course of discovery. There may also be expert witnesses whose reports and opinions will be furnished during the course of general discovery. In all such events, Williams reserves the right to identify and add such additional person(s).

**B.**     <u>**Documents likely to have discoverable information relevant of Williams' Complaint.**</u>

Email from Issac Williams to Edward Bickford, January 25, 2002, 9:42 a.m.

Letter from Richard L. Mucci, FSA to Isaac Williams, December 21, 2000

Letter from Susan A. Alfano to Isaac Williams, December 2, 1998

Letter from Jon Picoult to Isaac Williams, November 28, 2001

Email from Nancy Robert to Susan Moore, March 6, 2002, 2:55 p.m. RE: Talking Points for Stu

Email from Nancy Robert to Susan Moore, February 12, 2002, 5:17 p.m. RE: Isaac Williams

Email from Nancy Robert to Susan Moore, February 11, 2002, 5:28 p.m. RE: FYI

Brochure photograph featuring the plaintiff

Medical records and bills from the following:

    a.   Ronald Berger, M.D. 300 Birnie Street, Springfield, MA 01107

    b.  Alan Siegal, M.D.,Bay State Medical Center, 3300 Main Street, Springfield, Massachusetts 01199.

    c.  Deirdre Reynolds, M.D., Bay State Medical Center, 3300 Main Street, Springfield, Massachusetts 01199.

Williams has made a diligent search for documents relevant to this action. In the event that there are or may be other documents relevant to this matter which are discovered at a later date (or during discovery), Williams will either supplement this statement or otherwise furnish such documents.

**C.**    **Computation of any category of damages claims**

    1.  Plaintiff claims damages for civil rights violations, racially motivated discriminations and infliction of mental distress.

**D.**    **Insurance Agreement under which any person carrying on in an insurance business may be liable to satisfy part or all of a judgment**

    Not applicable.

Plaintiff,
Isaac Williams, Jr.,
By his attorney,

John B. Reilly, Esq. BBO#545576
Elizabeth A. Bourke, Esq. BBO#647331
John Reilly & Associates
300 Centerville Road
Summit West - Suite 330
Warwick, Rhode Island 02886
(401) 739-1800
Fax (401)738-9258

## CERTIFICATION

The undersigned certifies that a copy of the foregoing was sent to **Katherine Robertson, Esq.,** Bulkley, Richardson & Gelinas, LLP, 1500 Main Street, Ste. 2700, Springfield, Massachusetts 01115 this 2nd day of May, 2004.

# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 03-CV-11470 MAP

| | |
|---|---|
| ISAAC WILLIAMS, JR., <br>                 Plaintiff <br> v. <br><br> MASSACHUSETTS MUTUAL LIFE <br> INSURANCE COMPANY (a/k/a <br> MASSMUTUAL FINANCIAL GROUP) <br> and DAVID L. BABSON & COMPANY, INC. <br> (a/k/a DAVID L. BABSON AND COMPANY), | ) <br> ) <br> ) <br> ) <br> )    AFFIDAVIT OF <br> )    KATHERINE A. ROBERTSON <br> )    IN SUPPORT OF MOTION <br> )    FOR SANCTIONS <br> ) <br> ) |

I, Katherine A. Robertson, hereby depose and say:

1.     I am a partner at Bulkley, Richardson and Gelinas, LLP, and an attorney of record for the defendants, Massachusetts Mutual Life Insurance Company (a/k/a MassMutual Financial Group) and Babson Capital Management, LLP (formerly known as David L. Babson & Company), in the captioned case. I have assisted in conducting discovery in this matter.

2.     On May 18, 2004, I spoke with Elizabeth Bourke, then an associate with John Reilly & Associates, concerning plaintiff's request for an extension of time to respond to Defendant's First Request for Production of Documents and Things to Plaintiff. During our conversation, Ms. Bourke assured me that defendants would get "whatever" documents the plaintiff had.

