UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 03-CV-11470 MAP

| | |
|---|---|
| ISAAC WILLIAMS, JR., )<br>        Plaintiff )<br>v. )<br>  )<br>MASSACHUSETTS MUTUAL LIFE )<br>INSURANCE COMPANY (a/k/a )<br>MASSMUTUAL FINANCIAL GROUP) )<br>and DAVID L. BABSON & COMPANY, INC. )<br>(a/k/a DAVID L. BABSON AND COMPANY), )<br>        Defendants ) | DEFENDANTS' OPPOSITION TO<br>MOTION OF PLAINTIFF, ISAAC<br>WILLIAMS, JR., TO AMEND AND<br>EXTEND SCHEDULING ORDER<br>DEADLINES |

## I.    Introduction

The defendants, Massachusetts Mutual Life Insurance Company ("MassMutual") and Babson Capital Management (formerly David L. Babson & Company, Inc.) ("Babson"), pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1(G) of the Local Rules of the Federal District Court for the District of Massachusetts ("Local Rule 16.1"), hereby respectfully request that this Court deny[1] the Motion of Plaintiff, Isaac Williams, Jr., to Amend and Extend Scheduling Order Deadlines ("Plaintiff's Motion") for the following reasons: (1) plaintiff has completely failed to show good cause why non-expert discovery should be extended; and (2) plaintiff has been disingenuous, at best, about his reasons for failing to complete non-expert discovery by the deadline established by agreement of the parties and about his conduct in discovery, including a last minute "postponement" of three depositions that has already inconvenienced three non-party deponents.

---

[1] On December 6, 2004, before the December 8, 2004 deadline for the defendants to file their opposition to Plaintiff's Motion, this Court denied Plaintiff's Motion without prejudice and rescheduled to December 29, 2004 the Case Management Conference previously scheduled for December 8, 2004. By this opposition, the defendants respectfully request that this Court deny Plaintiff's Motion with prejudice.

## II.     Relevant Background

Plaintiff filed his complaint in this action on August 8, 2003.  The Court entered a Scheduling Order in the case on April 26, 2004, providing that all written discovery was to be completed by July 16, 2004 and all non-expert discovery, including non-expert depositions, was to be completed by November 30, 2004.  These deadlines in the Scheduling Order were reasonable, consistent with the deadlines jointly proposed by the parties in the Joint Statement for Initial Scheduling Conference, and could have been met by plaintiff had he exercised due diligence in this case.

Plaintiff served his document production requests on the defendants on June 21, 2004.  The defendants timely served their responses to plaintiff's document requests on July 23, 2004, including copies of responsive documents.  Plaintiff failed to act diligently or confer in good faith with the defendants' counsel about any alleged omissions in the defendants' production of documents in advance of the four depositions noticed by plaintiff.  Although plaintiff received the defendants' document production responses in July 2004, plaintiff raised absolutely **no** concerns about any aspect of the defendants' document production at any time prior to October 28, 2004, the date of plaintiff's deposition, when plaintiff's counsel indicated that he believed that the defendants had not produced an email or memorandum, dated October 24, 2002.  Plaintiff did not notify the defendants about any other alleged omissions in the defendants' document production until November 22, 2004, **after** the November 4, 2004 deposition of Edward Bickford and the November 18, 2004 date selected by plaintiff for the depositions of Nancy Roberts and Susan Moore, and **on** the date selected by plaintiff for the deposition of Stuart Reese.  *See* Affidavit in Support of Opposition to Plaintiff's Motion to Extend Non-Expert Discovery ("Affidavit in Support of Opposition"), ¶ 2.

