UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 03-CV-11470 MAP

| | |
|---|---|
| ISAAC WILLIAMS, JR., )<br>      Plaintiff )<br>v. )<br> )<br>MASSACHUSETTS MUTUAL LIFE )<br>INSURANCE COMPANY (a/k/a )<br>MASSMUTUAL FINANCIAL GROUP) )<br>and DAVID L. BABSON & COMPANY, INC. )<br>(a/k/a DAVID L. BABSON AND COMPANY), )<br>      Defendants ) | AFFIDAVIT IN SUPPORT OF<br>OPPOSITION TO PLAINTIFF'S<br>MOTION TO EXTEND NON-<br>EXPERT DISCOVERY |

I, Katherine A. Robertson, hereby depose and state a follows:

1.  I am a partner at Bulkley, Richardson and Gelinas, LLP and a counsel of record for the defendants Babson Capital Management, LLP (formerly David L. Babson & Company, Inc.) ("Babson") and Massachusetts Mutual Life Insurance Company ("MassMutual") in this case. I have been primarily responsible for conducting discovery in this case on behalf of the defendants.

2.  Plaintiff served his document production requests on the defendants on June 21, 2004. The defendants served their responses to plaintiff's document requests on July 23, 2004, including copies of responsive documents. Plaintiff raised no concerns about any aspect of the defendants' document production at any time prior to October 28, 2004, the date of plaintiff's deposition, when plaintiff's counsel indicated, during plaintiff's deposition, that he believed that the defendants had not produced an email or memorandum, dated October 24, 2002. Plaintiff did not notify the defendants about any other alleged omissions in the defendants' document production until November 22, 2004, after the November 4, 2004 deposition of Edward

Bickford, the November 18, 2004 date selected by plaintiff for the depositions of Nancy Roberts and Susan Moore, and on the date selected by plaintiff for the deposition of Stuart Reese.

3. Plaintiff noticed the deposition of Edward Bickford, a Managing Director of Babson and Director of MassMutual Financial Group Distribution at Babson, on November 4, 2004; the depositions of Nancy Roberts, Senior Vice President, Corporate Human Resources, for MassMutual, and Susan Moore, a Managing Director of Babson and Director of Human Resources for Babson, on November 18, 2004; and the deposition of Stuart Reese, Executive Vice President and Chief Investment Officer of MassMutual and Chief Executive Officer of Babson, on November 22, 2004. Plaintiff did not ask for dates for depositions for any other current or former employees or agents of either of the defendants, notice any other depositions or otherwise indicate that he intended to take the depositions of any other fact witnesses in this case. Plaintiff took Mr. Bickford's deposition on November 4, 2004.

4. On November 15, 16 and 17, 2004, defendants' counsel met separately with Mr. Reese, Ms. Roberts and Ms. Moore in preparation for their depositions. On November 17, 2004, the day before the date plaintiff had selected for the depositions of Ms. Moore and Ms. Roberts, an associate in plaintiff's counsel's office telephoned concerning the Isaac Williams case and said:

> Mr. Reilly is tied up, I don't know much about this case, you're going to have to help me out, but I understand that you owe us some discovery and Mr. Reilly would like to continue the depositions if the defendants would agree to move for an extension of the deadline for discovery.

5. Defendants' counsel indicated that it was not the defendants' perception that they owed plaintiff discovery and that the deposition witnesses had spent time preparing and were available for deposition on November 18, 2004, the date selected by plaintiff. Later that day, plaintiff's counsel's office assistant called and left a message indicating that plaintiff's counsel

2

was "postponing" the depositions he had noticed for November 18, 2004 and would be filing a motion in court.

6.  During a subsequent telephone conversation on November 18, 2004, plaintiff's counsel indicated that a primary reason for his last minute "postponement" of depositions was a press of business in other cases and that he did not intend to proceed with the deposition of Mr. Reese, noticed by plaintiff for November 22, 2004.  Although plaintiff's counsel refused to identify any potential deponent other than those whose depositions he had noticed, he demanded that defendants agree to an extension of non-expert discovery without any limitations on the discovery that could be conducted by plaintiff during any such extension.

7.  With the assistance of Roberta Federici, a paralegal in our office assigned to work on this case, I reviewed the Bates numbered pages not produced to plaintiff by the defendants' counsel.  Those pages consisted almost entirely of identical duplicates of documents already produced and non-responsive documents.  The defendants have not produced a privilege log because they have not withheld any relevant documents reasonably identifiable as responsive to plaintiff's document production requests based on a claim of privilege.

8.  Attached hereto as Exhibit 1 is a true and accurate copy of an email, printed out by plaintiff Isaac Williams, Jr. on May 10, 2002, announcing the hiring by Babson of Albert Rocheteau as Director of Institutional Marketing.  Plaintiff's counsel marked this email as an exhibit at Mr. Bickford's deposition.  Plaintiff did not identify this document in his initial disclosures pursuant to Rule 26(a) and did not produce the document in discovery.  Plaintiff's counsel never asked for documents concerning Mr. Rocheteau's hiring or otherwise identify the hiring of Mr. Rocheteau as an issue in this case in advance of the depositions noticed by plaintiff. A true and accurate copy of the relevant portion of Plaintiff, Isaac Williams, Initial Disclosures

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Local Rule 26.2 is attached hereto as Exhibit 2.

9. Attached hereto as Exhibit 3 is a true and accurate copy of the relevant portion of the Defendants' Rule 26(a) Initial Discovery Disclosures showing that Mr. Bickford was not identified as having knowledge about the decision to eliminate plaintiff's position, although other individuals were identified as having such knowledge.

10. Attached hereto as Exhibit 4 is a true and accurate copy of the January 24, 2003 Respondents' Statement of Position filed with the Equal Employment Opportunity Commission ("EEOC") by the defendants while this case was pending with the EEOC. The respondents' response to plaintiff's allegations in the Charge of Discrimination concerning Mr. Bickford is on page 13 of the Respondents' Statement of Position.

11. Attached hereto as Exhibit 5 is a true and accurate copy of relevant portions of the October 28, 2004 deposition testimony of plaintiff concerning statements allegedly made by Mr. Bickford.

Signed under the penalties of perjury this 8th day of December 2004.

/s/ Katherine A. Robertson
Katherine A. Robertson

#284945