UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ISAAC WILLIAMS, JR.

v.                                                      C.A. No. 03 CV 11470 MAP

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY
(a/k/a MASSMUTUAL FINANCIAL GROUP) and
DAVID L. BABSON & COMPANY, INC.
(a/k/a DAVID L. BABSON AND COMPANY)

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR
SANCTIONS BASED ON ALLEGED "SPOLIATION OR DESTRUCTION
OF EVIDENCE" (MEMORANDUM SIMILARLY INCORPORATED)**

I.      FACTUAL BACKGROUND

Following a fair reading of the defendants' instant motion for "sanctions", it is clear that the defendants (hereinafter sometimes referred to as the "MassMutual Companies") posit themselves as being "pure as the white driven snow" and are (despite having been less than candid in their production of documents relevant to this case), apparently willing to engage in every manner of base, unfounded conclusory allegations in response to Williams' claims.

In response, Plaintiff appends the affidavits of Isaac Williams Jr., Valerie Williams and John B. Reilly, each of which is incorporated herein, by reference. (See exhibits A, B, and C.)

The factual record and history of this case actually reveals that following the alleged "elimination of his position" (evidently subsequently filled by another person), Williams complained to the defendants' Human Resources Department of unfair treatment and that he was the victim of racially-motivated discrimination as evidenced by certain derogatory remarks by his immediate superior.  He was told that he would have the opportunity to find another position (albeit lower paying) with or among the MassMutual Companies.

Discovery furnished to date gives no indication that any investigation of his complaints concerning this treatment was conducted. Furthermore, Mr. Williams has testified that it became quite apparent to him that his other "opportunities" were entirely illusory.  After his complaint and the revelation that his position had been eliminated, he exchanged an essentially innocuous series of messages with a student following a recruiting visit to the University of Virginia.  This involved the untrained Williams having told one of the students (a female) that he would like to have a picture (of no particular type) so as to make a caricature that he would share with her.

With expedition swift as thought, the student was counseled to stop all communications with Williams.  When she advised him of this he complied. Nevertheless this situation became known to the defendants and seems to have been welcomed, becoming an opportunistic reason for the defendants to suggest that Mr. Williams (the Pastor of a local church) became so upset that he did not return to work.  The offensive nature of the defendants' present motion/memorandum (referring to this as a "complaint of inappropriate conduct" - conjuring images of truly vile or exploitative acts on his part) attempt to put a "spin" on the actual e-mail messaging and contact between Williams and the student that is not grounded in plausible reality, but quite convenient for the defense.

Before the court are defendants that "script" virtually every personnel action that they take.  This "scripting" can be readily seen in the elaborate plans for terminating Mr. Williams with a "package" offer (Exhibit D[1]), the practice by in-house counsel of "cleansing" or purging employee files before they are disclosed in the discovery process, and, indeed, the apparent use of "job elimination" as an excuse for terminating employees who have fallen out of favor.

---

[1] It is interesting that someone being investigated for a "complaint of inappropriate conduct" would be receiving the monetary offer described in these notes.  (No doubt designed to assure his future silence.)

II.    THE LAW

As learned counsel for the defendants is no doubt acutely aware, spoliation of evidence is the unexplained and deliberate destruction/mutilation of relevant evidence, giving rise to an inference that the thing destroyed/mutilated would have been <u>unfavorable</u> to the position of the <u>spoliator</u>.

Here, convention is turned on its head, with the defendants asserting that the loss of <u>favorable</u> information should be sanctioned.  For reasons discussed below and in forthcoming motions, it will be clear why they "protest too much."

In the matter of <u>Blinzler v. Marriott International, Inc.</u>, 81 F.3d 1148 (1996), this Circuit heard that the destruction of an unfavorable document or obliteration of unfavorable evidence allows a trier of fact to <u>sometimes</u> infer that it was done out of a "realization that the contents were unfavorable."  <u>Id</u>. at 1158 (Citations omitted).  The court, however, also noted that even if a document had been so destroyed, any such adverse (permissive, not mandatory).  <u>Id</u>. at 1159 (Citations omitted).  In any event, mere negligence in losing or destroying records has been said to be "not enough because it does not support an inference of consciousness of a weak case." <u>Aramburu v. The Boeing Co.</u>, 112 F.3d 1398, 1407 10th Circuit (1997) (Citations Omitted).

Simply stated, when applied to the facts of this case, the law of spoliation is a complete nonstarter for the present request of the defendants.  Indeed, the facts strongly point to an in-house cover up of this and other potentially harmful information.  This cover-up has included the subsequent production of a similar memorandum, changed and marked "Confidential" after the defendants had been advised that the substance of their original memorandum had been widely disseminated.

III.    CONCLUSION

For the reasons set forth herein and those further arguments and presentations to be made at the time the court considers the sanctions request on December 29, 2004, the defendants' motion should be denied in each and every respect.  Moreover, while counsel for the plaintiff is currently engaged upon jury trial, plaintiff nevertheless makes this response without waiving the right to seek an order that a computer expert be appointed to determine the existence, past existence, and/or alteration of the electronic messages and/or data base that would have held the original email described herein. Finally, it is requested that the court reserve judgment (pending complete disclosure and discovery) that the plaintiff be awarded counsel fees for being required to respond to this motion.


Isaac Williams, Jr.,
By his attorney,


 /s/     John B. Reilly                        
John B. Reilly, Esq. (B.B.O. #545576)
John Reilly & Associates
300 Centerville Road
Summit West - Suite 330
Warwick, Rhode Island 02886
(401) 739-1800
FAX: (401) 738-0258

## <u>CERTIFICATION</u>

The undersigned certifies that a copy of the foregoing was sent to Katherine A. Robertson, Esq., Bulkley, Richardson & Gelinas, LLP, 1500 Main Street, Ste. 2700, Springfield, Massachusetts 01115 this _11th_ day of December, 2004.

_/s/_  John B. Reilly _____