UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ISAAC WILLIAMS, JR.

v.                                                              C.A. No. 03 CV 11470 MAP

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY
(a/k/a MASSMUTUAL FINANCIAL GROUP) and
DAVID L. BABSON & COMPANY, INC.
(a/k/a DAVID L. BABSON AND COMPANY)

### PLAINTIFF'S FURTHER OPPOSITION TO MOTION FOR SANCTIONS AND CORRESPONDING MOTION TO COMPEL DISCOVERY AND APPOINT A NUETRAL EXPERT IN COMPUTER FORENSICS (MEMORANDUM INCORPORATED)

Plaintiff, Isaac Williams Jr. (hereinafter, "Williams"), hereby supplements his opposition to defendants' motion for sanctions and hereby moves that this Court enter an order, compelling discovery of certain electronic transmissions and appointing a neutral expert in computer forensics to assure compliance with the same.

### FACTUAL BACKGROUND

In their recent motion for "sanctions" based upon alleged "spoliation or destruction of evidence", defendants have (a) acknowledged the existence of internal e-mail communication and, indeed, that (b) Williams' failure to produce a copy of such e-mail should be the basis for the imposition of "sanctions". The defendants' motion for sanctions included at Exhibit 5 a copy of a letter from plaintiff's undersigned counsel giving the date and substance of such e-

mail/communication. Although complaining that Williams did not disclose it, defendants have adamantly denied that this e-mail even exists.

Subsequent to receiving counsel's aforementioned letter (Exhibit 5 to defendants' motion for sanctions), defendants produced a copy of letter dated 10/24/02, addressed to "Bob" and signed "Nancy Roberts". In doing so, defendants have marked that document as "Confidential".[1] Remarkably, this "confidential" document materially and substantially comports with plaintiff's counsel's aforementioned letter as well as a corresponding memorandum that was partially quoted in such letter (copies appearing among the exhibits to Plaintiff's opposition to the motion for sanctions).

In her affidavit of December 6, 2004 (Exhibit "B" to plaintiff's opposition to defendant's motion for sanctions), Valerie Williams (plaintiff's wife) has outlined an unseemly practice by in-house counsel for the defendants involving the "purging" employee files containing "risky comments" and/or other matters that might "jeopardize" MassMutual. Plaintiff has every reason to believe that this practice is known to other former employees, has been applied to African-American employee situations, and constitutes part of a "unwritten, yet real policy of content-based discrimination" that has not been "reduced to written form nor officially promulgated in any perceptible manure" as alleged in his complaint.

ARGUMENT

Defendants' denial of the existence of an electronic communication that was substantially described prior to their production of the present, purportedly "confidential" communication described herein seems designed to recapture defendants' ability to claim this material as

---

[1] Copy to be presented to the Court in accordance with the terms of a Stipulated Protective Order in this case.

2

privileged and confidential. It also seems to further demonstrate the "cleansing" actions being employed by the defendants. This has obviously occurred in the past and is continuing in Mr. Williams' case – something that this Court should not countenance for one second.

In an effort to address issues of this type involving internal electronic communications, courts have in the past appointed neutral forensic computer experts to inspect a party's hard drive and/or electronic communication system and attempt recovery of data (see, for example, Antioch v. Scrapbook Borders, Inc., 210 F.R.D. 645, 651-52 (D. Minn. 2002). See, also, Playboy Enterprises, Inc. v. Welles, 60 Fed. Supp. 2d 1050 (S.D. Ca. 1999) discussing an appropriate protocol for investigations of this type).

Under all the circumstances, Williams requests that an investigation of this type be initiated and (at first) limited to the attempted recovery of the October, 2002 e-mail described by Williams and in his counsel's aforementioned memorandum. This will serve to greatly narrow and minimize the intrusion upon defendants' systems and should be something capable of being accomplished in an expedited period of time. Should the e-mail in question be recovered, plaintiff further requests that an additional, more detailed electronic investigation be undertaken to locate and retrieve all electronic communications related to his employment and termination that have not as yet been produced by defendants. In the interim, Williams further requests that defendants and all related entities be ordered to preserve all documents and information, whether in electronic or paper form, to suspend all recycling of any backup tapes, any automated deletion of e-mail, the reformatting of hard drives, and/or that an appropriate medium for retention of this type of data be disclosed and utilized.

WHEREFORE, plaintiff respectfully requests that this Court deny defendants' motion for sanctions, order the aforementioned testing and that data be preserved as prayed.

        Isaac Williams, Jr.
        By his attorney

Dated:  December 28, 2004

        /s/ John B. Reilly
        John B. Reilly, Esq. (#545576)
        John Reilly & Associates
        300 Centerville Road
        Summit West - Suite 330
        Warwick, Rhode Island 02886
        (401) 739-1800
        FAX: (401) 738-0258

### Certificate of Compliance with Local Rule 37.1

I, John B. Reilly, counsel for the plaintiff in the above-captioned matter, hereby certify that I have conferred or attempted to confer with counsel for defendants in a good faith effort to narrow the areas of disagreement concerning the issues raised in the within supplemental opposition and motion.

        /s/ John B. Reilly
        John B. Reilly, Esq. (#545576)