UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 03-CV-11470 MAP

| | |
|---|---|
| ISAAC WILLIAMS, JR., )<br>        Plaintiff )<br>v. )<br>)<br>MASSACHUSETTS MUTUAL LIFE )<br>INSURANCE COMPANY (a/k/a )<br>MASSMUTUAL FINANCIAL GROUP) )<br>and DAVID L. BABSON & COMPANY, INC. )<br>(a/k/a DAVID L. BABSON AND COMPANY), )<br>        Defendants )| DEFENDANTS' OPPOSITION TO<br>PLAINTIFF'S MOTION TO<br>COMPEL DISCOVERY AND<br>APPOINT A NEUTRAL<br>EXPERT IN COMPUTER<br>FORENSICS |

## I.   Introduction

The defendants, Massachusetts Mutual Life Insurance Company ("MassMutual") and Babson Capital Management (formerly David L. Babson & Company, Inc.) ("Babson") (collectively, the Defendants), respectfully request that this Court deny Plaintiff's Further Opposition to Motion for Sanctions and Corresponding Motion to Compel Discovery and Appoint a Neutral Expert in Computer Forensics ("Plaintiff's Motion for Computer Expert"), filed with the Court on December 28, 2004.  Plaintiff's motion is based on his claim that he previously had (but cannot find), and the Defendants should produce, a document that supposedly "spelled out" a practice and policy of MassMutual using its performance review and progressive discipline policies for purposes of discriminating against African-American employees.

As proof of his implausible claim, plaintiff has pointed to an April 29, 2003 memo to file ("April 29th Memorandum") prepared by plaintiff's counsel (based on handwritten notes that counsel destroyed), about this phantom document.  (A copy of the April 29th Memorandum is attached hereto as Exhibit 1.)  MassMutual denies that it had—or has—any policy or practice of

using progressive disciplinary and related procedures for discriminatory purposes and further denies that it discriminates against African-American employees or any employees in any other protected class. Based on a good faith search, now including a forensic examination of certain personal computers and a local area network, the Defendants also deny that they have in their possession, custody or control any document that corresponds to the document described by plaintiff.

MassMutual produced a confidential October 24, 2002 memorandum from Nancy Roberts, Senior Vice President, Corporate Human Resources, to Robert O'Connell, MassMutual's Chief Executive Office ("the October 24th Document") that contains all of the terms that appear in counsel's April 29th Memorandum. The Defendants reasonably believe that the October 24th Document, which does **not** describe any discriminatory practices or procedures, is the document that plaintiff had in his possession and that he failed or refused to produce it because he has misrepresented its contents. Through counsel, plaintiff has nonetheless continued to claim that the Defendants have produced some "cleansed" version of the document he saw.

Despite the implausibility of plaintiff's contentions about a document he apparently has not seen within the last twenty months and based on nothing more than his uncorroborated recollection, plaintiff seeks to compel a disruptive and intrusive search of the Defendants' information systems. Plaintiff's Motion for Computer Expert should be denied for the following reasons: (1) the requested examination is unwarranted because the Defendants do not have in their possession, custody or control, including on the hard drives or in the e-mail boxes of the individuals identified as possible authors of the document or on a local area network, any version of the October 24th Document that differs from the version produced by the Defendants; and (2) plaintiff has no reliable and competent information to show that a disruptive and intrusive

forensic examination of MassMutual's information systems will result in production of any documents that the Defendants have not already produced.

Plaintiff's Motion for Computer Expert is based on flimsy and implausible assertions by plaintiff and his wife, a former employee of a MassMutual subsidiary. The Defendants have spent time and resources obtaining information to rebut plaintiff's groundless assertions, and have incurred attorney's fees for the preparation of their opposition to Plaintiff's Motion for Computer Expert. The Defendants respectfully request that the Court deny Plaintiff's Motion for Computer Expert in its entirety and that plaintiff personally be required to compensate the Defendants for their expenses incurred in opposing Plaintiff's Motion for Computer Expert.

## II.    Relevant Background

Much of the background relevant to this opposition is set forth in Defendants' Motion for Sanctions Based on Plaintiff's Spoliation or Destruction of Evidence ("Defendants' Motion for Sanctions"), filed with the Court on November 30, 2004 and incorporated herein by reference. In summary, plaintiff testified at his October 28, 2004 deposition that he had seen, and had in his possession, an e-mail—sent by Ms. Roberts or Stephanie Allsup to Mr. O'Connell—that "spelled out" a policy or practice by MassMutual of using disciplinary actions as a pretext for termination of minority employees. *See* Defendants' Motion for Sanctions at 4-6. Plaintiff did not identify the document in his Initial Disclosures Pursuant to Rule 26(a)(1) and did not produce the document in response to the Defendants' document production requests. Following plaintiff's October 28, 2004 deposition, the Defendants asked plaintiff to produce a copy of the document about which he had testified at his deposition. Plaintiff did not do so and has now represented through counsel and by affidavit, that he cannot find the document. As was set forth in the Defendants' Motion for Sanctions, the only conclusions possible with respect to the document

3

that plaintiff has failed and refused to produce are that plaintiff: (1) destroyed or failed to preserve a document that he had an obligation to preserve; or (2) has failed and refused to produce the document because he has lied about its contents. *See* Defendants' Motion for Sanctions at 7-9.

