UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ISAAC WILLIAMS, JR., )<br>          Plaintiff   ) <br> ) <br> ) <br>      v.                            ) <br> ) <br> ) <br> ) <br>MASSACHUSETTS MUTUAL LIFE   ) <br>INSURANCE COMPANY (a/k/a     ) <br>MASSMUTUAL FINANCIAL GROUP) ) <br>and DAVID L. BABSON & COMPANY, ) <br>INC. (a/k/a DAVID L. BABSON AND ) <br>COMPANY),                         ) <br>          Defendants  ) | Civil Action No. 03-11470-MAP |

MEMORANDUM AND ORDER WITH REGARD TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND APPOINT A
NEUTRAL EXPERT IN COMPUTER FORENSICS (Document No. 28)
February 2, 2005

NEIMAN, U.S.M.J.

Presently before the court is Isaac Williams, Jr. ("Plaintiff")'s Motion to Compel Discovery and Appoint a Neutral Expert in Computer Forensics. Plaintiff's motion is based on his claim that Massachusetts Mutual Life Insurance Company ("MassMutual") and Babson Capital Management (formerly David L. Babson & Company, Inc.) ("Babson") (collectively "Defendants") should produce a document that allegedly reflects a practice and policy of MassMutual to use its performance review and progressive discipline policies for purposes of discriminating against African-American employees. For the reasons which follow, Plaintiff's motion will be denied in all respects but one, the retention of certain data relevant to the present dispute, as further specified below.

I. B<small>ACKGROUND</small>

The factual background to Plaintiff's motion is somewhat convoluted. In summary, Plaintiff, who is African-American, testified at his October 28, 2004 deposition that he had seen and had had in his possession a hard copy of an October 24, 2002 e-mail message sent by either Nancy Roberts, a senior vice president, or Stephanie Allsup to Robert O'Connell, MassMutual's Chief Executive Officer. That e-mail message, Plaintiff claims, "spelled out" a policy or practice by MassMutual of using disciplinary actions as a pretext for terminating minority employees. As proof of its existence, Plaintiff points to an April 29, 2003 memorandum-to-file prepared by his counsel based on handwritten notes of a telephone conversation that counsel had with Plaintiff, notes which have since been destroyed. In his memorandum-to-file, counsel describes "a memorandum (E-mail) dated October 24, 2002," which discusses the "online" nature of a new progressive discipline policy.

Plaintiff, it should be noted, neither identified the e-mail message in his Rule 26(a)(1) initial disclosures nor produced it in response to Defendants' document request. In any event, following Plaintiff's deposition, Defendants asked Plaintiff to produce a copy of the e-mail message. Plaintiff did not do so and has since represented, through counsel and by affidavit, that he cannot find the document. This representation was set forth in Plaintiff's Opposition (Document No. 27) to Defendants' Motion for Sanctions (Document No. 23) in which Defendants sought sanctions, including dismissal, for Plaintiff's failure to produce the e-mail message. The court heard argument on December 29, 2004, and thereafter granted Defendants' motion for sanctions in part, ruling that Plaintiff would "be precluded from relying on the contents of

2

[the] October 24, 2004 e-mail he has alleged was in his possession but had failed to produce to Defendants," this ruling being "without prejudice to [Plaintiff] seeking relief from the trial court once further discovery has been completed."

In the meantime, Plaintiff filed the instant motion in which he seeks to have the court appoint a "neutral" forensic computer expert to inspect Defendants' computer hard drives and/or electronics communication system in an attempt to recover the October 24, 2002 e-mail message which he claims exists. "Should the e-mail in question be recovered," Plaintiff avers, "an additional, more detailed electronic investigation [should] be undertaken to locate and retrieve all electronic communications related to his employment and termination that have not as yet been produced by defendants." In addition, Plaintiff requests that Defendants be ordered to "preserve all documents and information, whether in electronic or paper form, to suspend all recycling of any backup tapes, any automated deletion of e-mail, the reformatting of hard drives, and/or that an appropriate medium for retention of this type of data be disclosed and utilized."

Defendants oppose Plaintiff's motion. They assert that the motion is based on "flimsy and implausible assertions" and that the October 24, 2002 "e-mail" is most likely an October 24, 2002 memorandum from Ms. Roberts to Mr. O'Connell which has been produced to Plaintiff and which, in their estimation, does not describe any discriminatory practices. Moreover, Defendants assert that they have undertaken their own forensic analysis which has failed to identify any e-mail message of the sort Plaintiff alleges he once had in his possession. (See Affidavit of Bruce Bonsall (Document No. 26).)[1]

---

[1] In addition, Defendants seek expenses and attorney's fees they have incurred in opposing Plaintiff's motion.

3

In the court's view, Defendants have the better argument by far. In essence, Plaintiff seeks significant relief -- the search of Defendants' information systems -- based not only on uncorroborated evidence but, curiously, on a document which Plaintiff himself claims to have had in his possession but which he can no longer locate.

