UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ISAAC WILLIAMS, JR.

v.                                          C.A. No. 03 CV 11470 MAP

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY
(a/k/a MASSMUTUAL FINANCIAL GROUP) and
DAVID L. BABSON & COMPANY, INC.
(a/k/a DAVID L. BABSON AND COMPANY)

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PLAINTIFF, ISAAC WILLIAMS, JR., TO COMPEL DISCOVERY BY DEFENDANT, DAVID L. BABSON & COMPANY, PURSUANT TO RULE 37

Plaintiff, Isaac Williams, Jr., ("Plaintiff") hereby submits the following Memorandum of Law in support of his Motion to Compel Discovery by Defendant, David L. Babson & Company. This Memorandum is submitted in accordance with Local Rule 37.1(B) of the United States District Court for the District of Massachusetts.

**I.      Discovery Conference**

On February 8, 2005, the undersigned counsel mailed a letter to counsel for David L. Babson and Company, indicating a request in accordance with Local Rule 37.1 to arrange a discovery conference.  Counsel for David L. Babson indicated by letter on February 13, 2005 that she was unavailable for said discovery conference until the week of February 28, 2005. Subsequently, a discovery conference was held on March 7, 2005, at approximately 2:00 p.m. The discovery conference was held by telephone between Attorney Patrick S. Bristol on behalf of Mr. Williams and Attorney Katherine Robinson on behalf of David L. Babson and Company, and lasted for approximately one-half hour.  No agreements were reached on Interrogatories

Numbers 5, 6 and 10.  Accordingly each of these matters remains outstanding to be decided by the Court.

## II.    Nature of Case and Facts Relevant to the Discovery Matters to be Decided

This matter involves a five (5) count Complaint, claiming two (2) violations of Title VII under Civil Rights Act of 1964, as amended, a violation of 42 USC §1981, violation of the Massachusetts Anti-Discrimination Statute, M.G.L. c.151(B) and both intentional and negligent infliction of mental distress.  Mr. Williams, an African-American, has alleged that during his employment with the Defendant's company, he was discriminated against and suffered disparate treatment all to his detriment.

In his interrogatories to Defendant, David L. Babson, the Plaintiff sought information regarding the Defendant's work place practices for complaints regarding racially discriminatory employment or work condition practices, hostile work environment and information regarding the denial of specific allegations in the Plaintiff's Complaint.

## III.    Interrogatories and Plaintiff's Position as to Contested Issues

### Interrogatory Number 5

State the name, last known address and telephone number of each of your officers, agents, representatives and/or employees who were responsible for promulgating, creating, implementing, publishing, disseminating, providing information and/or education about, counseling about, receiving complaints about, investigating and/or enforcing any and all procedures concerning or that sought to insure that racially discriminatory employment or work condition practices did not occur in your workplace and/or in the course of your business.

OBJECTIONS:  See General Objections B(1), B(2), B(3), C, E, below:

B.    Babson objects to Plaintiff's Interrogatories to the extent that (1) they are unclear, vague and ambiguous; (2) they are overboard, unduly burdensome or indefinite in scope; and (3) they seek information that is not relevant to the subject matter of the pending action, not reasonably calculated to lead to the discovery of admissible evidence or not within the scope of Federal Rule of Civil Procedure 26(b)(1).

C.      Babson objects to Plaintiff's Interrogatories to the extent that they seek confidential personal information about an employee other than plaintiff disclosure of which would be an unwarranted invasion of such other employee's privacy.  Babson further objects to answering any part of any interrogatory requesting personal information about an employee other than plaintiff prior to entry by the Court of an appropriate protective order.

E.      Pursuant to Local Rule 26.1(C) of the Local Rules of the Federal District Court for the District of Massachusetts ("Local Rule 26.1(C)"), Babson objections to answering Plaintiff's Interrogatories on the grounds that Plaintiff has not complied with the discovery event limitations in Local Rule 26.1(C).

<u>ANSWER</u>:  Without waiving and subject to its objections, Babson states as follows:

Many people have had responsibility over the years for developing the policies and procedures that state Babson's commitment to prohibiting racially discriminatory employment practices and conditions in the workplace.  I, along with Mary Thornton, am responsible for counseling, receiving complaints about, investigating and assisting with enforcement concerning allegations, if any, about racially discriminatory practices or work conditions in Babson's workplace.  Employees in MassMutual's HR Professional Services also are available to receive complaints, if any, concerning alleged racially discriminatory employment practices and conditions on Babson's workplace.

<u>PLAINTIFF'S POSITION</u>:

In responding to this interrogatory, the Defendant noted that "many people have had responsibility over the years for developing the policies and procedures that state Babson's commitment in the workplace".  However, the Defendant has failed as requested by Interrogatory Number 5, to identify any of those individuals.  The Plaintiff has alleged that racially discriminatory employment and/or work condition practices were in existence at Defendant company.  Accordingly, the Plaintiff is seeking the identity of those individuals who are responsible for promulgating, creating, implementing, publishing, disseminating, providing information and/or education about counseling about, procedures to ensure that those conditions did not exist.

Pursuant to FRCP 26(B)(1), "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the parties seeking discovery or to the claim or defense of any other party … the information sought need not be admissible at trial, if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."  The First Circuit Court of Appeals has noted that the plain language of Rule 26(B)(1) "contemplates wide ranging discovery to the fullest possible extent." Klonoski, M.D., et al. v. Mahlab, M.D., et al., 156 F.3d 255, 267 (1st Cir. 1998).  In its answer to the Plaintiff's Complaint, the Defendant has alleged two separate defenses, the Fifteenth and Sixteenth Defenses, which place the adequacy of its workplace policies on harassment into issue. In the Fifteenth Defense, the defendant claims that the plaintiff "failed to take advantage of any preventative or corrective opportunities provided by defendants" and in the Sixteenth (16th) Defense, the defendant claims that "[s]ome or all of plaintiff's claims fail because defendants exercised reasonable care to prevent and promptly correct any alleged racially harassing behavior".

At this point, the plaintiff is seeking discovery regarding the implementation of policies to prevent racially discriminatory employment practices and condition at Defendant business. Accordingly, plaintiff is seeking the names of the individuals who created, implemented, and otherwise were involved in the formulation of internal procedures, which sought to prevent discriminatory employment or work condition practices.  This information is necessary to allow the plaintiff the opportunity to further develop his claims in this case and to ensure that the defendant had in fact worked to create an environment free from racially discriminatory employment or work condition practices.

This information is relevant to the plaintiff's claim and/or is likely to lead to the discovery of admissible information, and should be ordered disclosed by the Court.

**<u>Interrogatory Number 6</u>**

State the name, last known address and telephone number of each of your officers, agents, representatives and/or employees who were responsible for promulgating, creating, implementing, publishing, disseminating, providing information and/or education about, counseling about, receiving complaints about, investigating and/or enforcing any and all procedures concerning or that sought to insure that a hostile work environment did not occur in your workplace and/or in the course of your business.

<u>OBJECTIONS</u>:  See General Objections B(1), B(2), B(3), C, E.

<u>ANSWER</u>:  Without waiving and subject to its objections, Babson states as follows:

Many people have had responsibility over the years for developing the policies and procedures that state Babson's commitment to insuring a workplace that is free of improper harassment.  I, along with Mary Thornton, am responsible for counseling, receiving complaints about, investigating, and assisting with enforcement with respect to allegations, if any, made about harassment or a hostile work environment in Babson's workplace.  Employees in MassMutual's HR Professional Services also are available to receive complaints, if any, concerning an alleged hostile work environment in Babson's workplace.

<u>PLAINTIFF'S POSITION</u>: .

In responding to this interrogatory, the Defendant noted that "many people have had responsibility over the years for developing the policies and procedures that state Babson's commitment to insuring a workplace that is free of improper harassment".  However, the Defendant has failed, as requested by Interrogatory Number 6, to identify any of those individuals.  The plaintiff has alleged that racially discriminatory employment and/or work condition practices were in existence at defendant company.  Accordingly, the plaintiff is seeking the identity of those individuals who are responsible for promulgating, creating, implementing, publishing, disseminating, providing information and/or education about or counseling about, procedures to ensure that those conditions did not exist.

Pursuant to Rule 26(B)(1), "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the parties seeking discovery or to the claim or defense of any other party … the information sought need not be admissible at trial, if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." The first Circuit Court of Appeals has noted that the plain language of Rule 26(B)(1) "contemplates wide ranging discovery to the fullest possible extent." <u>Klonoski, M.D., et al. v. Mahlab, M.D., et al.</u>, 156 F.3d 255, 267 (1st Cir. 1998). In its answer to the Plaintiff's Complaint, the Defendant has alleged two separate defenses, the Fifteenth and Sixteenth Defenses, which place the adequacy of its workplace policies on harassment into issue. In the Fifteenth Defense, the defendant claims that the plaintiff "failed to take advantage of any preventative or corrective opportunities provided by defendants" and in the Sixteenth (16th) Defense, the defendant claims that "[s]ome or all of plaintiff's claims fail because defendants exercised reasonable care to prevent and promptly correct any alleged racially harassing behavior".

At this point, the plaintiff is seeking discovery regarding the implementation of policies to prevent a hostile work environment at the defendant company. Accordingly, plaintiff is seeking the names of the individuals who created, implemented, and otherwise were involved in the formulation of internal procedures, which sought to prevent such a hostile environment. This information is necessary to allow the plaintiff the opportunity to further develop his claims in this case and to ensure that the defendant had in fact worked to create an environment which did not encourage or condone a hostile work environment.

This information is relevant to the plaintiff's claim and/or is likely to lead to the discovery of admissible information, and should be ordered disclosed by the Court.

**Interrogatory Number 10**

Please state your basis for your denial of the contention in paragraph 39 of the Complaint that "[n]umerous other African-American, executive-level (and other) Mass Mutual employees have been terminated and/or resigned (without other employment prospects and in much disparate fashion than has been the case with other employees of different ethnic backgrounds) during the period from Fall of 2000 to the present", identifying all documents or communications supporting such denial.

OBJECTIONS:  See General Objections B(1), B(3), E, above, D, below:

D.    Babson objects to Plaintiff's Interrogatories to the extent that Plaintiff's Interrogatories purport to impose burdens and requirements on Babson beyond those imposed by the Federal Rules of Civil Procedure.

ANSWER:  Without waiving and subject to its objections, Babson states as follows:

To the extent that I understand this contention, which is confusing, I do not believe that "numerous … African-American, executive-level (and other) MassMutual employees have been terminated and/or resigned (without other employment prospects and in much disparate fashion than has been the case with other employees of different ethnic backgrounds) during the period from Fall of 2000 to the present."

PLAINTIFF'S POSITION:    In his Complaint, the Plaintiff has alleged that "numerous other African-American, executive-level MassMutual employees have been terminated and/or resigned … during the period from Fall of 2000 to the present".  In Interrogatory Number 10, the plaintiff noted that the Defendant had denied this claim and sought the identity of all documents and/or communications supporting the denial.  In answering this interrogatory, the defendant, simply responded that they did not believe the allegation.

The plaintiff is seeking any and all documentary evidence which would show that other African-American executive-level MassMutual employees had not been terminated and/or resigned during the period from the Fall of 2000 to the present. This could include the names of such individuals, any statistical data representing the hiring or employing of minorities or any documents which would tend to disprove the plaintiff's allegation.

The importance of this information is clear. The plaintiff has claimed that the defendant terminated or forced the resignation of numerous African-American employees from the Fall of 2000 to the present.  It is likely that the defendant will seek to rebut this contention by introducing evidence of its hiring/retention of minority workers at this level. In order to fully prepare his case, the plaintiff is seeking information regarding the evidence the defendant will put forward.

This information is relevant to the plaintiff's claim and/or is likely to lead to the discovery of admissible information, and should be ordered disclosed by the Court.

Respectfully submitted:
ISAAC WILLIAMS, JR.
By His Attorney:

/s/ Patrick S. Bristol, Esq.
Patrick S. Bristol, Esq. (Pro Hac Vice)
John Reilly & Associates
Suite 330 - Summit West
300 Centerville Road
Warwick, RI  02886
(401) 739-1800
Fax:  (401) 738-0258

The undersigned hereby certified that the provisions of Local Rule 37.1 have been complied with.

/s/ Patrick S. Bristol, Esq.

**DATED: March 11, 2005**