UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ISAAC WILLIAMS, JR.

v.                                                                                     C.A. No. 03 CV 11470 MAP

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY
(a/k/a MASSMUTUAL FINANCIAL GROUP) and
DAVID L. BABSON & COMPANY, INC.
(a/k/a DAVID L. BABSON AND COMPANY)

## PLAINTIFF'S MOTION FOR RECONSIDERATION AND OR CLARIFICATION OF REVISED SCHEDULING ORDER DATED DECEMBER 30, 2004

**I.     INTRODUCTION**

On December 30, 2004, this Court entered a Revised Scheduling Order in response to the plaintiff's Motion to Amend Scheduling Order. Included in that Revised Scheduling Order was an Order that "[a]ll non-expert depositions shall be completed by March 31, 2005, provided that plaintiff shall forthwith reimburse defendants counsel for four of approximately six hours of time previously expended for preparation of depositions canceled by plaintiff at the last moment". Over the course of the next two and one-half months, counsel for the plaintiff and defendants exchanged telephone calls, letters, faxes and pleadings, yet the defendants never indicated they were seeking the payment ordered by the Court, nor did they furnish any information concerning what hours had been allegedly expanded nor the hourly rates they claimed were due.

After numerous delays occasionally by the unavailability of defense counsel, the deposition of a witness employed by defendant was finally scheduled for March 15, 2005. On March 9, 2005, counsel for defendants sent, by fax and first class mail, a letter addressed to undersigned counsel seeking reimbursement to the defendants for four of six hours in time spent preparing witnesses for depositions that were noticed and subsequently canceled. The offered no

explanation as to why it took so long for them to compose and send this single paged correspondence. The letter indicated that payment had been requested in the amount of $1,200, $700 of that being comprised of two (2) hours of Mr. Dibble's time at $350 per hour and two (2) hours of Ms. Robertson's time at $250 per hour. This was the first time that defendants' counsel indicated the hourly rate to be charged and how much time each attorney had spent in preparing for the canceled depositions.

The deposition of Mr. Reese went forward on March 15, 2005 at which time counsel for the defendant made certain representations on the record. The defendants took the position that "there would be no further discovery in this case permitted because it was not permitted by Judge Neiman's Order, after Mr. Reese's deposition unless or until that money is paid as provided for as the Court so ordered".[1]

During the deposition of Mr. Reese, who was one of the individuals whose deposition had been previously, Mr. Reese was questioned about preparation for both the instant deposition and the deposition previously cancelled. Mr. Reese indicated that in preparing for the deposition that was cancelled, he had met <u>concurrently</u> with <u>both</u> Attorney Dibble <u>and</u> Attorney Robertson for approximately one and one-half hours.

To ensure that discovery in this matter continue in a prompt and expedient fashion, Plaintiff has provided a check to the Defendant in the amount of $1,200. That payment was made under protest and subject to this request reconsideration and/or clarification of the Court's Revised Scheduling Order dated December 30, 2004.

---

[1] The transcript of certain portion of Mr. Reese's deposition regarding the reimbursement of counsel fees is attached hereto as Exhibit "A". This transcript was apparently ordered immediately following the deposition of Mr. Reese, as it was in undersigned counsel's office by the time the attorney taking the deposition returned from the deposition.

**II.    LEGAL ARGUMENT**

The Plaintiff in this matter is seeking the reconsideration and/or clarification of the Court's Revised Scheduling Order dated December 30,2 004 for two reasons:  (1) the Court has not made a finding regarding the "reasonableness" of the attorney fees charged by Defendant's counsel in this matter; and (2) the Court has offered no guidance regarding which of the attorneys' fees involved in the case should be reimbursed.

When a court orders the payment of attorney's fees, the fees imposed must be reasonable. In the instant matter, it is unclear if the $1,200 fee requested by the Defendants is reasonable based on the testimony of Stuart Reese that at least three attorneys attended the meetings held to prepare him for his deposition.  While only Mr. Dibble and Ms. Robertson have charged for their time involved in those meetings, it appears excessive and unreasonable to have two such experienced attorneys preparing for a deposition.  Accordingly, the Plaintiff requests that this Court reconsider and/or clarify its earlier order regarding the reasonableness of the attorneys fees requested in this matter.  See In Re Ray, 283 B.R. 70, 83 (N.D. Okla. 2002) (in bankruptcy proceeding noting that order of attorneys' fees should not include time spent with attorneys conferring with each other or performing what seems to have been the same task).

Additionally, there has been no explanation by defense counsel of why the initial preparation of the witness constituted "lost time".  It is likely that much of the material covered with the witness in the first meeting would not have to be covered again during a second meeting.  Therefore, it would appear that the time spent prior to the canceled depositions was not "lost" in its entirety.

Finally, the Court in its Revised Scheduling Order, has provided no explanation of the amount of fees to be charge, only the amount of time to charged.  Defendants' counsel has

concluded that the Order would require payment of two (2) hours of Mr. Dibble's time as $350 per hour and two (2) hours of Ms. Robertson's time at $250 per hour for a total of $1,200. The Court did not order such a division of attorneys' fees and the Plaintiff respectfully requests that the defendants provide an hourly breakdown of the rates which the Plaintiff is required to reimburse the Defendants for. This will allow the Court to determine the proper division of the fees imposed.

Accordingly, the Plaintiff respectfully requests that this Court reconsider and/or clarify its Revised Scheduling Order dated December 30, 2004.

                                              Respectfully submitted:
                                              The Plaintiff
                                              ISAAC WILLIAMS, JR.
                                              By His Attorney:

                                              /s/ Patrick S. Bristol, Esq.
                                              Patrick S. Bristol, Esq. (Pro Hac Vice)
                                              John Reilly & Associates
                                              Suite 330 - Summit West
                                              300 Centerville Road
                                              Warwick, RI  02886
                                              (401) 739-1800
                                              Fax:  (401) 738-0258