UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 03-CV-11470 MAP

| | |
|---|---|
| ISAAC WILLIAMS, JR., )<br>      Plaintiff )<br>v. )<br>)<br>MASSACHUSETTS MUTUAL LIFE )<br>INSURANCE COMPANY (a/k/a )<br>MASSMUTUAL FINANCIAL GROUP) )<br>and DAVID L. BABSON & COMPANY, INC. )<br>(a/k/a DAVID L. BABSON AND COMPANY), )<br>      Defendants | AFFIDAVIT OF<br>ROBERT K. RANCKE |

I, Robert K. Rancke, hereby depose and state as follows:

1.    I am an attorney and member of the bar of the Commonwealth of Massachusetts. I am employed by Massachusetts Mutual Life Insurance Company ("MassMutual") as a Second Vice President and Associate General Counsel. I joined MassMutual as a member of its Law Division on February 4, 1991.

2.    As a member of MassMutual's Law Department, my primary responsibilities are to provide legal advice on a variety of issues, including compliance and contractual matters, to employees of the MassMutual Financial Group of companies who request such advice and to manage litigation matters involving the MassMutual Financial Group of companies. My other responsibilities include providing training to employees on various compliance related issues and, on occasion, assisting with negotiations on behalf of MassMutual or one of the MassMutual Financial Group of companies.

3.    The communications I have with employees of the MassMutual Financial Group of companies for purposes of providing legal advice are made in confidence to employees who request such advice in connection with their duties and responsibilities as employees of the

MassMutual Financial Group of companies. I also have confidential communications with employees of the MassMutual Financial Group of companies in connection with my responsibilities related to managing litigation matters.

4. I am aware of the captioned litigation initiated by plaintiff Isaac Williams, Jr. against MassMutual and Babson Capital Management, LLC (formerly David L. Babson & Company, Inc.) ("Babson").

5. Any communications I had concerning plaintiff's employment, or the termination of his employment, with Babson, were confidential communications with MassMutual or Babson employees for purposes of providing legal advice, or were with MassMutual's in-house or outside counsel following receipt of plaintiff's EEOC charge of discrimination. To the best of my knowledge, those communications were never disclosed to anyone other than to counsel in the course of defending this litigation. I did not have any other role concerning plaintiff's employment with, or termination from employment with, Babson.

6. I did not have any role at any time concerning plaintiff's employment while he was employed by MassMutual as an employee assigned to MassMutual's Investment Management Division.

Signed under the penalties of perjury this 24th day of March, 2005.

/s/ Robert K. Rancke
Robert K. Rancke
Second Vice President and
 Associate General Counsel