UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 03-CV-11470 MAP

| | |
|---|---|
| ISAAC WILLIAMS, JR., )<br>        Plaintiff )<br>v. )<br>)<br>MASSACHUSETTS MUTUAL LIFE )<br>INSURANCE COMPANY (a/k/a )<br>MASSMUTUAL FINANCIAL GROUP) )<br>and DAVID L. BABSON & COMPANY, INC. )<br>(a/k/a DAVID L. BABSON AND COMPANY), )<br>        Defendants | OPPOSITION TO MOTION OF<br>PLAINTIFF ISAAC<br>WILLIAMS, JR., TO COMPEL<br>DISCOVERY BY DEFENDANT,<br>DAVID L. BABSON &<br>COMPANY, PURSANT TO<br>RULE 37 |

**I.     Introduction**

Defendant Babson Capital Management, LLC (formerly David L. Babson & Company, Inc.) ("Babson"), hereby opposes the Motion of Plaintiff, Isaac Williams, Jr., To Compel Discovery by Defendant, David L. Babson & Company, Pursuant to Rule 37 ("Plaintiff's Motion to Compel") for the following reasons:

- To the extent that plaintiff's interrogatories 5 and 6 sought discoverable information, Babson answered those interrogatories and plaintiff has not offered any basis for how any additional information that might be responsive to those interrogatories would be relevant to the claims or defenses of any party or likely to lead to the discovery of admissible evidence; and

- Babson has answered plaintiff's interrogatory 10 and plaintiff cannot compel Babson to speculate as to what documents or evidence might refute a contention that Babson has no reason to believe is true.

**II.     Relevant Background**

Plaintiff was hired by Massachusetts Mutual Life Insurance Company ("MassMutual") effective February 16, 1998 in MassMutual's Investment Management organization. On or around December 1, 1999, MassMutual's Investment Management organization merged with Babson, an existing subsidiary of MassMutual, and plaintiff became a Babson employee. On or

around October 2, 2000, plaintiff was assigned to the newly-created position of Director of Corporate Communications, reporting to Edward Bickford. Plaintiff alleged in his complaint that he was subjected to a hostile environment while reporting to Mr. Bickford and constructively discharged or terminated based on race. Babson and MassMutual deny that plaintiff was subjected to a hostile environment or that he was constructively discharged based on race. It is undisputed that plaintiff left the workplace on medical leave on or around April 29, 2002 during an investigation of a complaint of inappropriate conduct made against him by an African American student whom he met at the University of Virginia during a recruiting trip. Plaintiff never returned to work at Babson.

Plaintiff filed an administrative Charge of Discrimination with the EEOC on or around December 10, 2002. On May 7, 2003, the EEOC dismissed the action because the evidence submitted failed to indicate that a violation of the law had occurred and it was unlikely that the EEOC would find a violation of law if it invested additional resources. Following the EEOC's dismissal of plaintiff's Charge of Discrimination, plaintiff filed his complaint in this action on or around August 7, 2003. In his complaint, he alleged, among other things, that "numerous other African-American, executive-level (and other) employees have been terminated or resigned (without any employment prospects and in much disparate fashion than has been the case with other employees of different ethnic backgrounds) during the period from the Fall of 2000 to the present." Complaint, ¶ 39.

In plaintiff's answers to interrogatories propounded by the Defendants and in his deposition testimony, as support for his contention in paragraph 39 of his complaint, plaintiff identified certain African American individuals formerly employed by MassMutual, some of whom resigned and some of whom were involuntarily terminated, who, according to plaintiff,

believed that they have been discriminated against during their MassMutual employment. None of these individuals ever filed a complaint of racial discrimination against MassMutual. Plaintiff identified no individual formerly employed by Babson whom he claimed had been terminated or resigned "in much disparate fashion than has been the case with other employees of different ethnic backgrounds."

### III.   Argument

1. **The Defendants Have Answered Plaintiff's Interrogatories 5 and 6 Insofar as Those Interrogatories Sought Information Relevant to the Claims and Defenses of Any Party**

"The party seeking information in discovery over an adversary's objection has the burden of showing its relevance." *Caouette v. OfficeMax, Inc.,* 352 F. Supp.2d 134, 136 (D.N.H. 2005), *citing Whittingham v. Amherst Coll.,* 164 F.R.D. 124, 127 (D. Mass. 1995). Plaintiff's Motion to Compel as to plaintiff's interrogatories 5 and 6 should be denied because plaintiff has not shown that any supplemental information that might be responsive to these interrogatories would be relevant to the claims or defenses of any party to this litigation. *See* Fed. R. Civ. P. 26(b).

In summary, plaintiff's interrogatories 5 and 6 asked Babson to provide the last known address of each of its employees who were responsible for "promulgating, creating, implementing, publishing, disseminating, providing information and/or education, about, counseling about, receiving complaints about, investigating and/or enforcing any and all procedures" for ensuring that "racially discriminatory employment or work conditions practices" or a hostile work environment did not occur in the Babson workplace. *See* Plaintiff's Motion to Compel at 2, 5. The instructions section of plaintiff's interrogatories defined the relevant period for responding to interrogatories as October 23, 1997 to the present.

3

Babson agrees that plaintiff is entitled to information concerning Babson's policies and procedures for preventing discrimination and harassment in the workplace and addressing complaints, if any, concerning alleged discrimination or harassment. Babson has, in fact, provided plaintiff with such information in this case, including at least the following:

- Babson's answers to plaintiff's interrogatories 5 and 6 identified the two Babson employees who are responsible, and have been responsible at all times relevant to this action, for counseling, receiving complaints about, investigating and assisting with enforcement concerning any allegedly racially discriminatory employment practices or allegations, if any, about harassment or hostile work environment.

- The defendants produced a number of documents concerning the defendants' commitment to providing a workplace free of improper discrimination and harassment.[1] Among those documents were documents specific to Babson that described the steps to be taken by any Babson employee who had concerns regarding harassment or discrimination and the steps to be taken by Babson to ensure compliance with its equal opportunity, anti-discrimination and anti-harassment policies. Those documents again identified all individuals responsible, during the relevant time, for addressing any employee concerns about alleged discriminatory treatment or harassment in Babson's workplace.

- Susan Moore, Managing Director and Director of Human Resources for Babson, was identified as one of the employees responsible for counseling, receiving complaints about, investigating and assisting with enforcement concerning any allegedly racially discriminatory employment practices or allegations, if any, about harassment or hostile

---

[1] Plaintiff served a single set of document production requests addressed to both defendants.

work environment. Ms. Moore testified extensively at her March 18, 2005 deposition about her role in addressing any allegations of discrimination and harassment by Babson employees and her training and education relevant to her role in ensuring compliance with Babson's equal employment, anti-discrimination and anti-harassment policies and procedures.

Babson objected to plaintiff's interrogatories 5 and 6 insofar as the interrogatories were overly broad and unduly burdensome and sought information not relevant to the claims or defenses of any party. Babson pointed out, in its answers to plaintiff's interrogatories 5 and 6, that many individuals have had responsibility, over a substantial period of time, for developing the policies and procedures for preventing improper discrimination and harassment in Babson's workplace that were in effect in late 2000 through early 2002, when, according to plaintiff, he was subjected to unequal treatment and harassment based on race. *See* Complaint, ¶¶ 12 – 27. In addition, many individuals have had some responsibility for ensuring compliance with those policies. Among other things, Babson's written policies provided at the relevant time (and provide today) that all Babson employees were responsible for ensuring compliance with Babson's policies prohibiting improper discrimination and harassment.

Plaintiff's interrogatories 5 and 6 require Babson to identify every Babson employee who played any role in drafting, revising, distributing or enforcing Babson's anti-discrimination and anti-harassment policies from October 23, 1997 to the present. So far as Babson is aware, the content of its policies and procedures is not at issue in this case. Plaintiff has not shown why the identity of employees involved in drafting or revising its policies would be relevant. Plaintiff was not employed by Babson in 1997 or 1998, and did not become a Babson employee until the end of 1999. Plaintiff has not shown why the identity of employees charged with distributing or

5

enforcing anti-discrimination and anti-harassment policies before he was employed by Babson would be relevant in this case.

In fact, plaintiff has not met his burden of showing how **any** additional information that Babson might be able to locate that might be responsive to plaintiff's interrogatories 5 or 6 could be relevant to the claims or defenses of any party to this action. Plaintiff has done nothing more than assert in conclusory terms that the information sought by plaintiff's interrogatories 5 and 6 "is necessary to allow the plaintiff to further develop his claims in this case." Plaintiff's Motion to Compel at 4, 6. During the March 7, 2005 discovery conference between the parties' counsel, Babson's counsel asked plaintiff's counsel to explain plaintiff's reasons for seeking additional information in response to plaintiff's interrogatories 5 and 6. Plaintiff's counsel stated that he believed that the important information requested by the interrogatories was the identity of the individuals responsible for receiving and investigating complaints about alleged discrimination or harassment and enforcing policies and procedures against discrimination and harassment in Babson's workplace. Babson's counsel pointed out that this was precisely the information that Babson had provided and said that if plaintiff's counsel would explain why any additional information would be relevant to the claims or defenses of any party, Babson would consider supplementing its answer. Despite indicating that he would explain the reasons why plaintiff might be entitled to further information in response to plaintiff's interrogatories 5 and 6, plaintiff's counsel did not do so. *See* Counsel's Affidavit in Support of Opposition to Plaintiff's Motion to Compel ("Affidavit of Counsel"), ¶ 2. Instead, plaintiff filed Plaintiff's Motion to Compel.

As to Babson's answers to plaintiff's interrogatories 5 and 6, Plaintiff's Motion to Compel should be denied because plaintiff has not shown how any additional information that

might be responsive to plaintiff's interrogatories 5 and 6 could be relevant to the claims or defenses of any party to this action. *See Caouette*, 352 F. Supp.2d at 136 (denying motion to compel discovery when plaintiff failed to explain how data he sought was relevant to his claim); *Whittingham,* 164 F.R.D. at 127 (denying motion to compel production of documents when plaintiff failed to show relevance of information requested).

> **2. Babson Answered Plaintiff's Interrogatory 10 and Plaintiff Cannot Compel Babson to Speculate as to What Documents or Evidence Might Refute a Contention that Babson has no Reason to Believe is True**

Plaintiff's interrogatory 10 asked Babson to state the basis of its denial of the contention in paragraph 39 of plaintiff's complaint, set forth above on page 2, and to identify all documents and communications supporting the denial. The interrogatory was posed to Babson, not MassMutual. Babson answered plaintiff's interrogatory 10 as follows:

"To the extent that I understand [the contention in paragraph 39 of plaintiff's complaint], which is confusing, I do not believe that 'numerous . . . African-American, executive-level (and other) MassMutual employees have been terminated and/or resigned (without other employment prospects and in much disparate fashion than has been the case with other employees of different ethnic backgrounds) during the period from Fall of 2000 to the present.'"

Plaintiff's Motion to Compel apparently seeks to an order compelling Babson to compile a list of African-American employees of Babson who were not terminated or did not resign from Fall 2000 to the present, or to provide statistical data representing the hiring or employment of minorities, or to identify some other unspecified document or documents "which would tend to disprove the plaintiff's allegation." Plaintiff claims that he is entitled to have Babson provide such information in response to plaintiff's interrogatory 10 because "it is likely that [Babson] will seek to rebut [the contention in paragraph 39 of plaintiff's complaint] by introducing evidence of its hiring/retention of minority workers at this level." *See* Plaintiff's Motion to Compel at 7.

7

Plaintiff's contention that Babson should be compelled to identify specific documents or facts that would tend to disprove plaintiff's allegation makes no sense. Plaintiff's allegation in his complaint is not evidence, let alone proof, of any pattern or practice of discrimination by Babson. This is a disparate impact case involving a highly individualized claim of discrimination and harassment. According to plaintiff's complaint, he experienced no discrimination, disparate treatment or harassment as an employee of Babson (or MassMutual) until he was assigned, in or around October 2000, to the position of Director of Corporate Communications reporting to Mr. Bickford. *See* Complaint, ¶¶ 12-16. During his deposition, plaintiff conceded that he could not identify any African-American individual who had been employed by Babson other than himself whom he claimed had been discriminated against by Babson on the basis of race. *See* Affidavit of Counsel, ¶ 3. In other words, plaintiff has identified no credible evidence to substantiate the allegation in paragraph 39 of his complaint. Babson cannot be compelled to speculate on what documents or evidence might theoretically support a denial of a pattern or practice that plaintiff has failed to substantiate and Babson has no reason to believe exists.

Local Rule 26.5 requires a party asked to state the basis for a particular claim, assertion, allegation, or contention to identify every document and communication which forms any part of the source of the party's information; to state the acts or omissions to act which form any part of the party's information regarding the alleged facts; and to state separately any other fact which forms the basis of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory. *See* L. R. 26.5(C)(8). There are no documents, communications, acts or omissions to act, or other facts that form the source of Babson's information regarding its denial of the allegation in paragraph 39 of plaintiff's complaint. Babson's denial reflects the

absence of any credible information supporting the allegation in paragraph 39 of plaintiff's complaint.

As to plaintiff's interrogatory 10, Plaintiff's Motion to Compel should be denied because Babson has answered plaintiff's interrogatory 10. *See Eane Corp. v. Auburn,* 176 F.R.D. 433, 436-437 (D. Mass. 1997) (denying plaintiff's motion to compel answers to its interrogatories when, although plaintiff was not satisfied with the answers, the defendants had answered plaintiff's interrogatories).

### IV.   Conclusion

For the foregoing reasons, Babson respectfully requests that the Motion of Plaintiff, Isaac Williams, Jr., To Compel Discovery by Defendant, David L. Babson & Company, Pursuant to Rule 37 be denied in its entirety.

The Defendant,
BABSON CAPITAL MANAGEMENT, LLC
By Its Attorneys:

Dated:  March 25, 2005          /s/ Katherine A. Robertson
                                Francis D. Dibble, Jr.
                                 BBO No. 123220
                                Katherine A. Robertson
                                 BBO No. 557609
                                Bulkley, Richardson and Gelinas, LLP
                                1500 Main Street, Suite 2700
                                Springfield, MA  01115-5507
                                Tel:  (413) 781-2820
                                Fax: (413) 272-6804

293199