UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 03-CV-11470 MAP

| | |
|---|---|
| ISAAC WILLIAMS, JR.,        )<br>             Plaintiff        )<br>v.                              )<br>                                )<br>MASSACHUSETTS MUTUAL LIFE    )<br>INSURANCE COMPANY (a/k/a      )<br>MASSMUTUAL FINANCIAL GROUP)   )<br>and DAVID L. BABSON & COMPANY, INC. )<br>(a/k/a DAVID L. BABSON AND COMPANY), )<br>             Defendants | AFFIDAVIT OF COUNSEL IN<br>SUPPORT OF OPPOSITION<br>TO PLAINTIFF'S MOTION TO<br>COMPEL DISCOVERY BY<br>DEFENDANT, DAVID L.<br>BABSON & COMPANY,<br>PURSUANT TO RULE 37 |

I, Katherine Robertson, hereby depose and state as follows:

1.      I am a partner in Bulkley, Richardson and Gelinas, LLP, counsel for defendants Massachusetts Mutual Life Insurance Company and Babson Capital Management, LLC ("Babson") in the captioned action. I have assisted in conducting discovery in this case. I am making this affidavit in support of Babson's Opposition to Motion of Plaintiff, Isaac Williams, Jr., to Compel Discovery by Defendant, David L. Babson & Company, Pursuant to Rule 37.

1.      On February 10, 2005, I received a letter from plaintiff's counsel requesting a date for a discovery conference regarding Babson's answers and objections to plaintiff's interrogatories to Babson. On February 13, 2005, I responded to that letter, by facsimile and first class mail, informing plaintiff's counsel that all counsel of record for the defendants were on trial in Hampden County Superior Court and anticipated at the trial would last until February 23 or 24, 2005. I asked plaintiff's counsel to identify a date during the week of February 28, 2005 for a discovery conference. Plaintiff's counsel did not respond to my request that he set a date for a discovery conference until March 3, 2005, when we agreed to confer on March 7, 2005.

2. According to my notes, during the discovery conference, I asked plaintiff's counsel to explain the relevance of the information sought by plaintiff's interrogatories 5 and 6. Plaintiff's counsel said that, in his view, the relevant information was the identity of the individuals responsible for receiving and investigating complaints about harassment and discrimination by Babson employees and enforcing Babson's anti-discrimination and anti-harassment policies. I pointed out that Babson had provided that information, and said that if plaintiff would explain what additional information he sought in response to interrogatories 5 and 6 and why it might be relevant in the case, Babson would consider supplementing its answers. I did not hear back from plaintiff's counsel on this point.

3. On October 28, 2004, I took plaintiff's deposition. During his deposition, plaintiff was asked whether he could identify any other individual who had been employed by Babson who had been discriminated against on the basis of race. Plaintiff testified that he "probably was referring to [him]self there." He did not identify any other Babson employee whom he claimed had been discriminated against on the basis of race. Attached hereto as Exhibit 1 is a true and accurate copy of a relevant portion of plaintiff's deposition testimony.

Signed under the penalties of perjury this 25th day of March, 2005.

/s/ Katherine Robertson
Katherine Robertson