# EXHIBIT 1

Case 3:03-cv-11470-MAP    Document 45-2    Filed 03/25/2005    Page 2 of 2

ISAAC WILLIAMS, JR. vs. MASSMUTUAL ET AL
ISAAC WILLIAMS, JR.                          OCTOBER 28, 2004

357

| Time | # | Text |
|---|---|---|
| 07:00:51 | 1 | A.  I think she was maybe cc'ed or got a |
| 07:00:56 | 2 | blind copy.  I'm not sure. |
| 07:00:57 | 3 | Q.  Do you recall whether she was identified |
| 07:00:59 | 4 | as a recipient on the e-mail on the "to"? |
| 07:01:04 | 5 | MR. REILLY:  Again, we're requesting |
| 07:01:06 | 6 | that it be produced and it should be produced as |
| 07:01:09 | 7 | part of our document request. |
| 07:01:10 | 8 | MS. ROBERTSON:  I don't have your |
| 07:01:12 | 9 | request in front of me. |
| 07:01:16 | 10 | Q.  (BY MS. ROBERTSON)  What is your basis |
| 07:01:29 | 11 | for saying that policies of content-based |
| 07:01:32 | 12 | discrimination, selective treatment of |
| 07:01:35 | 13 | African-American employees through pretextural use |
| 07:01:38 | 14 | of employment reviews and procedures are |
| 07:01:41 | 15 | universally understood and consistently utilized |
| 07:01:44 | 16 | by senior management? |
| 07:01:45 | 17 | A.  I think that goes back to what I said |
| 07:01:48 | 18 | earlier -- that MassMutual, David L. Babson will, |
| 07:02:01 | 19 | have been in the past, attempted to always |
| 07:02:07 | 20 | terminate blacks by performance; and it's really |
| 07:02:16 | 21 | spelled out more in that letter that I'm referring |
| 07:02:18 | 22 | to.  That's my answer. |
| 07:02:28 | 23 | Q.  What examples can you give me of |
| 07:02:35 | 24 | occasions that you say Babson has attempted to |

358

| Time | # | Text |
|---|---|---|
| 07:02:39 | 1 | terminate black employees based on performance? |
| 07:02:42 | 2 | A.  Probably myself, that there was three |
| 07:02:46 | 3 | blacks from Babson. |
| 07:02:47 | 4 | I'm probably referring to myself there. |
| 07:02:48 | 5 | It is more referring to MassMutual. |
| 07:02:50 | 6 | Q.  More referring to MassMutual, is that |
| 07:02:53 | 7 | your testimony? |
| 07:02:53 | 8 | A.  That's correct. |
| 07:02:54 | 9 | Q.  You're not aware of anyone else at |
| 07:02:59 | 10 | Babson that you say was subjected to this policy |
| 07:03:11 | 11 | of content-based treatment of African-American |
| 07:03:15 | 12 | employees through the pretextural use of |
| 07:03:19 | 13 | employment reviews and procedures. |
| 07:03:22 | 14 | A.  It could be but I'm not aware of it. |
| 07:03:25 | 15 | Q.  I'm just going to move down to paragraph |
| 07:03:33 | 16 | forty-five.  I don't want to spend a lot of time |
| 07:03:35 | 17 | on this. |
| 07:03:37 | 18 | I think we started out here, but do you |
| 07:03:39 | 19 | have any basis for saying that MassMutual and |
| 07:03:42 | 20 | Babson had you placed under surveillance at your |
| 07:03:45 | 21 | place of worship? |
| 07:03:45 | 22 | A.  I believe I testified earlier, counsel, |
| 07:03:47 | 23 | that my basis for that were with the conversation |
| 07:03:51 | 24 | with the man who actually -- who I caught taking |

359

| Time | # | Text |
|---|---|---|
| 07:03:55 | 1 | the surveillance and he said insurance companies. |
| 07:03:58 | 2 | Q.  That's the only basis, is that correct? |
| 07:04:00 | 3 | A.  That's correct. |
| 07:04:03 | 4 | MS. ROBERTSON:  Let me just take a |
| 07:04:05 | 5 | five or ten minute break.  I'm hoping I'm all |
| 07:04:09 | 6 | done. |
| 07:04:10 | 7 | MR. REILLY:  Okay.  I can't let it |
| 07:04:14 | 8 | go too much longer. |
| 07:04:15 | 9 | MS. ROBERTSON:  No; I agree. |
| 07:07:10 | 10 | (A recess was taken.) |
| 07:07:10 | 11 | MS. ROBERTSON:  Mr. Reilly, I don't |
| 07:07:12 | 12 | have any further questions at this time.  I'm |
| 07:07:14 | 13 | going to suspend the deposition just because it |
| 07:07:17 | 14 | appears there may be some documents that were not |
| 07:07:20 | 15 | produced. |
| 07:07:20 | 16 | If we resume the deposition, it will be |
| 07:07:23 | 17 | for questions on documents that were not produced. |
| 07:07:27 | 18 | MR. REILLY:  For the record, we are |
| 07:07:27 | 19 | ready to continue and conclude tonight and we can |
| 07:07:31 | 20 | discuss if it is going to be resumed for a very |
| 07:07:35 | 21 | brief time, even a more central location to take |
| 07:07:38 | 22 | the rest of the deposition. |
| 07:07:41 | 23 | MS. ROBERTSON:  It is just a |
| 07:07:42 | 24 | question of do we have any documents that weren't |

360

| Time | # | Text |
|---|---|---|
| 07:07:46 | 1 | produced.  If there are any documents that we |
| 07:07:48 | 2 | don't have. |
| 07:07:49 | 3 | It happened there was some testimony |
| 07:07:51 | 4 | about some documents that might not have been |
| 07:07:53 | 5 | produced and if there are any additional documents |
| 07:07:56 | 6 | and a reason to question Mr. Williams, that would |
| 07:07:59 | 7 | be the reason to resume. |
| 07:08:01 | 8 | MR. REILLY:  I'm not willing to come |
| 07:08:03 | 9 | back to Springfield, but I will cooperate with you |
| 07:08:06 | 10 | and meet you somewhere in between. |
| 07:08:07 | 11 | MS. ROBERTSON:  We'll work on it. |
| 07:08:08 | 12 | MR. REILLY:  Well, I just want that |
| 07:08:10 | 13 | caveat.  We are ready to proceed tonight.  I'm not |
| 07:08:14 | 14 | going to agree to a suspension. |
| 07:08:18 | 15 | As it comes up, sometimes lawyers |
| 07:08:20 | 16 | discuss things that are -- |
| 07:08:23 | 17 | THE WITNESS:  (Interposing) Can I |
| 07:08:24 | 18 | talk to you? |
| 07:08:26 | 19 | MR. REILLY:  Sure. |
| 07:08:38 | 20 | (A recess was taken.) |
| 07:08:38 | 21 | MR. REILLY:  For the record, due to |
| 07:08:39 | 22 | work commitments, my client also would have |
| 07:08:42 | 23 | difficulty coming back.  We'll deal with it as it |
| 07:08:45 | 24 | comes. |