UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ISAAC WILLIAMS, JR.

v.                                                          C.A. No. 03 CV 11470 RCL

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY
(a/k/a MASSMUTUAL FINANCIAL GROUP) and
DAVID L. BABSON & COMPANY, INC.
(a/k/a DAVID L. BABSON AND COMPANY)

## MEMORANDUM IN OPPOSITION TO MOTION TO QUASH OR FOR PROTECTIVE ORDER REGARDING DEPOSITION NOTICE TO ROBERT K. RANCKE

**I.    INTRODUCTION**

On January 18, 2005, a subpoena was served on Robert K. Rancke, a member of the Law Division of Massachusetts Mutual Life Insurance Company ("MassMutual"). The subpoena sought to take the deposition of Attorney Rancke on February 15, 2005, and sought the production of certain documents in relation to that deposition. By agreement with opposing counsel, that deposition was rescheduled to February 28, 2005 and was again rescheduled to March 28, 2005 at the request of opposing counsel. At no time while this deposition was being rescheduled did opposing counsel indicate that there was a problem with the deposition of Attorney Rancke being taken.

Undersigned counsel first learned of the defendants' concerns regarding the deposition of Attorney Rancke on March 23, 2005, when a copy of the Defendants' Motion To Quash Or For Protective Order was received via facsimile. With the copy of the motion, undersigned received a letter seeking to confer on March 24, 2005 in relation to the motion. Undersigned counsel indicated to defendants' counsel during their telephone conference that the deposition of Attorney Rancke would not go forward on March 28, 2005, but that the notice of deposition

would not be withdrawn in its entirety. Undersigned counsel informed defendants' counsel that the two (2) depositions scheduled for Wednesday, March 30, 2005, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, were likely to resolve the need for the deposition of Attorney Rancke. Defendants' counsel indicated that that representation was not satisfactory, and that the Motion To Quash Or For Protective Order would be filed that day.

The plaintiff has attempted on three (3) separate occasions to conduct the deposition of Attorney Rancke. Each request for a continuation of this deposition was based on the unavailability of defendants' counsel, and was granted by plaintiff's counsel in order to conduct discovery in a productive manner. Defendants appear to have "sat" upon their rights to object to this deposition until the final moment in order to preclude the plaintiff from exercising his full right to discovery in this matter. Accordingly, the plaintiff respectfully requests that the motion to quash or for protective order be denied, and that costs be assessed against the defendants for forcing the plaintiff to respond to their motion.

## II.   LEGAL ARGUMENT

In their memorandum of law, defendants cite to the case of Dunkin' Donuts, Inc. v. Mandorico, Inc., 181 F.R.D. 208, 209 (D.P.R. 1998). See Defendants' Memorandum of Law at 6 (hereinafter "Def. Memo. at ___"). The Mandorico case in turn relied on the case of Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986), which provided a three-prong test for determining if depositions of opposing counsel should be allowed. The Shelton Court concluded that in order to allow the deposition of an attorney to go forward, a court must reach the following three conclusion:  "(1) no other means exist to obtain the information than to depose opposing counsel … (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." Shelton, 805 F.2d at 1327.

Other courts have noted the limited nature of the Eighth Circuit's decision in <u>Shelton</u>. In <u>United States v. Philip Morris, Incorporated, et al.</u>, 209 F.R.D. 13, 16 (D.C.C. 2002), the Court discussed the <u>Shelton</u> holding and noted "the Eighth Circuit did <u>not</u> state that depositions of all opposing counsel were presumably barred, nor even that trial counsel's deposition should not have been taken. Rather it held that because responses to the particular questions asked would provide a road map of trial counsel's litigation strategy, her answers were protected the work product doctrine. <u>Id.</u> at 16 (internal quotations omitted; emphasis in original). The Court went on to conclude that the <u>Shelton</u> criteria could be applied to limit depositions in only two (2) instances: "(1) when trial and/or litigation counsel are being deposed, and (2) when such questioning would expose litigation strategy in the pending case". <u>Id.</u> at 17. In the instant matter, the anticipated questioning of Attorney Rancke would not expose litigation strategy in the pending case, and, therefore, the considerations discussed in the defendants' memorandum and the <u>Shelton</u> case are not applicable to the instant matter.

Valerie Williams, the wife of the plaintiff in this matter, has submitted an affidavit in which she alleges that she was ordered by in-house counsel to "get rid of" any "risky comments" or any items in a particular personnel file that might jeopardize the company. See Affidavit of Valerie Williams, attached hereto as Exhibit A. She was also reprimanded for failing to contact in-house counsel prior to responding to a request for an employees employment file. The attorney indicated to her that the file should have been made available for his review and any "purging" instructions he might have had. The plaintiff intends to question Attorney Rancke as to his knowledge and participation in such file purging. The purging of documents from an employees file, if conducted to "protect" the company from harmful information being released, cannot be considered a valid litigation strategy. Accordingly, the plaintiff's questioning of

Attorney Rancke would not expose litigation strategy in the pending case and accordingly, the Shelton criteria do not apply to this deposition notice.

The plaintiff is seeking to establish that a common practice existed at the MassMutual Company of purging employees files of those employees involved in litigation or when claims were being presented by those employees. Mr. Williams is such an employee. As such, he is entitled to question a member of the department which is alleged to have engaged in this behavior regarding whether such behavior occurred. Additionally, he is entitled to question that individual regarding whether such behavior occurred specifically in relation to his file. Accordingly, the defendants' Motion should be denied by the Court.

If this Court were to consider the Shelton factors in this matter, the plaintiff would be able to make the required showing. First, plaintiff would be unable to obtain the information sought from a source other than Attorney Rancke or a member of the MassMutual Law Division. Valerie Williams has made a specific allegation in her affidavit that a member of the MassMutual Law Division has engaged in the purging of documents from employee files. In their Memorandum of Law, the defendants argue that the Plaintiff could have questioned Susan Moore, a member of Babson's Human Resources Department, about the file purging. Def. Memo. at 7-8. While Susan Moore could testify to the process by which an employee receives his file, she could not testify to any processes by which the Leal Department remove or purge documents from that file. Accordingly, the plaintiff could not obtain this information from any other source.

Second, the information sought is clearly relevant and not protected by the attorney/client privilege. Mr. Williams has alleged that he was subjected to a hostile environment while with the MassMutual and Babson Companies based on his race. He also claims that he made

4

numerous complaints regarding this treatment and that various individuals were aware of this treatment while he was with the company. Additionally, his wife has claimed in her affidavit that an attorney in the Law Division of MassMutual informed her to purge certain employee files. An inference can be drawn that harmful material may have been removed from Mr. Williams' employment file by the Law Division of MassMutual. Accordingly, the testimony of Attorney Rancke is relevant to the plaintiff's claim and would not be protected by the attorney/client privilege.

Finally, the information sought by the plaintiff is crucial to the preparation of his case. As previously noted, it is the plaintiff's intention, supported by the affidavit of his wife, that the Legal Department at MassMutual purged employee files for those employees involved in litigation or with the potential to bring a claim. As such an employee, the plaintiff is entitled to know if the purging of his file took place. The individual most likely to have this knowledge is Attorney Rancke and this information is crucial to the preparation of the plaintiff's claim. If further information existed regarding the plaintiff's claim which were removed from his employment file it is entitled to this information. Such information would clearly be crucial to his case, and the deposition of Attorney Rancke should be allowed in order to provide the plaintiff with an opportunity to determine whether this information exists.

### III.  CONCLUSION

For the foregoing reasons, the plaintiff respectfully requests that the Motion to Quash or for Protective Order regarding Deposition Notice to Robert K. Rancke be denied in its entirety and that the plaintiff be awarded attorney's fees incurred in responding to defendants' motion and memorandum.

        ISAAC WILLIAMS, JR.
        By his attorney,


        /s/ Patrick S. Bristol
        Patrick S. Bristol, Esq. (Pro Hac Vice)
        John Reilly & Associates
        Summit West - Suite 330
        300 Centerville Road
        Warwick, Rhode Island 02886
        (401) 739-1800
        FAX: (401) 738-0258


Certificate of Compliance with Local Rule 37.1

I, Patrick S. Bristol, counsel for the plaintiff in the above-captioned matter, hereby certify that I have conferred or attempted to confer with counsel for defendants in a good faith effort to narrow the areas of disagreement concerning the issues raised in the within memorandum.

        /s/ Patrick S. Bristol
        Patrick S. Bristol, Esq. (Pro Hac Vice)