# EXHIBIT "A"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ISAAC WILLIAMS, JR.

v.                                                          C.A. No. 03 CV 11470 MAP

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY
(a/k/a MASSMUTUAL FINANCIAL GROUP) and
DAVID L. BABSON & COMPANY, INC.
(a/k/a DAVID L. BABSON AND COMPANY)

## AFFIDAVIT OF VALERIE WILLIAMS

I, Valerie Williams, being duly sworn upon oath, hereby depose and say that:

1.  I am the wife of the plaintiff, Isaac Williams, Jr., and have personal knowledge of the matters and facts set forth in this affidavit.

2.  In October, 2002, I was employed in the Human Resources Department of the MML Investor Services Inc. (a MassMutual company).

3.  At that time, my department was one which received general distribution e-mails that were sent by Stephanie Allsup to Human Resources or Consultant Service Internal to the MassMutual companies.

4.  One of the e-mails that I received was dated October 24, 2002, sent by Ms. Allsup to Nancy Roberts and Robert O'Connell.

5.  It is my understanding that Mr. O'Connell is the Chief Executive Officer of the MassMutual companies.

6.  I was upset by the contents of the e-mail of October 24, 2002, so I printed out a copy and took it home.

2

7. The following spring, I showed a copy of this e-mail to my husband, but refused to give it to him as I was still an employee of the company.

8. I recall that after a few weeks of repeated request by my husband, I allowed him to hold the e-mail message and call his attorney, John Reilly.

9. I have subsequently seen a copy of a Memorandum from Mr. Reilly's office dated April 29, 2003, a copy of which is attached hereto and incorporated herein, by reference.

10. To the best of my recollection, Mr. Reilly's Memorandum accurately reflects the substance of the e-mail of October 24, 2002 in question.

11. It is my recollection that after leaving MassMutual, I gave my husband my copy of the e-mail in question.

12. When my husband told me that he could not find it, I joined him in searching for this document but we have been unable to locate it.

13. I have also been advised that the defendants' claim that they cannot locate this e-mail.

14. My reaction to this claim that defendants cannot locate the e-mail is that I am not surprised.

15. During my time with MML Investor Services Inc., one of my job functions was to assist in-house counsel in responding to document production requests for employee files in litigation or when claims were being presented by employees.

16. The in-house counsel who I primarily worked in this regard was the one who gave me instructions.

17. The procedure that we followed at counsel's request and direction was that Human Resources would make a complete copy of the original file and send it to that in-house attorney for review.

18. On numerous occasions, that in-house attorney called me and advised that there were "risky comments" and/or other items in particular files that might jeopardize the company.

19. That attorney's instructions were to "get rid" of such items from the original file.

20. I followed that attorney's instructions concerning those documents that he told me to "get rid" of promptly.

21. When I responded to a document production request for a file relating to a Karen Hightower, I recall having sent the file without first having contacted that attorney or his counterpart in-house counsel.

22. I was verbally reprimanded for having taken that action without first having submitted the materials to that attorney for his review and any "purging" instructions he might have.

23. I am no longer employed by the MassMutual companies.

24. This affidavit has been prepared with the assistance of Attorney Reilly for the purpose of opposing the defendants' "Motion for Actions Based on Alleged Spoliation or Destruction of Evidence."

25. It is also my intent that photocopies of this affidavit be utilized for any "reciprocal" Motion for Sanctions that my husband may file against the defendants in this case and/or any Motion for the Appointment of an Independent Computer Expert to inspect the

MassMutual hard drives/data bases and attempt to retrieve the widely-distributed e-mail described above.

SUBSCRIBED AND SWORN UPON THE PAINS AND PENALTIES OF PERJURY THIS __6th__ DAY OF DECEMBER, 2004.

                                                                                      /s/   Valerie Williams
                                                                                       Valerie Williams