UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 03-CV-11470 MAP

| | |
|---|---|
| ISAAC WILLIAMS, JR.,                      ) | |
|      Plaintiff                                   ) | |
| v.                                                         ) | MEMORANDUM IN SUPPORT |
|                                    ) | OF MOTION FOR PROTECTIVE |
| MASSACHUSETTS MUTUAL LIFE       ) | ORDER PURSUANT TO |
| INSURANCE COMPANY (a/k/a               ) | FEDERAL RULE OF CIVIL |
| MASSMUTUAL FINANCIAL GROUP) ) | PROCEDURE 26(b) AND (c) |
| and DAVID L. BABSON & COMPANY, INC. ) | |
| (a/k/a DAVID L. BABSON AND COMPANY),   ) | |
|      Defendants | |

**I.     Introduction**

Pursuant to Federal Rule of Civil Procedure 26(b) and (c), the defendants, Massachusetts Mutual Life Insurance Company ("MassMutual") and Babson Capital Management LLC (formerly David L. Babson & Company, Inc.) ("Babson"), (collectively, "the Defendants"), have moved for a protective order that the discovery sought by two deposition notices pursuant to Federal Rule of Civil Procedure 30(b)(6) not be had.  A copy of the notice of deposition of MassMutual is attached hereto as Exhibit 1.  A copy of the notice of deposition of Babson is attached hereto as Exhibit 2.

The grounds for this motion are as follows.  The employees whom MassMutual and Babson would designate to testify in response to the Rule 30(b)(6) notices to Babson and MassMutual ("Rule 30(b)(6) Notices") are Nancy Roberts, Susan Moore and (possibly) Stuart Reese.  Each of these individuals has already had his or her deposition noticed twice, been prepared for deposition twice and had his or her deposition taken within the last two weeks. Plaintiff has had ample opportunity by discovery in this case to obtain the information sought by the Rule 30(b)(6) Notices.  In the circumstances of this case, it would be unduly burdensome and

oppressive for Ms. Roberts, Ms. Moore or Mr. Reese to be required to prepare for deposition for a third time and appear for deposition for a second time.

## II. Relevant Background

On March 18, 2005, plaintiff served two notices of deposition under Rule 30(b)(6), one for the deposition of David L. Babson & Company, Inc. and one for the deposition of Massachusetts Mutual Life Insurance Company ("Rule 30(b)(6) Notices"). Both of the Rule 30(b)(6) Notices identify the following identical areas of inquiry upon which plaintiff proposes to take testimony:

1. The elimination of the position held by Isaac Williams, Jr., which was eliminated by either of the defendants in the year 2002.

2. The elimination of the position of Director of Corporate Communications by either of the defendants in the year 2002.

3. The decision process leading to the elimination of the position of Director of Corporate Communications by either of the defendants in the year 2002.

4. The procedure by which personnel files are created and maintained.

5. The procedure by which documents are "purged" or removed from a personnel file, including the personnel file of Isaac Williams, Jr.

6. Any documents which were "purged" or removed from the personnel file of Isaac Williams, Jr.

Stuart Reese is the President of Babson and an Executive Vice President of MassMutual. Nancy Roberts is a Senior Vice President of MassMutual and the Director of MassMutual's Corporate Human Resources Division. Susan Moore is a Managing Director and the Director of Human Resources for Babson. Plaintiff took the depositions of Mr. Reese on March 15, 2005

and the depositions of Ms. Roberts and Ms. Moore on March 18, 2005. As to each of the areas of inquiry identified in the Rule 30(b)(6) Notices, one or more of these three individuals is the logical person to provide testimony on behalf of one or both of the parties and would most likely be the person most knowledgeable as to one or more of the areas of inquiry listed in the Rule 30(b)(6) Notices. Plaintiff knew, or certainly should have known, in advance of the depositions of Mr. Reese, Ms. Roberts and Ms. Moore, that these were the individuals Babson and MassMutual were likely to identify. With respect to questions about the elimination of plaintiff's position, the Defendants identified Mr. Reese, Ms. Roberts and Ms. Moore as individuals with knowledge concerning the elimination of plaintiff's position in the Defendants' Rule 26(a) Initial Discovery Disclosures. With respect to policies and practices concerning creating and maintaining employee personnel records, Ms. Roberts is the head of MassMutual's Corporate Human Resources Department and Ms. Moore is the Director of Human Resources for Babson. With respect to plaintiff's implausible allegation that some document or documents were removed from his personnel records, Ms. Moore is the individual who received and responded to plaintiff's request, in June 2002, for copies of his personnel records. Plaintiff had ample opportunity, at the depositions of these three witnesses, to inquire in detail about each of the areas of inquiry listed in the Rule 30(b)(6) Notices and their testimony on these topics would have been binding on the Defendants.

    As this Court is aware, plaintiff's misconduct in discovery has already caused unacceptable inconvenience to these witnesses. Mr. Reese, Ms. Roberts and Ms. Moore, all of who have significant responsibilities and numerous competing demands on their time, prepared for and set aside time to appear for their depositions in this case in November 2004. Plaintiff cancelled all three of those depositions at the last minute without any reasonable justification for

doing so. *See* Defendants' Opposition to Motion of Plaintiff, Isaac Williams, Jr., to Amend and Extend Scheduling Order Deadlines and the supporting affidavit filed with that opposition, incorporated herein by reference; *see also* Defendants' Opposition to Plaintiff's Motion for Reconsideration and or Clarification of Revised Scheduling Order Dated December 30, 2004, also incorporated herein by reference.

On December 30, 2004, over the Defendants' opposition, this Court extended non-expert discovery in the case, entering a further scheduling order that provided, in relevant part, that "[a]ll non-expert depos. [were] to be completed by 3/31/2005, provided that Pltf. shall forthwith reimburse Defts. counsel for approximately six hours of time previously expended for preparation of depos. cancelled by Pltf. at the last moment."[1] Plaintiff re-noticed Mr. Reese's deposition for March 15, 2005. He re-noticed the depositions of Ms. Roberts and Ms. Moore for March 18, 2005. On March 14, 2005, the Defendants' counsel met with Mr. Reese to prepare for his March 15th deposition. On March 14th and 16th, respectively, the Defendants' counsel met with Ms. Moore and Ms. Roberts to prepare for their March 18th depositions. Plaintiff took Mr. Reese's deposition on March 15th. He asked Mr. Reese who made the decision to eliminate plaintiff's position and the reasons for the decision. Plaintiff certainly was free to ask Mr. Reese any additional questions he may have had concerning the decision to eliminate plaintiff's position in 2002. He chose not to do so.

---

[1] Plaintiff recently filed Plaintiff's Motion for Reconsideration and or Clarification of Revised Scheduling Order Dated December 30, 2004, apparently based on the frivolous contention that the sanctions imposed on plaintiff by the Court related to the last minute cancellation of a single deposition and that it was unreasonable to require plaintiff to reimburse the Defendants for the time spent by two outside counsel preparing a single witness for deposition. Plaintiff cancelled **three** depositions at the last minute and the Court's order required plaintiff to reimburse the Defendants for a fraction of the time spent preparing three witnesses for depositions that plaintiff chose to cancel at the last minute. *See* Defendants' Opposition to Plaintiff's Motion for Reconsideration and or Clarification of Revised Scheduling Order Dated December 30, 2004 (to be filed by March 31, 2005).

Plaintiff took the deposition of Ms. Roberts on March 18th. Plaintiff knew, based on documents produced by the Defendants, that Ms. Roberts was involved in the so-called "decision process" leading to the elimination of plaintiff's position. Plaintiff asked Ms. Roberts about the decision to eliminate plaintiff's position and Ms. Roberts answered those questions. Plaintiff certainly was free to ask any additional questions he may have had concerning the so-called "decision process" leading to the elimination of plaintiff's position. He chose not to do so. Ms. Roberts is the employee at MassMutual with responsibility for overseeing the administration of MassMutual's human resources policies and procedures. Plaintiff asked Ms. Roberts **no** questions about the procedure by which MassMutual creates and maintains personnel files or whether MassMutual has any process by which "documents are 'purged' from a personnel file," or were "purged" from plaintiff's personnel file.

Plaintiff took Ms. Moore's deposition on March 18, 2005. Plaintiff did not ask Ms. Moore about the "decision process" leading to the elimination of plaintiff's position. Plaintiff knew that Ms. Moore was Director of Human Resources for Babson, was responsible for responding to requests by Babson employees for copies of personnel records and had responded to his own request for copies of his personnel records. *See* Memorandum in Support of Motion to Quash or For Protective Order Regarding Deposition Notice to Robert K. Rancke (filed on March 24, 2005) at 7. Plaintiff asked Ms. Moore **no** questions about the procedures by which personnel files for Babson employees are created or maintained, **no** questions about any alleged procedure by which documents are "purged" or removed from a personnel file, and **no** questions about whether any documents were "purged" or removed from plaintiff's personnel records before the records were provided to plaintiff.

Insofar as the Rule 30(b)(6) Notices seek testimony about the decision to eliminate plaintiff's position in 2002, plaintiff has already taken testimony on this topic from Edward Bickford, Mr. Reese and Ms. Roberts. Insofar as the Rule 30(b)(6) Notices identify areas of inquiry related to plaintiff's contention that something was purged from plaintiff's personnel records, the notices represent a further example of plaintiff's failure to focus discovery efforts on obtaining information relevant to his claims in this case. Plaintiff has failed to identify any document or category of documents that he claims was not provided with his personnel records or produced in this litigation, nor has he produced any credible evidence that the Defendants have withheld relevant information in this litigation. On March 21, 2005, plaintiff took the deposition of Jeanette Jez, who was formerly employed by MassMutual in its Human Resources Division. Presumably, plaintiff noticed this deposition in an effort to obtain testimony that would substantiate the allegation of plaintiff's wife, Valerie Williams, that she had been instructed to remove "risky" documents from employee personnel files. Ms. Jez' testimony did **not** support plaintiff's contention. Ms. Jez testified that she headed up a team that addressed employee relations issues from in or around 1991 through in or around 1995 and that plaintiff's wife reported to her. Ms. Jez testified that there was no policy of purging risky documents from employee personnel files and that she was not aware of any case in which MassMutual's Law Division had removed any risky documents from any personnel file. (A copy of the relevant portions of Ms. Jez's deposition are attached hereto as Exhibit 3.)

### III.    Argument

Federal Rule of Civil Procedure 26(b)(2) provides, in pertinent part, that discovery "shall be limited by the Court" if the party seeking the discovery at issue had ample opportunity by discovery in the action to obtain the information sought or if the burden of the proposed

6

discovery outweighs its likely benefit, taking into account the needs of the case. "Rule 26(c) provides for protective orders, issued by the district court, to limit or eliminate discovery sought. Upon a showing of "good cause" by the movant, a court 'may make any order which justice requires to protect a party or person from annoyance, embarrassment, or undue burden, or expense . . . .'" *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 192 (1st Cir. 2001), *citing* Fed. R. Civ. P. 26(c).

     Plaintiff has already taken deposition testimony from three of the four individuals identified by the Defendants as having knowledge about the elimination of plaintiff's position in 2002. Either Mr. Reese or Ms. Roberts would be the individual whom MassMutual would identify to testify for MassMutual, to the limited extent that MassMutual **has** knowledge concerning the decision to eliminate the position of a Babson employee, on areas of inquiry 1 through 3 in the Rule 30(b)(6) Notice to MassMutual. Either Mr. Reese or Ms. Moore would be the individual whom Babson would identify to testify concerning Babson's decision to eliminate plaintiff's position in 2002. Requiring any of these individuals to re-appear for deposition on this topic would be unduly burdensome in the circumstances of this case. Plaintiff had ample opportunity to take testimony from Mr. Reese, Ms. Roberts and Ms. Moore concerning areas of inquiry 1 through 3 in the Rule 30(b)(6) Notices. Plaintiff apparently was dissatisfied with testimony by Mr. Bickford that he did not make the decision to eliminate plaintiff's position. *See* Defendants' Opposition to Motion of Plaintiff, Isaac Williams, Jr., to Amend and Extend Discovery Order Deadlines at 6 - 7. Mr. Reese and Ms. Roberts have already testified on this topic and provided testimony that was consistent with the testimony provided by Mr. Bickford. Ms. Moore was available for inquiry to the extent plaintiff chose to make inquiry. Plaintiff's dissatisfaction with the information he has received thus far in discovery does not entitle him to

7

take discovery that is cumulative or duplicative or to require witnesses who have **already** been inappropriately inconvenienced by plaintiff to appear for deposition a second time. *See Dean v. Motel 6 Operating L.P.,* 134 F.3d 1269, 1276 (6th Cir. 1998) (affirming district court's denial of request for supplemental deposition because plaintiff had had adequate opportunity to conduct discovery, including prior deposition of company officer whom party sought to re-depose); *see also Ameristar Jet Charter, Inc.*, 244 F.3d at 193 (district court properly limited discovery when party had had opportunity to take discovery and further discovery would be cumulative or duplicative).

With respect to areas of inquiry 4 through 6 in the Rule 30(b)(6) Notices, Ms. Roberts is the individual whom MassMutual would identify to testify concerning the procedure by which personnel files are created and maintained and plaintiff's implausible allegation that there was a procedure by which documents are "purged" or removed from employee files at the relevant time. Ms. Moore, to whom plaintiff directed his request for personnel records in June 2002 and who responded to that request, is the individual whom Babson would identify to testify concerning the procedure by which personnel files for Babson employees are created and maintained and whether any documents were "'purged' or removed" from plaintiff's personnel files. Plaintiff certainly could have asked Ms. Moore during her deposition about the steps she took in connection with providing plaintiff copies of his personnel records and whether any record was "'purged' or removed." Plaintiff did not ask Ms. Moore a single question about personnel records generally or plaintiff's personnel records in particular.

It would be an undue burden to require Ms. Roberts or Ms. Moore to re-appear for a second deposition based on an implausible and unsubstantiated allegation about the supposed "purging" or records when plaintiff already had ample opportunity to ask Ms. Roberts and Ms.

Moore about policies and procedures concerning personnel records generally and plaintiff's personnel records in particular and completely failed to do so. *See* Fed. R. Civ. P. 26(b)(ii) (court shall limit discovery if party had ample opportunity by discovery in the action to obtain the information sought); *see also Motel 6 Operating L.P.,* 134 F.3d at 1276.

### IV.  Conclusion

For the foregoing reasons, the Defendants respectfully request that Defendants' Motion for Protective Order Pursuant to Federal Rule of Civil Procedure 26(b) and (c) be allowed.

The Defendants,
MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY (a/k/a
MASSMUTUAL FINANCIAL GROUP)
and DAVID L. BABSON & COMPANY, INC.
(a/k/a DAVID L. BABSON AND COMPANY)
By Their Attorneys:

Dated:  March 29, 2005

/s/ Katherine A. Robertson
Francis D. Dibble, Jr.
 BBO No. 123220
Katherine A. Robertson
 BBO No. 557609
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA  01115-5507
Tel:  (413) 781-2820
Fax: (413) 272-6804

#293683