# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ISAAC WILLIAMS, JR.

v.                                           C.A. No. 03 CV 11470 MAP

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY
(a/k/a MASSMUTUAL FINANCIAL GROUP) and
DAVID L. BABSON & COMPANY, INC.
(a/k/a DAVID L. BABSON AND COMPANY)

### NOTICE OF DEPOSITION UNDER RULE 30(b)(6)

On the 30th day of March, 2005, at 10:00 a.m., the deposition upon oral examination, under oath of the person (witness) listed below will take place pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure at the offices of:

PHILBIN & ASSOCIATES
959 Main Street, 4th Floor
Springfield, Massachusetts 01103

and shall continue thereafter as necessary. If documents are requested, it will be so noted below and their description set forth on an attached exhibit and/or to a subpoena duces tecum.

WITNESS/DEPONENT:   The person(s) from MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, 1295 State Street, Springfield, Massachusetts 01111, having the most knowledge regarding the areas of inquiry listed on the attached schedule.

Documents Requested: Yes __XX__ No _____
(if yes, see attached exhibits or copies)

### Duties of Deponent Organization

Please be reminded that upon issuance of a notice to take deposition under Rule 30(b)(6), the Federal Rules of Civil Procedure mandate and require that you take certain action. This obligation is described in the Rules as follows:

..."the organization so named shall serve and file, <u>prior</u> to the deposition, a <u>written</u> <u>designation</u> which identifies one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf and shall set forth, for each person designated, the matters on which the person will testify...The persons so designated shall testify as to matters known or reasonably available to the organization."

          Isaac Williams, Jr.
          by his attorney,

          */s/ Patrick S. Bristol*
          Patrick S. Bristol, Esq. Pro Hac Vice
          John Reilly & Associates
          Summit West - Suite 330
          300 Centerville Road
          Warwick, Rhode Island 02886
          (401) 739-1800
          FAX: (401) 738-0258

## SCHEDULE

### Rule 30(b)(6) Deposition of David L. Babson & Company, Inc.

### Definitions and Instructions

The following definitions and instructions apply to this Schedule:

(a) As used in this notice, "<u>and</u>" as well as "<u>or</u>" shall be construed conjunctively or disjunctively; the use of a verb in any tense shall be construed as the verb in all other tenses; the use of the singular shall be construed as the use of the plural, and vice versa; and "any" includes "all", and vise versa.

(b) "<u>Communication</u>" shall mean any written or oral transmission of fact, information or opinion, including any utterance, notation or statement of any nature whatsoever including but not limited to the documents as defined below.

(c) "<u>Defendant</u>", "<u>MassMutual</u>", "<u>David L. Babson</u>", "<u>You</u>", or "<u>Your</u>" shall refer to the defendants, MassMutual and David L. Babson Company, Inc., or any other company under the control or direction of that company including any division, department, officer, director, employee or agent of it, all other persons acting or purporting to act on behalf of it, including employees, independent contractors, and/or other representatives and any of its affiliates, subsidiaries, franchises or franchisees and any predecessor or successor corporations of either of the defendants.

(d) The term "<u>Document</u>" shall mean any and all information in tangible form, of any nature whatsoever, including the originals and all non-identical copies thereof, in your possession, custody or control, regardless of where located, and shall include, without limiting the generality of the foregoing, all letters, telegrams, telexes, teletypes, correspondence, contracts, drafts, agreements, insurance policies, notes to files, reports, memoranda, mechanical and electronic records, tapes or transcripts, information stored in computers or other data storage or processing equipment translated or translatable into usable form, blueprints, flow sheets, calendar or diary entries, memoranda of conversations, telephonic or otherwise, and of meetings or conferences, studies, reports, interoffice and intraoffice communications listings, price lists, quotations, offers, inquiries, bulletins, circulars, statements, manuals, summaries, newsletters, compilations, minutes of stockholders', directors and committee meetings, minutes and memoranda of all other meetings, agendas, charts, graphs, propositions, offers, articles, announcements, newspaper clippings, hooks, records, cables, books of account, ledgers, vouchers, canceled checks, invoices, acknowledgments, orders, bills, opinions, certificates, promissory notes and other evidence of indebtedness, prospectuses, registration statements and analyses of other statistical data and all copies of documents as hereinbefore defined by whatever means made.

(e) "<u>Relate</u>" or "<u>Relating to</u>" shall mean referring to, concerning, regarding, alluding to, responding to, connected with, commenting on, in respect of, about, regarding, alluding,

showing, describing, mentioning, reflecting, analyzing, explaining, constituting, evidencing, memorializing or pertaining to.

    (f)    The "<u>relevant period of time</u>", for this Rule 30(b)(6) deposition is <u>January 1, 1991 to the present, and continuing to the time of any trial on the merits of this action</u>.

### Areas of Inquiry

Accordingly, without limitation by virtue of the foregoing Definitions and Instructions, the following shall comprise the matters upon which testimony will be so taken:

1. The elimination of the position held by Isaac Williams Jr., which was eliminated by the either of the defendants in the year 2002.

2. The elimination of the position of Director of Corporate Communications by either of the defendants in the year 2002.

3. The decision process leading to the elimination of the position of Director of Corporate Communications by either of the defendants in the year 2002.

4. The procedure by which personnel files are created and maintained.

5. The procedure by which documents are "purged" or removed from a personnel file, including the personnel file of Isaac Williams, Jr.

6. Any documents which were "purged" or removed from the personnel file of Isaac Williams, Jr.

### CERTIFICATION

The undersigned certifies that a copy of the foregoing was sent via facsimile and first class mail, postage prepaid, to **Katherine A. Robertson, Esq.**, Bulkley, Richardson & Gelinas, LLP, 1500 Main Street, Ste. 2700, Springfield, Massachusetts 01115 and **Philbin & Associates**, 959 Main Street, 4th Floor, Springfield, Massachusetts 01103 on this 8th day of March, 2005.

*Patrick J. Bristol*

# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ISAAC WILLIAMS, JR.

v.                                                            C.A. No. 03 CV 11470 MAP

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY
(a/k/a MASSMUTUAL FINANCIAL GROUP) and
DAVID L. BABSON & COMPANY, INC.
(a/k/a DAVID L. BABSON AND COMPANY)

### NOTICE OF DEPOSITION UNDER RULE 30(b)(6)

On the 30th day of March, 2005, at 10:00 a.m., the deposition upon oral examination, under oath of the person (witness) listed below will take place pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure at the offices of:

PHILBIN & ASSOCIATES
959 Main Street, 4th Floor
Springfield, Massachusetts 01103

and shall continue thereafter as necessary. If documents are requested, it will be so noted below and their description set forth on an attached exhibit and/or to a subpoena duces tecum.

WITNESS/DEPONENT:    The person(s) from DAVID L. BABSON & COMPANY, INC., One Memorial Drive, Cambridge, Massachusetts 02142, having the most knowledge regarding the areas of inquiry listed on the attached schedule.

Documents Requested: Yes __XX__  No _____
(if yes, see attached exhibits or copies)

### Duties of Deponent Organization

Please be reminded that upon issuance of a notice to take deposition under Rule 30(b)(6), the Federal Rules of Civil Procedure mandate and require that you take certain action. This obligation is described in the Rules as follows:

..."the organization so named shall serve and file, <u>prior</u> to the deposition, a <u>written</u> <u>designation</u> which identifies one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf and shall set forth, for each person designated, the matters on which the person will testify...The persons so designated shall testify as to matters known or reasonably available to the organization."

           Isaac Williams, Jr.
           by his attorney,

           */s/ Patrick S. Bristol*
           Patrick S. Bristol, Esq., Pro Hac Vice
           John Reilly & Associates
           Summit West - Suite 330
           300 Centerville Road
           Warwick, Rhode Island 02886
           (401) 739-1800
           FAX: (401) 738-0258

## SCHEDULE

### Rule 30(b)(6) Deposition of David L. Babson & Company, Inc.

### Definitions and Instructions

The following definitions and instructions apply to this Schedule:

(a) As used in this notice, "<u>and</u>" as well as "<u>or</u>" shall be construed conjunctively or disjunctively; the use of a verb in any tense shall be construed as the verb in all other tenses; the use of the singular shall be construed as the use of the plural, and vice versa; and "any" includes "all", and vise versa.

(b) "<u>Communication</u>" shall mean any written or oral transmission of fact, information or opinion, including any utterance, notation or statement of any nature whatsoever including but not limited to the documents as defined below.

(c) "<u>Defendant</u>", "<u>MassMutual</u>", "<u>David L. Babson</u>", "<u>You</u>", or "<u>Your</u>" shall refer to the defendants, MassMutual and David L. Babson Company, Inc., or any other company under the control or direction of that company including any division, department, officer, director, employee or agent of it, all other persons acting or purporting to act on behalf of it, including employees, independent contractors, and/or other representatives and any of its affiliates, subsidiaries, franchises or franchisees and any predecessor or successor corporations of either of the defendants.

(d) The term "<u>Document</u>" shall mean any and all information in tangible form, of any nature whatsoever, including the originals and all non-identical copies thereof, in your possession, custody or control, regardless of where located, and shall include, without limiting the generality of the foregoing, all letters, telegrams, telexes, teletypes, correspondence, contracts, drafts, agreements, insurance policies, notes to files, reports, memoranda, mechanical and electronic records, tapes or transcripts, information stored in computers or other data storage or processing equipment translated or translatable into usable form, blueprints, flow sheets, calendar or diary entries, memoranda of conversations, telephonic or otherwise, and of meetings or conferences, studies, reports, interoffice and intraoffice communications listings, price lists, quotations, offers, inquiries, bulletins, circulars, statements, manuals, summaries, newsletters, compilations, minutes of stockholders', directors and committee meetings, minutes and memoranda of all other meetings, agendas, charts, graphs, propositions, offers, articles, announcements, newspaper clippings, hooks, records, cables, books of account, ledgers, vouchers, canceled checks, invoices, acknowledgments, orders, bills, opinions, certificates, promissory notes and other evidence of indebtedness, prospectuses, registration statements and analyses of other statistical data and all copies of documents as hereinbefore defined by whatever means made.

(e) "<u>Relate</u>" or "<u>Relating to</u>" shall mean referring to, concerning, regarding, alluding to, responding to, connected with, commenting on, in respect of, about, regarding, alluding,

showing, describing, mentioning, reflecting, analyzing, explaining, constituting, evidencing, memorializing or pertaining to.

(f)    The "relevant period of time", for this Rule 30(b)(6) deposition is January 1, 1991 to the present, and continuing to the time of any trial on the merits of this action.

4

## Areas of Inquiry

Accordingly, without limitation by virtue of the foregoing Definitions and Instructions, the following shall comprise the matters upon which testimony will be so taken:

1. The elimination of the position held by Isaac Williams Jr., which was eliminated by either of the defendants in the year 2002.

2. The elimination of the position of Director of Corporate Communications by either of the defendants in the year 2002.

3. The decision process leading to the elimination of the position of Director of Corporate Communications by either of the defendants in the year 2002.

4. The procedure by which personnel files are created and maintained.

5. The procedure by which documents are "purged" or removed from a personnel file, including the personnel file of Isaac Williams, Jr.

6. Any documents which were "purged" or removed from the personnel file of Isaac Williams, Jr.

## CERTIFICATION

The undersigned certifies that a copy of the foregoing was sent via facsimile and first class mail, postage prepaid, to **Katherine A. Robertson, Esq.**, Bulkley, Richardson & Gelinas, LLP, 1500 Main Street, Ste. 2700, Springfield, Massachusetts 01115 and **Philbin & Associates**, 959 Main Street, 4th Floor, Springfield, Massachusetts 01103 on this 18th day of March, 2005.

_Patrick S. Bristol_

# EXHIBIT 3

1

```
 1              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS
 2
                   Civil Action No. 03CV11470MAP
 3

 4

 5

 6   ISAAC WILLIAMS, JUNIOR,
            Plaintiff
 7
     vs
 8
     MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,
 9   (a/k/a MASSMUTUAL FINANCIAL GROUP) and
     DAVID L. BABSON & COMPANY, INC.,
10   (a/k/a DAVID L. BABSON & COMPANY)
            Defendants
11

12

13       DEPOSITION OF:  JEANETTE JEZ, taken
         before M. Virginia Lanou, Notary
14       Public-Stenographer, pursuant to the
         Massachusetts Rules of Civil Procedure,
15       at the offices of PHILBIN & ASSOCIATES,
         959 Main Street, Springfield, Massachusetts,
16       on March 21, 2005 at 11:00 a.m.

17

18

19
     APPEARANCES:    See second page
20

21

22
                  M. Virginia Lanou
23                 Court Reporter
```

959 MAIN STREET       PHILBIN & ASSOCIATES, INC.       (413) 733-4078
4TH FLOOR                                              Pittsfield: (413) 499-2231
SPRINGFIELD, MA 01103                                  FAX: (413) 734-4588

Serving the legal community of Massachusetts since 1947

2

```
 1   APPEARANCES:

 2   JOHN REILLY & ASSOCIATES, Summit West - Suite
          330, 300 Centerville Road, Warwick, Rhode
 3        Island, 02886, representing the Plaintiff
     BY:  PATRICK S. BRISTOL, ESQUIRE
 4
     BULKLEY, RICHARDSON and GELINAS, 1500 Main
 5        Street, Suite 2700, Springfield, Massachusetts,
          01115, representing the Defendants
 6   BY:  KATHERINE A. ROBERTSON, ESQUIRE

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23
```

959 MAIN STREET             PHILBIN & ASSOCIATES, INC.        (413) 733-4078
4TH FLOOR                                                  Pittsfield: (413) 499-2231
SPRINGFIELD, MA 01103                                         FAX: (413) 734-4588

Serving the legal community of Massachusetts since 1947

```
 1            EEO had access to the corporate records
 2   but corporate couldn't have access to the EEO
 3   records.  That was the practice at the time.  I
 4   don't think it was anything that was in writing.
 5   That's just what we did so there was a clear view on
 6   things I think.
 7            Law division would borrow files to
 8   review but, you know, I wasn't monitoring either EEO
 9   or law.
10      Q.   (By Mr. Bristol)  Okay.  Were you familiar
11   with a practice whereby the law division would
12   remove documents from the file?
13            MS. ROBERTSON:  I object to the form of
14   the question.
15            THE WITNESS:  Say it again.
16      Q.   (By Mr. Bristol)  Were you familiar with
17   the practice whereby the law department would remove
18   documents from the file?
19      A.   No.
20            MS. ROBERTSON:  I would object to the
21   form of the question, but your answer may stand.
22      Q.   (By Mr. Bristol)  If a person were --
23   strike that.
```

959 MAIN STREET          PHILBIN & ASSOCIATES, INC.          (413) 733-4078
4TH FLOOR                                                    Pittsfield: (413) 499-2231
SPRINGFIELD, MA 01103                                        FAX: (413) 734-4588

Serving the legal community of Massachusetts since 1947

1        If a person were involved in litigation

2 against MassMutual were you aware of any documents

3 being removed from their file at that point?

4        MS. ROBERTSON: I object to the form of

5 the question.

6        THE WITNESS: No, no.

7  Q.  (By Mr. Bristol) Based on your earlier

8 answers I assume you were familiar with the process

9 of job elimination at MassMutual?

10       MS. ROBERTSON: Again I would object to

11 the form of the question, but you may answer,

12 Jeanette.

13       THE WITNESS: Yes.

14  Q.  (By Mr. Bristol) Do you know what job

15 elimination was used to accomplish?

16  A.  Can you restate that?

17  Q.  Sure. Do you know why certain jobs were

18 eliminated at MassMutual?

19       MS. ROBERTSON: I'm going to object to

20 the form of the question. You can answer if you

21 can.

22       THE WITNESS: Re-organization,

23 obsolescence, duplication, wide variety, down

959 MAIN STREET   PHILBIN & ASSOCIATES, INC.   (413) 733-4078
4TH FLOOR                                                                  Pittsfield: (413) 499-2231
SPRINGFIELD, MA 01103                                            FAX: (413) 734-4588

Serving the legal community of Massachusetts since 1947