UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 03-CV-11470 MAP

| | |
|---|---|
| ISAAC WILLIAMS, JR., )<br>      Plaintiff )<br>v. )<br>     )<br>MASSACHUSETTS MUTUAL LIFE )<br>INSURANCE COMPANY (a/k/a )<br>MASSMUTUAL FINANCIAL GROUP) )<br>and DAVID L. BABSON & COMPANY, INC. )<br>(a/k/a DAVID L. BABSON AND COMPANY), )<br>      Defendants | MEMORANDUM IN SUPPORT<br>OF MOTION FOR PROTECTIVE<br>ORDER PURSUANT TO<br>FEDERAL RULES OF CIVIL<br>PROCEDURE 26(c) AND 30(b)(1) |

### I.  Introduction

Pursuant to Federal Rules of Civil Procedure 26(c) and 30(b)(1) the defendants, Massachusetts Mutual Life Insurance Company ("MassMutual") and Babson Capital Management LLC (formerly David L. Babson & Company, Inc.) ("Babson"), (collectively, "the Defendants"), have moved for a protective order that the depositions of Susan Alfano, an Executive Vice President of MassMutual, and Albert Rocheteau, a manager of an institutional marketing team for Babson, noticed by plaintiff for March 31, 2005 (the deadline for completion of non-expert depositions), not be taken.  Mr. Rocheteau is not an officer, member of the Board of Directors or managing agent of Babson, and no deposition subpoena was served on him.  He has, therefore no obligation to appear.  Nonetheless, because the arguments made with respect to Ms. Alfano apply with equal force to Mr. Rocheteau, the Defendants have moved for a protective order as to the notice issued for his deposition.

The deadline for completion of non-expert discovery in this case is March 31, 2005.  The Defendants already noticed a deposition in this case of a non-party witness at 10:00 a.m. on March 31, 2005.  Plaintiff's counsel was notified by telephone, on March 23, 2005 that the

Defendants had noticed Ms. Williams' deposition for March 31, 2005 and arranged for service of a deposition subpoena on her. The grounds for this motion are that plaintiff failed to provide reasonable notice, as required by Federal Rule of Civil Procedure 30(b)(1) ("Rule 30") of his intent to take the deposition of a senior officer of MassMutual and an employee of Babson and has attempted to schedule these depositions on a date and at a time when plaintiff knew that the Defendants had already noticed the deposition of Valerie Williams, a non-party deponent. A copy of the notice for Ms. Williams' deposition is attached hereto as Exhibit 1. A copy of the notice for Ms. Alfano's deposition is attached hereto as Exhibit 2. A copy of Mr. Rocheteau's deposition is attached hereto as Exhibit 3.

Had plaintiff acted in good faith and timely identified Ms. Alfano and Mr. Rocheteau as individuals whose deposition he wanted to take, the Defendants would have identified mutually convenient dates. Plaintiff chose to wait until the last moment to notice Ms. Alfano's and Mr. Rocheteau's depositions and noticed them for the last possible day under this Court's Further Scheduling Order, which provides, in pertinent part, that no further extensions for non-expert depositions will be allowed. For the reasons set forth below, the Defendants respectfully request that their motion for a protective order be allowed and that the depositions of Ms. Alfano and Mr. Rocheteau not be taken in this case.

## II.     Relevant Background

Plaintiff filed his complaint in this action on August 8, 2003. The Court entered a Scheduling Order in the case on April 26, 2004, providing that all written discovery was to be completed by July 16, 2004 and all non-expert discovery, including non-expert depositions, was to be completed by November 30, 2004. These deadlines in the Scheduling Order were

reasonable and consistent with the deadlines jointly proposed by the parties in the Joint Statement for Initial Scheduling Conference.

Plaintiff noticed the deposition of Edward Bickford, a Managing Director of Babson and Director of MassMutual Financial Group Distribution at Babson, on November 4, 2004; the depositions of Nancy Roberts, Senior Vice President, Corporate Human Resources, for MassMutual, and Susan Moore, a Managing Director of Babson and Director of Human Resources for Babson, on November 18, 2004; and the deposition of Stuart Reese, Executive Vice President and Chief Investment Officer of MassMutual and Chief Executive Officer of Babson, on November 22, 2004. Plaintiff did not ask for dates for depositions for any other current or former employees or agents of either of the Defendants, notice any other depositions or otherwise indicate that he intended to take the depositions of any other fact witnesses in this case. Plaintiff took Mr. Bickford's deposition on November 4, 2004.

On November 17, 2004, the day before the date plaintiff had selected for the depositions of Ms. Moore and Ms. Roberts, plaintiff "postponed" those depositions and the deposition of Stuart Reese, noticed for November 22, 2004. Although plaintiff's counsel refused to identify any potential deponent other than those whose depositions he had noticed, he demanded that Defendants agree to an extension of non-expert discovery without any limitations on the discovery that could be conducted by plaintiff during any such extension.

Over the Defendants' objections, this Court extended the deadline for completion of non-expert depositions to March 31, 2005. During this period, based on misrepresentations about the contents of a document that plaintiff claimed to have had and could not locate, plaintiff sought to compel an intrusive search of the Defendants' information technology systems. *See Williams v. Massachusetts Mut. Life Ins. Co.,* 226 F.R.D. 144, 145 (D. Mass. 2005). Plaintiff also has

3

alleged, without any credible basis for doing so, that the Defendants "purged" or removed document from his personnel records. Based on this implausible allegation, plaintiff noticed the deposition of an attorney for the Defendants on March 28, 2005. *See* Memorandum in Support of Motion to Quash or for Protective Order Regarding Deposition Notice to Robert K. Rancke; *see also* Plaintiff's Memorandum in Opposition to Motion to Quash or for Protective Order Regarding Deposition Notice to Robert K. Rancke at 4. In addition, plaintiff noticed two Rule 30(b)(6) depositions identifying as areas for inquiry the same alleged "purging" of documents from his personnel records, and seeking duplicative testimony about the elimination of plaintiff's position. *See* Memorandum in Support of Protective Order Pursuant to Federal Rule of Civil Procedure 26(b) and (c).

Plaintiff mailed the notices for the depositions of Ms. Alfano and Mr. Rocheteau on March 23, 2005, for depositions on March 31, 2005, but did not transmit copies of the notices to the Defendants by fax. The Defendants' counsel received the notices on Friday, March 25, 2005, a stock market holiday that was also a holiday for both of the Defendants. Plaintiff did not inform the Defendants' counsel of any intention to take Ms. Alfano's and Mr. Rocheteau's depositions in advance of serving the deposition notices and never inquired about Ms. Alfano's or Mr. Rocheteau's availability on March 31, 2005 or any other date prior to the March 31, 2005 deadline set by the Court for completion of non-expert depositions.

So far as appears from the record developed in discovery in this case, Ms. Alfano has limited personal knowledge of facts relevant to the claims or defenses of any party to this case. On February 12, 2002, Ms. Alfano sent an e-mail to Ms. Roberts, indicating an intention to proceed with a job elimination for Mr. Williams and that she had spoken with another employee about a possible new position for plaintiff. (A copy of this e-mail is attached hereto as

4

Exhibit 4.) Ms. Alfano's limited role in events relevant to this case is not new information to plaintiff. Plaintiff has known about the limited extent of Ms. Alfano's involvement in the circumstances of his employment since June 2002, when he received a copy of Ms. Alfano's February 12, 2002 e-mail with his personnel records and was also on notice of her role, based on the contents of the Defendants' Rule 26.1 Initial Discovery Disclosures, served on April 22, 2004, in which Ms. Alfano was identified as a person with knowledge concerning the elimination of plaintiff's position and consideration of possible new positions for plaintiff. So far as the Defendants are aware, Ms. Alfano does not have other knowledge relevant to the claims or defenses of any party to the case. Mr. Rocheteau did not join Babson as an employee until May 2002 after plaintiff left the workplace for medical reasons. So far as the Defendants are aware, the only knowledge Mr. Rocheteau might have relevant to the claims or defenses of any party to this case is his knowledge of his duties and responsibilities as a Babson employee.

### III.    Argument

Federal Rule of Civil Procedure 26(b)(1) requires **reasonable notice** in writing in advance of any deposition noticed in a case. What constitutes reasonable notice depends on the facts and circumstances of a particular case, including whether the party seeking to take discovery has any need for special haste in noticing the deposition. *See, e.g., In re Stratosphere Corp. Secs. Litigation,* 183 F.R.D. 684, 687 (D. Nev. 1999) (notice unreasonable when deponent was not served with deposition subpoena until six days before deposition and opposing counsel was not served with notice until five days prior to deposition; at least ten days' notice customarily expected); *Donahoo v. Ohio Dept. of Youth Servs.,* 211 F.R.D. 303, 306 (N.D. Ohio 2002) (noticing party failed to provide reasonable notice when deponents were only served within one week of the date of their depositions); *see also Lloyd v. Cessna Aircraft Co.,* 430 F.

5

Supp. 25 (E.D. Tenn. 1976) (notice unreasonable when opposing counsel had only two working days advance notice of deposition and there was no showing of special need for haste). Even when there is some special reason for haste, a trial court has required reasonable advance notice of depositions to the opposing party. *See, e.g., Merrill Lynch Futures, Inc. v. Kelly,* 585 F. Supp. 1245, 1260-1261 (S.D.N.Y. 1984) (expedited discovery warranted when there were grounds for plaintiff's concern that defendants were hiding assets; parties permitted to take depositions on five days' notice).

Plaintiff failed to provide reasonable notice of his intent to take Ms. Alfano's or Mr. Rocheteau's depositions. First, prior to serving the notices for Ms. Alfano's and Mr. Rocheteau's depositions, plaintiff never told the Defendants' counsel that he intended to notice these depositions. Had plaintiff done so in a timely manner, the Defendants would have identified a mutually convenient date for these depositions. To the extent that plaintiff may claim that he had need of special haste in this case because of the impending deadline for taking depositions, any such alleged need for haste is attributable solely to plaintiff's failure timely to identify the individuals whose depositions he intended to take. Second, plaintiff, apparently deliberately, delayed providing notice to the Defendants of his intent to take Ms. Alfano's and Mr. Rocheteau's depositions. Plaintiff served the notices for Ms. Alfano's and Mr. Rocheteau's depositions on Wednesday, March 23, 2005 **by mail**. Although plaintiff's counsel has in the past transmitted correspondence and notices of deposition by fax, plaintiff did **not** serve any copy of the notice for Ms. Alfano's or Mr. Rocheteau's depositions by fax. Accordingly, the Defendants' counsel received the notices by mail on Good Friday, a day that is (as plaintiff presumably knows, since he is a former employee) a stock market holiday and a day when neither of the Defendants was open for business. Because plaintiff chose not to serve copies of

the notices by fax, the earliest date on which Ms. Alfano or Mr. Rocheteau could have received notice that plaintiff sought to take her or his deposition was on Monday, March 28, 2005, some three business days before the scheduled deposition. This unreasonably late notice did not provide Ms. Alfano or Mr. Rocheteau sufficient time to re-arrange their schedules to prepare for and attend a deposition.

Third, plaintiff served the notice for Ms. Alfano's deposition on a date and at a time when the Defendants' counsel had already noticed the deposition of a non-party witness, and Mr. Rocheteau's deposition on the same date. Plaintiff's last minute notice for a deposition of Ms. Alfano and Mr. Rocheteau, to be taken on a date and at a time (as to Ms. Alfano) when the Defendants had already noticed the deposition of a non-party witness is unreasonable and harassing. Further, plaintiff's conduct in connection with the taking of this non-party witness deposition has been deceptive. The non-party witness is Valerie Williams, wife of plaintiff Isaac Williams, Jr. After noticing Mrs. William' deposition for March 23, 2005 (by a notice served on March 10, 2005), the Defendants' counsel agreed to postpone Mrs. Williams' deposition based on the representation by plaintiff's counsel that she was not available on March 23rd. Having received no response, by 4:00 p.m. on March 23, 2005, to a request for an alternative date for Ms. Williams' deposition before the deadline for completion of non-expert depositions, the Defendants' counsel served a re-notice for Mrs. Williams' deposition on March 31, 2005. By fax received by Defendants' counsel after the close of business on March 23, 2005, plaintiff's counsel stated that Mrs. Williams was unavailable until after April 4, 2005. Plaintiff's counsel subsequently indicated that he understood she was out of state on vacation. Defendants' counsel informed plaintiff's counsel that the Defendants would not agree to postpone Mrs. Williams' deposition without some proof of her unavailability and unless the plaintiff obtained leave from

the Court for the Defendants to take a deposition after the deadline for completion of non-expert depositions. Plaintiff has provided no further information about Mrs. Williams and has filed no motion for a protective order. The Defendants, therefore, will be attending Mrs. Williams' deposition at 10:00 a.m. on March 31, 2005, which is the date and time at which plaintiff noticed Ms. Alfano's deposition. *See* Affidavit of Counsel in Support of Motion for Protective Order Pursuant to Federal Rules of Civil Procedure 26(c) and 30(b)(1), attached hereto as Exhibit 5.

Plaintiff has been aware of Ms. Alfano's limited role in the circumstances of his employment since before the inception of this litigation. He has been aware of Mr. Rocheteau's hiring by Babson, and of the general nature of Mr. Rocheteau's duties and responsibilities, since May 2002. If he believed he needed to take Ms. Alfano's and Mr. Rocheteau's depositions, he could and should have done so, with reasonable notice, during the seven- month period established for non-expert discovery under the initial scheduling order. He certainly could have done so, with reasonable notice, during the four-month extension allowed by the Court 's December 30, 2004 Further Scheduling Order. There is no justification for a last minute notice of Ms. Alfano's and Mr. Rocheteau's depositions other than, perhaps, to lay the groundwork for yet another attempt by plaintiff's counsel to extend the deadline for taking non-expert depositions in this case. There is no excuse for plaintiff's failure to provide reasonable notice of Ms. Alfano's and Mr. Rocheteau's depositions and no good reason why he should be permitted to take these depositions after the second deadline established by the Court for completion of non-expert depositions.

## IV.     Conclusion

For the foregoing reasons, the Defendants' Motion for Protective Order Pursuant to Federal Rules of Civil Procedure 26(c) and 30(b)(1) should be allowed.

The Defendants,
MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY (a/k/a
MASSMUTUAL FINANCIAL GROUP)
and DAVID L. BABSON & COMPANY, INC.
(a/k/a DAVID L. BABSON AND COMPANY)
By Their Attorneys:

Dated:  March 30, 2005         /s/ Katherine A. Robertson
                               Francis D. Dibble, Jr.
                                BBO No. 123220
                               Katherine A. Robertson
                                BBO No. 557609
                               Bulkley, Richardson and Gelinas, LLP
                               1500 Main Street, Suite 2700
                               Springfield, MA  01115-5507
                               Tel:  (413) 781-2820
                               Fax: (413) 272-6804

293883