_Katherine A. Robertson_
Katherine A. Robertson

#283757

# EXHIBIT 4

williams342-346.TXT

00001
```
      UNITED STATES DISTRICT COURT
      FOR THE DISTRICT OF MASSACHUSETTS
                          C.A. No. 03-CV-11470MAP
                          Pages 1-
      ISAAC WILLIAMS, JR.
      vs.
      MASSACHUSETTS MUTUAL LIFE
      INSURANCE COMPANY (a/k/a
      MASSMUTUAL FINANCIAL GROUP)and
      DAVID L. BABSON & COMPANY, INC.
      (a/k/a DAVID L. BABSON AND COMPANY)
      ----------------------------------------------------
      DEPOSITION OF:  ISAAC WILLIAMS, JR.
      ----------------------------------------------------
      Taken before Joanne Coyle, Certified
      Shorthand Reporter, Notary Public, pursuant
      to the Federal Rules of Civil Procedure, at
      the offices of Bulkley, Richardson and
      Gelinas, LLP, 1500 Main Street, Springfield,
      Massachusetts on October 28, 2004,
      commencing at 9:52 a.m.
                          Joanne Coyle
                          Certified Shorthand Reporter
                          License No. 106693
      PERLIK and COYLE REPORTING
      Certified Professional Reporters
      1331 Main Street
      Springfield, MA 01103
      Tel. (413) 731-7931    Fax (413) 731-7451
```
00002
```
      APPEARANCES:
      FOR THE ^ PLAINTIFF ^ PLAINTIFFS:
          JOHN REILLY & ASSOCIATES
          Summit West - Suite 330
          Warwick, Massachusetts 02886-4395
      BY:  JOHN REILLY
      FOR THE ^ DEFENDANT ^ DEFENDANTS:
          BULKLEY, RICHARDSON AND GELINAS, LLP
          1500 Main Street
          Springfield, Massachusetts 01115
      BY:  KATHERINE A. ROBERTSON, ESQUIRE
 13
 14
 15
 16
 17
 18
 19
 20
 21
 22
 23
 24
```
00003
```
  1                     I N D E X
  2   ----------------------------------------------------
      WITNESSES:        DIRECT  CROSS  REDIRECT  RECROSS
  3   ----------------------------------------------------
  4
  5
      ----------------------------------------------------
  6   EXHIBITS:      DESCRIPTION                   PAGE
```

Page 1

williams342-346.TXT
--------------------------------------------------
```
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
```
00004
```
 1    S T I P U L A T I O N S
 2
 3            It is agreed by and between the parties
 4    that all objections, except objections as to the
 5    form of the question, are reserved to be raised at
 6    the time of trial for the first time.
 7
 8            It is further agreed by and between the
 9    parties that all motions to strike unresponsive
10    answers are also reserved to be raised at the time
11    of trial for the first time.
12
13            It is further agreed that the deponent will
14    read and sign the deposition and that the sealing
15    of said deposition will be waived.
16
17            It is further agreed by and between the
18    parties that notification to all parties of the
19    receipt of the original deposition transcript is
20    also hereby waived.
21
22                        *****
23
24
```
00005
```
 1            ISAAC WILLIAMS, JR., the Deponent, having
 2    been first duly sworn, deposes and says as
 3    follows:
 4
 5    A.    That's right.
 6    Q.    Do you know anyone else who attended
 7    this meeting that Ms. Jones said she attended with
 8    Mr. O'Connell?
 9    A.    No; I don't.
10    Q.    Has Ms. Jones ever told you who else
11    attended this meeting?
12    A.    We've had this conversation and it's
13    been awhile now.  I'll surely ask her and provide
14    this information.
15    Q.    Is it your understanding -- I just want
16    to make sure.
17    Is it your understanding that this was a
18    one-on-one meeting or do you have any notion that
```
                            Page 2

williams342-346.TXT

19  this was a one-on-one meeting between
20  Mr. O'Connell and Ms. Jones?
21  A.    It was my understanding this was not a
22  one-on-one meeting, that several individuals heard
23  this and were astonished.
24  Q.    But you don't know who those other
□00006
1  individuals were?
2  A.    No.
3  MR. REILLY:  Why don't we go off the
4  record for a second.
5              (Discussion off the record.)
6  Q.    (BY MS. ROBERTSON)  Is there any other
7  basis other than what you just testified to about
8  the allegation that you made in paragraph
9  forty-three of your complaint?
10  MR. REILLY:  A portion of paragraph
11  forty-three?
12  MS. ROBERTSON:  Correct.
13  THE WITNESS:  Yes.  There is an
14  e-mail that exists that was sent from Nancy
15  Roberts to Bob O'Connell.  In that e-mail, Nancy
16  talks to Bob about ways to document incidents
17  surrounding minorities, almost to create a paper
18  trail.  It was centered around ways -- there's an
19  e-mail that exists.  I'm just trying to refresh my
20  memory.
21  The e-mail was either from Nancy Roberts
22  or Stephanie Alsup.  That's where her name came up
23  at.  It referenced to Bob O'Connell ways to begin
24  disciplinary actions, terminations actions,
□00007
1  focussed on minorities.
2  Q.    Have you seen a copy of this e-mail?
3  A.    I sure have.
4  Q.    Do you have a copy of this e-mail?
5  A.    I'm looking.
6  Q.    Did you have a copy of this e-mail?
7  A.    Yes; I did.
8  Q.    When is the last time you say you saw
9  this e-mail?
10  A.    About a year.
11  Q.    What did you do with it?
12  A.    It's in one of my boxes.
13  Q.    Did you turn over a copy to counsel?
14  A.    No.  I told him about it.  I haven't
15  found it yet.
16  MR. REILLY:  For the record, we
17  didn't get into the document production responses
18  that we requested and that will be in my letter to
19  you.
20  I have the dates and sufficient details
21  to enable anyone to identify this document.  If
22  there are, there will be a request to that.
23  Q.    (BY MS. ROBERTSON)  When is the last
24  time that you say you saw a copy of this e-mail?
□00008
1  A.    About a year ago.
2  Q.    Where did you get a copy of this e-mail?
3  MR. REILLY:  If you know.
4  THE WITNESS:  From my wife.
5  Q.    (BY MS. ROBERTSON)  Does she still have
6  a copy of this e-mail in her possession?
Page 3

williams342-346.TXT

```
 7   A.   No; she gave it to me.
 8   Q.   What was her purpose in giving it to
 9   you, to your understanding?
10   A.   She wanted me to read it.  She was very
11   disturbed by it.
12   Q.   Did she take any steps as a result of
13   seeing this e-mail?
14   MR. REILLY:  Object to the form of
15   that question.
16   Q.   (BY MS. ROBERTSON)  If you know?
17   A.   I'm not aware that she did.
18   Q.   How is it that your wife, Valerie
19   williams, saw a copy of this e-mail?
20   A.   She worked in Human Resources.
21   Q.   Was she copied on that?
22   A.   I think she was maybe cc'ed or got a
23   blind copy.  I'm not sure.
24   Q.   Do you recall whether she was identified
□00009
 1   as a recipient on the e-mail on the "to"?
 2   MR. REILLY:  Again, we're requesting
 3   that it be produced and it should be produced as
 4   part of our document request.
 5   MS. ROBERTSON:  I don't have your
 6   request in front of me.
 7   Q.   (BY MS. ROBERTSON)  What is your basis
 8   for saying that policies of content-based
 9   discrimination, selective treatment of
10   African-American employees through pretextural use
11   of employment reviews and procedures are
12   universally understood and consistently utilized
13   by senior management?
14   A.   I think that goes back to what I said
15   earlier -- that MassMutual, David L. Babson will,
16   have been in the past, attempted to always
17   terminate blacks by performance; and it's really
18   spelled out more in that letter that I'm referring
19   to.  That's my answer.
20   Q.   What examples can you give me of
21   occasions that you say Babson has attempted to
22   terminate black employees based on performance?
23   A.   Probably myself, that there was three
24   blacks from Babson.
□00010
 1   I'm probably referring to myself there.
 2   It is more referring to MassMutual.
 3   Q.   More referring to MassMutual, is that
 4   your testimony?
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
```

williams342-346.TXT

20
21
22
23
24

# EXHIBIT 5

# JOHN REILLY & ASSOCIATES
### Attorneys and Counselors at Law

Summit West — Suite 330
300 Centerville Road
Warwick, Rhode Island 02886-4395
(401) 739-1800
Fax (401) 738-0258

John B. Reilly
jreilly@lawyers-online.us

October 29, 2004

Katherine A. Robertson, Esquire
BR&G Law Offices
1500 Main Street, Ste. 2700
P.O. Box 15507
Springfield, Massachusetts 01115-5507

Re:    Our Client:  Isaac Williams, Jr.
       Williams v. David L. Babson and Co., et al

Dear Ms. Robertson:

At yesterday's deposition of Isaac Williams, Jr., reference was made to an e-mail communication from Human Resources Second Vice President, Stephanie Allsup, to Nancy Roberts and Robert O'Connell.  Mr. Williams advised that he is attempting to retrieve his copy and we noted that this item has not been furnished in response to our client's document production requests in this case.

Specifically, the e-mail in question is dated October 24, 2002.  It discusses the "online" nature of a new progressive discipline policy over a two year period, "a culture of change", examples of negative publicity, the need to protect or preserve MassMutual's image and morale, and the particular sensitivity involving cases which are "high profile" in the "external world".  Institutional actions and recent cases involving a disparate impact on African-Americans are also expressly referenced.

Due to the existence of the Protective Order in this case, I want to make it clear that the date, parties to and contents of this e-mail have been discussed and/or revealed to others since it first appeared last year.  Due to this, any confidentiality claims that your clients may wish to assert at this point will evidently be untimely.

Very truly yours,

John B. Reilly

JBR/gez
Enclosure
cc:    Isaac Williams, Jr.

MASSACHUSETTS OFFICE
(781) 848-0884

# EXHIBIT 6



BULKLEY, RICHARDSON AND GELINAS, LLP

LAW OFFICES
1500 MAIN STREET, SUITE 2700          TEL:  (413) 781-2820
POST OFFICE BOX 15507                 FAX:  (413) 272-6804
SPRINGFIELD, MA 01115-5507

                                        KATHERINE A. ROBERTSON
                                        DIRECT DIAL (413) 272-6215
                                        KROBERTSON@BULKLEY.COM

                        November 10, 2004

**By Fax and First Class Mail**

John Reilly, Esq.
John Reilly & Associates
Summit West - Suite 330
300 Centerville Road
Warwick, RI  02886-4395

        Re:     Isaac Williams, Jr. v. MassMutual and Babson
                Civil Action No.:  03-11470 MAP

  Dear Mr. Reilly:

        We are disturbed by plaintiff's admitted failure to meet his discovery obligations in this
case.  Mr. Williams testified that he has in his possession in one of his "boxes" a copy of the
document discussed in your October 29, 2004 letter, which he alleges is related to the allegation
in his complaint that MassMutual treats African American employees differently than other
employees.  Plaintiff and his counsel obviously were aware of the existence of this document
when plaintiff served his document production requests on the defendants.  This document
should have been identified with specificity in plaintiff's Rule 26(a) Initial Disclosures (it was
not), and should have been produced in response to David L. Babson's document production
request 3.  Plaintiff did not produce the document.

        We are not aware of any document that matches the document described by your client
during his deposition.  The level of detail provided in your October 29th letter, however,
including the specific date of the document, its author and recipients, as well as quotations from
the document, strongly suggest that, contrary to plaintiff's testimony (under oath) at his
deposition, he is well aware of the location of the document to which he was referring and, in
fact, has it readily to hand.  Please produce the document to us promptly.  Once you have done
so, we will promptly ascertain if MassMutual has a copy of the document in its possession, and,
if so, we will produce a copy to you.  I note in passing that we are troubled by the role plaintiff's
wife, then an employee in human resources in the MassMutual Financial Group, played in
disclosing what may have been confidential material to her husband in aid of his legal claims.

BULKLEY, RICHARDSON AND GELINAS, LLP

John Reilly, Esq.
November 10, 2004
Page 2

        In addition, as I recall Mr. Williams' testimony, he testified that he had personal notes
related to his employment at Babson and a stack of emails that he printed out and retained.
According to Mr. Williams, he turned all of this material over to his counsel. These documents
are responsive to Babson's document requests 4 and 6. We have not been provided with copies
of any such documents. Certainly, plaintiff has produced no notes made by him. Plaintiff has
noticed the depositions of Nancy Roberts and Susan Moore for November 18th and Stuart Reese
for November 22nd. We expect plaintiff to supplement and complete his document production in
advance of these depositions, and, in any event, no later than Monday, November 15th. If he
does not do so, we will need to consider postponing the additional depositions plaintiff has
noticed and we may need to consider seeking sanctions.

        I am available to discuss the issues addressed in this letter with you at a mutually
convenient time.

                                        Very truly yours,

                                        Katherine A. Robertson

KAR/hf

#282924

# EXHIBIT 7

# JOHN REILLY &ᴢ ASSOCIATES
## Attorneys and Counselors at Law

Summit West — Suite 330
300 Centerville Road
Warwick, Rhode Island 02886-4395
(401) 739-1800
Fax (401) 738-0258

John B. Reilly
jreilly@lawyers-online.us

November 22, 2004

*Via Facsimile & Regular Mail*

Katherine A. Robertson, Esq.
Bulkley, Richardson & Gelinas, LLP
1500 Main Street, Ste. 2700
Springfield, Massachusetts 01115

**Re:     Our Client:  Isaac Williams, Jr.
          v. David L. Babson and Co., et al**

Dear Ms. Robertson:

This letter is in furtherance of your recent correspondence and our discussion last Thursday concerning my client's production of documents in this case. (In addition to the foregoing, the Shorthand Reporter who took Mr. Williams' deposition e-mailed me copies of selected portions of his testimony that you apparently ordered, all such testimony being subject to corrections and subscription by the witness.)

As indicated during our discussion, Mr. Williams has a new Manager at work and the transition did not allow him much (if any) free time until this past Saturday.  At that time, we reviewed all items that have been produced to date as well as additional documents that do not seem to have been furnished.

As a result of those efforts, copies of additional e-mail messages consisting of seventeen (17) pages are enclosed.   Additionally, please find twenty-three (23) other, miscellaneous documents, a number of which include handwritten notes dating back to 1999.  None of this seems to evidence any dramatic failure to furnish discovery on the part of our client.

Katherine A. Robertson, Esq.
November 22, 2004
Page 2


As I understand it, your final area of concern at this point in time is the e-mail discussed by Mr. Williams during his deposition that I elaborated upon in my letter to you dated October 29, 2004. Mr. Williams advises that he has made several more good faith efforts to locate a copy, but has not as yet been able to do so.

The contents of my letter of October 29, 2004 were drawn from a memorandum to our file dated April 29, 2003. The information described therein (and in my correspondence of 10/29/04) was related to the undersigned in a telephonic discussion. The e-mail itself was never furnished. Mr. Williams will continue his search, but seems to be running out of possibilities and/or locations at which the copy in question may be located.

In reviewing the file and your document production requests, this seems to cover those items discussed in your recent correspondence and during Mr. Williams' deposition. (We are still awaiting tax return information and will be forwarding that once it has become available.)

Copies of the documents referenced herein will accompany the original copy of this letter. I am faxing you this covering correspondence for the purposes of assisting with any and all discussions we may have today concerning these issues.

Very truly yours,

John B. Reilly

JBR/jlc
Enclosures

cc:    client