Plaintiff did not make any attempt to complete non-expert discovery in advance of the November 30, 2004 deadline. Plaintiff could have served the requests for admission referred to in Plaintiff's Motion in advance of the November 30, 2004 non-expert discovery deadline. *See* Plaintiff's Motion at 1. He did not do so. Nor has plaintiff shown any cause, let alone good cause, for "postponing" three non-expert depositions at the last minute. Plaintiff noticed the deposition of Edward Bickford, a Managing Director of Babson and Director of MassMutual Financial Group Distribution at Babson, on November 4, 2004; the depositions of Nancy Roberts, Senior Vice President, Corporate Human Resources, for MassMutual, and Susan Moore, a Managing Director of Babson and Director of Human Resources for Babson, on November 18, 2004; and the deposition of Stuart Reese, Executive Vice President and Chief Investment Officer of MassMutual and Chief Executive Officer of Babson, on November 22, 2004. Plaintiff did not ask for dates for depositions for any other current or former employees or agents of either of the defendants, notice any other depositions or otherwise indicate that he intended to take the depositions of any other fact witnesses in this case. Plaintiff took Mr. Bickford's deposition on November 4, 2004. On November 15, 16 and 17, 2004, defendants' counsel met separately with Mr. Reese, Ms. Roberts and Ms. Moore in preparation for their depositions. On November 17, 2004, **the day before** the date plaintiff had selected for the depositions of Ms. Moore and Ms. Roberts, an associate in plaintiff's counsel's office telephoned concerning the Isaac Williams case and said:

> Mr. Reilly is tied up, I don't know much about this case, you're going to have to help me out, but I understand that you owe us some discovery and Mr. Reilly would like to continue the depositions if the defendants would agree to move for an extension of the deadline for discovery.

Defendants' counsel indicated that it was not the defendants' perception that they owed plaintiff discovery and that the deposition witnesses had spent time preparing and were available

3

for deposition on November 18, 2004, the date selected by plaintiff. Later that day, plaintiff's counsel's office assistant called and left a message indicating that plaintiff's counsel was "postponing" the depositions he had noticed for November 18, 2004 and would be filing a motion in court. During a subsequent conversation on November 18, 2004, plaintiff's counsel indicated that a primary reason for his last minute "postponement" of depositions was a press of business in other cases and that he did not intend to proceed with the deposition of Stuart Reese, noticed by plaintiff for November 22, 2004. Although plaintiff's counsel refused to identify any potential deponent other than those whose depositions he had noticed, he demanded that defendants agree to an extension of non-expert discovery without any limitations on the discovery that could be conducted by plaintiff during any such extension. *See* Affidavit in Support of Opposition, ¶ 3-6.

### III.    Argument

#### 1.    The So-Called "Unforeseeable Discovery Developments" Alleged in Plaintiff's Motion Were Caused by Plaintiff's Lack of Diligence

The "good cause" test for modification of an Initial Scheduling Order "'requires [proof] that the deadline in the scheduling order may not reasonably be met, despite the diligence of the party seeking the extension. The requirements of good cause are more liberal than a 'manifest injustice' or a 'substantial hardship' test. 'Nonetheless, this does not mean that scheduling orders will be modified simply upon request. In the absence of some showing of why an extension is warranted, the scheduling order will control.'" *Cabana v. Forcier,* 200 F.R.D. 9, 14-15 (D. Mass. 2001), *quoting TeleConnections, Inc. v. Perception Tech. Corp.,* 1990 WL 180707 at *1 (D. Mass. Nov. 5, 1990), *quoting* 6A C A. Wright, A.R. Miller & M.K. Kane, Federal Practice & Procedure § 1522.1 (1990); *see also* Local Rule 16.1 (scheduling orders established with participation of all parties can be modified only by order of judge or magistrate

4

judge and upon showing of good cause supported by affidavits, other evidentiary materials or references to pertinent portions of the record).

Plaintiff's claims about "unforeseeable discovery concerns and developments requiring the additional time and relief requested" are contrived and unconvincing, s*ee* Plaintiff's Motion to Extend Deadlines at 2, and do not establish good cause for extending non-expert discovery in this case. Plaintiff has identified as "unforeseeable discovery concerns" the following: (1) documents supposedly missing from the defendants' document production; and (2) the denial by Edward Bickford, plaintiff's former supervisor, that Mr. Bickford referred to plaintiff as "boy." The first of these concerns could have been resolved by reasonable diligence on plaintiff's part well in advance of the dates on which plaintiff noticed the depositions of defendants' employees and within the deadlines in the Scheduling Order. The second of these so-called "discovery concerns" was testimony by plaintiff's former supervisor that was entirely consistent with information previously provided by the defendants.

Plaintiff's claims of misconduct by the defendants with respect to specific documents or categories of documents are specious. Plaintiff's claim that "numerous pages" are missing from the documents produced by the defendants is simply untrue. This claim apparently is based on the fact that the defendants have not produced all the documents that were Bates numbered in sequence by the defendants' counsel and the absence of a defendants' privilege log. *See* Plaintiff's Motion at 3. As plaintiff's counsel would have learned had he timely conferred with the defendants' counsel, the Bates numbered pages not produced by the defendants' counsel consist almost entirely of identical duplicates of documents already produced and non-responsive documents. The defendants have not produced a privilege log because they have not withheld

5

any relevant documents reasonably identifiable as responsive to plaintiff's document production requests based on a claim of privilege.  *See* Affidavit in Support of Opposition, ¶ 7.

The parties' actions with respect to the October 24, 2002 email or memorandum are described in detail in the Defendants' Motion for Sanctions Based on Plaintiff's Spoliation or Destruction of Evidence, filed with this Court on November 30, 2004, and incorporated herein by reference.  Plaintiff's destruction or loss of a document, or his refusal to produce it, does not constitute good cause for extending non-expert discovery in this case.  With respect to documents concerning the hiring of Albert Rocheteau, whom plaintiff apparently now contends may have replaced him, plaintiff was aware of this issue before he even filed his complaint in this action.  Plaintiff has had in his possession **since May 10, 2002** a copy of an email announcing Mr. Rocheteau's hiring as Director of Institutional Marketing and listing his duties and responsibilities.  Presumably because he did not consider it relevant, plaintiff did not identify this document in his initial disclosures pursuant to Rule 26(a) and did not produce the document in discovery.  Plaintiff's counsel never asked for documents concerning Mr. Rocheteau's hiring or otherwise identify the hiring of Mr. Rocheteau as an issue in this case in advance of the depositions noticed by plaintiff.[2]  *See* Affidavit in Support of Opposition, ¶ 8 and Exhs. 1 and 2.

With respect to documents concerning the elimination of plaintiff's position, the defendants have produced all such documents, and plaintiff has not explained why he contends otherwise.  Mr. Bickford did not testify, during his deposition, to the existence of any documents concerning the elimination of plaintiff's position that had not been produced, nor was Mr. Bickford's deposition testimony about the elimination of plaintiff's position evasive or

---

[2] Mr. Bickford testified that the position for which Mr. Rocheteau was hired was different from the Director of Corporate Communications held by plaintiff before he left the workplace on a medical leave.  The defendants did not produce documents concerning Mr. Rocheteau's hiring in advance of Mr. Bickford's deposition because Mr. Rocheteau did not replace plaintiff or assume plaintiff's principle duties and responsibilities and was not hired because of the elimination of plaintiff's position.

6

contradictory. Further, plaintiff cannot reasonably claim to be surprised by Mr. Bickford's testimony that Mr. Bickford was not involved in the decision to eliminate plaintiff's position. In the Defendants' Rule 26(a) Initial Discovery Disclosures, the defendants identified Susan Alfano, Susan Moore, Stuart Reese and Nancy Roberts as individuals with knowledge concerning the elimination of plaintiff's position. Mr. Bickford was not identified as having any such knowledge. *See* Affidavit in Support of Opposition, ¶ 9 and Exh. 3.

As to the second so-called "unforeseeable discovery concern," Mr. Bickford's denial that he referred to plaintiff as "boy"[3] was entirely foreseeable. In the Respondents' Statement of Position, filed with the EEOC on January 24, 2003, a copy of which was served on plaintiff's counsel, and in the defendants' Answer to Plaintiff's Verified Complaint, the defendants had provided information entirely consistent with Mr. Bickford's subsequent deposition testimony. S*ee* Answer, ¶¶ 13-14; *see also* Affidavit in Support of Opposition, ¶ 10 and Exh. 4.

Plaintiff's Motion should be denied because plaintiff has not identified any issues that could not have resolved by reasonable diligence on plaintiff's part or any information that he obtained in discovery that he could not have foreseen.

### 2. Plaintiff's Counsel's "Burgeoning Trial Schedule" Does not Excuse Plaintiff's Conduct or Warrant an Extension of Non-Expert Discovery

To the extent that Plaintiff's Motion is based on plaintiff's counsel's "burgeoning trial schedule," that trial schedule does not excuse plaintiff's conduct in this case. An attorney's busy trial schedule does not excuse a lack of diligence in discovery and certainly does not excuse a last minute "postponement" of depositions on trumped up grounds. *See, e.g.,Chamorro v.*

---

[3] Plaintiff's claim that he has "steadfastly contended that [Mr.] Bickford referred to him as 'boy'" is an overstatement. *See* Plaintiff's Motion at 3. In fact, plaintiff testified that the only context in which Mr. Bickford used the word "boy" was in the context of the phrase "that's a good boy." Plaintiff could not identify any specific occasion on which he claimed that Mr. Bickford had used the phrase "that's a good boy," could not recall whether Mr. Bickford used the phrase at all in 2002, and could not identify any person other than himself who heard Mr. Bickford use the phrase. Plaintiff has not produced any note made contemporaneously by him recording Mr. Bickford's use of the phrase, "that's a good boy." *See* Affidavit in Support of Opposition, ¶ 11 and Exh. 5.

7

*Puerto Rican Cars, Inc.,* 304 F.3d 1, 5 (1st Cir. 2002) (citing cases). "[E]ffective case management has become an essential tool for handling civil litigation." *Tower Ventures, Inc. v. City of Westfield,* 296 F.3d 43, 46 (1st Cir. 2002). This Court and opposing parties should be entitled to assume that a litigant will make a good faith effort to comply with discovery deadlines, and will, if circumstances make compliance difficult or even impossible, timely seek relief and be forthcoming with respect to the reasons why such relief is sought. The filing of a last-minute motion when a litigant cannot meet deadlines set by the court is "a form of self-help extension . . . [that] is not authorized by any rule." *Ramos v. Ashcroft,* 371 F.3d 948, 949 (7th Cir. 2004).

      Plaintiff's Motion should be denied because plaintiff has not demonstrated good cause why he could not have completed non-expert discovery by the November 30, 2004 deadline established by the Court. Plaintiff's counsel's "burgeoning trial schedule" was presumably foreseeable, and is not good cause for canceling depositions at the last minute, when defendants' counsel and witnesses had spent time in preparation and made arrangements to be available despite their own busy schedules.[4] Plaintiff's claim of "less than adequate, dilatory discovery responses by defendants" is specious. Had plaintiff's counsel been diligent about notifying the defendants about the short list of alleged omissions from the defendants' document production and had he timely conferred in good faith with the defendants' counsel, those issues could have been easily resolved well in advance of the dates on which plaintiff noticed depositions of the defendants' employees. Finally, any claim by plaintiff that non-expert discovery should be extended so that he can take written discovery and depositions that he did not identify in advance

---

[4] Allowing Plaintiff's Motion would reward plaintiff's lack of diligence and the inconvenience he has already caused to the defendants' employees and counsel. If, however, this Court extends the time for plaintiff to take the depositions that he noticed (and cancelled) prior to the November 30, 2004 deadline, then plaintiff should be required to pay defendants' costs and attorneys fees for the time spent by witnesses and counsel re-preparing for depositions that plaintiff cancelled at the last moment.

8

of the November 30, 2004 deadline should be flatly rejected. Plaintiff did not identify, in Plaintiff's Motion or otherwise, any areas of inquiry that he needs to pursue, nor has he explained why any such discovery would be relevant to his claims. These are essential prerequisites for justifying any general extension of a deadline for non-expert discovery. *See, e.g., Lee v. Etowah County Bd. of Education,* 963 F.2d 1416, 1421 (11th Cir. 1992) (plaintiffs must show type of information they hope to obtain to justify extension of discovery deadlines).

## IV.   Conclusion

For the foregoing reasons, the defendants respectfully request that this Court deny Plaintiff's Motion with prejudice.

|  |  |
|---|---|
|  | The Defendants,<br>MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY (a/k/a MASSMUTUAL FINANCIAL GROUP) and DAVID L. BABSON & COMPANY, INC. (a/k/a DAVID L. BABSON AND COMPANY),<br>By Their Attorneys: |
| Dated:  December 8, 2004 | /s/ Katherine A. Robertson<br>Francis D. Dibble, Jr., BBO No. 123220<br>Katherine A. Robertson, BBO No. 557609<br>Bulkley, Richardson and Gelinas, LLP<br>1500 Main Street, Suite 2700<br>Springfield, MA  01115<br>Tel.: (413) 781-2820<br>Fax:  (413) 272-6804 |

#284641