The Court scheduled a Case Management Conference in this matter for December 29, 2004. On December 28, 2004, plaintiff served and filed the Plaintiff's Motion for Computer Expert. At the December 29, 2004 Case Management Conference, this Court heard argument from the parties on Defendants' Motion for Sanctions. Both parties submitted to the Court (under the terms of the Stipulated Protective Order entered in this case) a copy of the October 24th Document. (The document submitted by plaintiff was the document produced to plaintiff by the Defendants.) At the Case Management Conference, plaintiff's counsel represented to the Court that, according to plaintiff, the October 24th Document differs in some unspecified way from the document plaintiff had in his possession on April 29, 2003, but cannot locate and has not produced.

### III.   Legal Argument

**1.   Plaintiff's Motion Should be Denied Because the Defendants Do Not Have A Version of the October 24th Document That Differs from the Document Produced to Plaintiff**

"It is well-established that in those situations in which the documents sought to be produced are not in existence, a request to produce must be denied." *In re Air Crash Disaster at Detroit Metropolitan Airport on August 16, 1987,* 130 F.R.D. 641, 646 (E.D. Mich. 1989), *citing Zervos v. S.S. Sam Houston*, 79 F.R.D. 593, 595 (S.D.N.Y. 1978); *Securities Exch. Comm'n v. Canadian Javellin Ltd.,* 64 F.R.D. 648, 651 (S.D.N.Y. 1974); *LaChemise Lacoste v. Alligator Co., Inc.,* 60 F.R.D. 164, 172 (D. Del. 1973) (court refused to compel production when party

4

averred that it had produced all responsive documents in its possession); *Pope v. Ungerer & Co.*, 49 F.R.D. 300, 303 (N.D. Ga. 1969).

Plaintiff's Motion for Computer Expert is styled as a motion to compel discovery, presumably pursuant to Federal Rule of Civil Procedure 37(a)(A) and based on plaintiff's document production request 9, which sought production of "[a]ny and all documents related to policies concerning the discipline of MassMutual and/or Babson employees during the years 2002-2003, including, but not limited to the "Progressive Discipline policy", and the use of such policies towards African-American employees during 2001-2003." Plaintiff seeks appointment of a forensic computer expert based on his claim that he saw (some twenty months ago) some version of the October 24th Document that has not been produced by the Defendants. *See* Plaintiff's Motion for Computer Expert at 3.

Plaintiff's Motion for Computer Expert should be denied because the Defendants have produced all documents in their possession, custody or control responsive to plaintiff's document production request 9. The Defendants have conducted a reasonable good faith search for documents responsive to plaintiff's relevant document production request, now including a forensic examination of the personal computers of Ms. Roberts, the author of the October 24th Document, and Stephanie Allsup, alleged by plaintiff to be the author of the phantom document he has not produced, the e-mail boxes of Ms. Roberts and Ms. Allsup, and documents prepared by Ms. Roberts and accessible through a local area network. On the basis of this search, the Defendants represent that they do not possess any version of the October 24th Document that differs from the document produced to plaintiff and no version of an October 24th Document created or edited by Ms. Allsup. *See* Affidavit of Bruce Bonsall, filed herewith. Plaintiff's implausible and uncorroborated allegations, which are not supported by the April 29th

5

Memorandum or any reliable and competent information, and are rebutted by a comprehensive forensic computer search by the Defendants, cannot justify an order for a disruptive and intrusive search by an outside expert, of the Defendants' information systems, on which proprietary and other confidential information is stored.

> **2.  Plaintiff Has No Reliable Information to Support His Claim that the Defendants Possess A Version of the October 24th Document That They Have Not Produced**

Before a Court enters an order compelling production of documents that a party represents do not exist, the party seeking production must present the Court with reliable and competent information that the producing party has made representations that are "misleading or substantively inaccurate" in connection with its production of documents.  *See Air Crash Disaster at Detroit Airport,* 130 F.R.D. at 646; *see also The Antioch Co. v. Scrapbook Borders, Inc.,* 210 F.R.D. 645, 653 (D. Minn. 2002) (plaintiff's doubts about defendants' accountability were not sufficient to show that the defendants were unwilling to produce documents).

In this case, there is every reason to believe that plaintiff has made representations that are misleading or substantively inaccurate.  *See* Defendants' Motion for Sanctions, pp. 2-7; *see also* Defendants' Opposition to Motion of Plaintiff, Isaac Williams, Jr., to Amend and Extend Scheduling Order Deadlines at 5-7.  Plaintiff, on the other hand, has provided **no** reliable or competent information to show that the Defendants' discovery responses have been misleading or substantively inaccurate.  Plaintiff's reliance on his counsel's April 29th Memorandum does not support his claims.  As the Court noted during the December 29th Case Management Conference, the April 29th Memorandum, which purports to represent the content of the document that plaintiff is unable to "locate," contains no term or phrase that does not appear in the October 24th Document.  Counsel's April 29th Memorandum **supports** the Defendants'

6

reasonable belief that, despite plaintiff's denials, the document that plaintiff had was, in fact, a copy of the October 24th Document. This fact alone warrants denial of Plaintiff's Motion for Computer Expert, and warrants an order that plaintiff be required to compensate the Defendants for the expenses they incurred in conducting an unnecessary computer forensic search and opposing plaintiff's motion.

      The representations by plaintiff's wife, a former MassMutual employee with an obvious interest and stake in this case, in the Affidavit of Valerie Williams, provide no reliable or competent evidence to support plaintiff's claim that there is a different version of the October 24th Document.[1] Like her husband, Ms. Williams attests that the April 29th Memorandum "accurately reflects the substance of the e-mail of October 24, 2002 in question." Affidavit of Valerie Williams, ¶ 10. As noted above, this representation supports the Defendants' reasonable belief that the confidential document obtained by Ms. Williams and disclosed by her to her husband, was a copy of the October 24th Document produced by the Defendants in this case. Ms. Williams' allegations about the "purging" of employee files are so vague that the Defendants cannot reasonably be expected to respond to them with any specificity. Ms. Williams has not identified by name any in-house attorney about whom she is making these serious allegations, has not identified any employee file that was purged, or described any document containing so-called "risky comments" that she "got rid of." Affidavit of Valerie Williams, ¶¶ 18-20. As are the allegations of her husband, Ms. Williams' allegations are inherently incredible. It is unlikely that a company or an in-house attorney intent on concealing or destroying damaging documents

---

[1] The Defendants have been unable to ascertain how Ms. Williams obtained a copy of the October 24th Document. Ms. Allsup does not recall distributing the October 24th Document by e-mail and there is no evidence of the October 24th Document on the hard drive of her personal computer or in her electronic mailbox. Other employees in positions similar to the position previously held by Ms. Williams do not recall receiving the October 24th Document by e-mail or otherwise with the exception of one employee, working on revisions to MassMutual's progressive discipline policy, who, to the best of her recollection, was given a hard copy of the October 24th Document.

would disclose that intent, and entrust that task, to an employee in its Corporate Human Resources Department.

The Defendants deny that MassMutual or Babson had—or has—a practice of "purging" employee files before documents are produced in discovery or provided as personnel records to an employee.[2] These allegations, in any event, concern records maintained in paper form, not electronic form, and do not support plaintiff's contention that he should be entitled to conduct a search of the Defendants' information systems.

Plaintiff's Motion for Computer Expert should be denied because plaintiff has not made a competent and reliable showing that the Defendants have made any representations that are misleading or substantively inaccurate in connection with their production of documents in this case.

### IV.   Conclusion

For the foregoing reasons, the Defendants request that Plaintiff's Motion for Computer Expert be denied and that the Defendants be awarded their expenses, including their attorney's

---

[2] The Defendants' usual practice is to review personnel files, through counsel, before the files are disclosed to an employee to ensure that the files contain the information the companies are required to provide and do not contain personal information about another employee, confidential information about an insured, or other confidential material that is not part of the personnel file. S*ee, e.g.,* Mass. Gen Laws ch. 149, 52C (a personnel record shall not contain information about another employee disclosure of which would constitute an unwarranted invasion of the other employee's privacy); *see, also, e.g.,* Mass. Gen Laws ch. 175*I,* § 13 (insurer shall not disclose confidential information about an insured).

8

fees, that they have incurred in opposing this motion based on implausible assertions by a plaintiff who has been shown to have engaged in misconduct in discovery.

          The Defendants,
MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY (a/k/a MASSMUTUAL
FINANCIAL GROUP) and DAVID L. BABSON &
COMPANY, INC. (a/k/a DAVID L. BABSON
AND COMPANY),
By Their Attorneys:


Dated: January 14, 2005        /s/ Katherine A. Robertson
        Francis D. Dibble, Jr.
        BBO No. 123220
        Katherine A. Robertson
        BBO No. 557609
        Bulkley, Richardson and Gelinas, LLP
        1500 Main Street, Suite 2700
        Springfield, MA  01115
        Tel.: (413) 781-2820
        Fax:  (413) 272-6804

#287363