### III. DISCUSSION

As the parties are no doubt aware, e-mail messages and other electronically stored information are generally subject to document disclosure requirements under the Federal Rules of Civil Procedure. *See Rowe Entm't, Inc. v. William Morris Agency, Inc.*, 205 F.R.D. 421, 428 (S.D.N.Y. 2002).[2] Here, however, the issue is more circumscribed, centering as it does on the production of one document whose very existence is in dispute.

As an initial matter, the court is not at all inclined to appoint, under its aegis, a "neutral expert" in computer forensics in order to help Plaintiff confirm what is at best highly speculative conjecture that the October 24, 2002 e-mail message which he claims exists is something other than the October 24, 2002 memorandum which Defendants have produced. The court communicated this view to the parties during the December 29, 2004 hearing and remains no less convinced after further examining the two decisions upon which Plaintiff now relies, *Antioch Co. v. Scrapbook Borders, Inc.*, 210 F.R.D. 645 (D. Minn. 2002), and *Playboy Enters., Inc. v. Welles*, 60 F. Supp. 2d 1050 (S.D. Cal. 1999). In short, Plaintiff has presented no credible evidence that Defendants are unwilling to produce computer-generated documents, whether now or in

---

[2] See also the recently proposed amendments to the Federal Rules of Civil Procedure promulgated by the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States (August 2004). As proposed, Rule 34(a) will be amended to include "electronically stored information."

the future, *see Antioch*, 210 F.R.D. at 653, or that Defendants have withheld relevant information, *see Playboy*, 60 F. Supp. 2d at 1051.

The court is similarly disinclined to allow Plaintiff to conduct the forensic study at his own expense. Before permitting such an intrusion into an opposing party's information system -- particularly where, as here, that party has undertaken its own search and forensic analysis and has sworn to its accuracy -- the inquiring party must present at least some reliable information that the opposing party's representations are misleading or substantively inaccurate. *See In re Air Crash Disaster at Detroit Metro. Airport*, 130 F.R.D. 641, 646 (E.D. Mich. 1989). *See also La Chemise Lacoste v. Alligator Co.*, 60 F.R.D. 164, 172 (D. Del. 1973) (refusing to compel production where defendant avers that it has produced all responsive documents in its possession). Here, Plaintiff has provided no reliable or competent information to show that Defendants' representations regarding the one "e-mail" are misleading or substantively inaccurate. *Compare Premier Homes & Land Corp. v. Cheswell, Inc.*, 240 F. Supp. 2d 97, 98 (D. Mass. 2002).

More to the point, Plaintiff's reliance on his counsel's April 29, 2003 memorandum-to-file provides little support for his claims. As the court noted during the December 29th hearing, the memorandum-to-file, which purports to reflect the contents of the e-mail message that Plaintiff is now unable to locate, contains no term or phrase that does not appear in the October 24, 2002 document which Defendants have produced. Put differently, the October 24th memorandum contains all of the quoted terms which appear in counsel's memorandum-to-file except, of course, the interpretation which Plaintiff seeks to give those terms.

Likewise, the affidavit of Plaintiff's wife, Valerie Williams, a former MassMutual employee, provides little reliable or competent evidence to support Plaintiff's claim that there is a different version of the October 24th document produced by Defendants. Rather, her representations further support the view that the e-mail message and the October 24th document are one and the same. To be sure, Ms. Williams, like Plaintiff, attests that counsel's memorandum-to-file "accurately reflects the substance of the e-mail of October 24, 2002 in question." But for all the reasons stated, this assertion brings us no closer to a need for a forensic analysis.[3]

The court, however, will order Defendants to preserve all documents, hard drives and e-mail boxes which were searched by their forensic expert in response to Plaintiff's motion. (See Bonsall Affidavit ¶ 3.) Such an order, in the court's estimation, is not unduly burdensome and is necessary, at a minimum, to preserve Plaintiff's appellate rights. *See Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 138 (2004) ("one seeking a preservation order [must] demonstrate that it is necessary and not unduly burdensome"). *Compare Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 433-34 (W.D. Pa. 2004) (setting forth three prolonged balancing test for issuance of preservation orders).

### III. CONCLUSION

For the reasons stated, Plaintiff's Motion for Computer Expert is DENIED, except

---

[3] Ms. Williams also makes a very serious allegation about the "purging" of employee files. But, as Defendants argue, that allegation is so vague as to be unhelpful to the court. She has not identified by name the in-house attorney about whom she makes the allegation, any employee file that was purged, or any document containing so-called "risky comments" that she "got rid of."

insofar as Defendants are ORDERED to preserve all documents, hard drives and e-mail boxes which were searched by their forensic expert in response to the instant motion. In addition, although the question is close, the court DENIES Defendants' request for expenses and attorney's fees. The court trusts that this particular endeavor regarding discovery on Plaintiff's part, misguided as it may have been, will be short-lived.

    IT IS SO ORDERED.

DATED: February 2, 2005

    /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge