# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ISAAC WILLIAMS, JR., | ) | Civil Action No. 03-CV-11470 MAP |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| MASSACHUSETTS MUTUAL LIFE | ) | RE-NOTICE OF TAKING |
| INSURANCE COMPANY (a/k/a | ) | DEPOSITION OF |
| MASSMUTUAL FINANCIAL GROUP) | ) | VALERIE WILLIAMS |
| and DAVID L. BABSON & COMPANY, INC. | ) | |
| (a/k/a DAVID L. BABSON AND COMPANY), | ) | |
| Defendants | ) | |

To:    John Reilly, Esq.
       Patrick S. Bristol, Esq.
       John Reilly & Associates
       Summit West - Suite 330
       300 Centerville Road
       Warwick, RI  02886-4395

Please take notice that commencing at 10:00 A.M. on March 31, 2005, at the offices of Bulkley, Richardson and Gelinas, LLP, 1500 Main Street, Suite 2700, Springfield, Massachusetts 01115, the defendants in this action, Massachusetts Mutual Life Insurance Company and Babson Capital Management, LLC, by their attorneys' will take the deposition upon oral examination of Valerie Williams pursuant to Rule 30 of the Federal Rules of Civil Procedure before Perlik and Coyle Reporting, Notary Public in and for the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths.  The deponent is requested to bring to the deposition her driver's license or some other form of picture identification and the documents identified in Exhibit A, attached hereto.

The Defendants,
MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY (a/k/a
MASSMUTUAL FINANCIAL GROUP)
and DAVID L. BABSON & COMPANY, INC.
(a/k/a DAVID L. BABSON AND COMPANY)
By Their Attorneys:

Dated March 23, 2005

*Katherine Robertson*

Francis D. Dibble, Jr. - BBO No. 123220
Katherine A. Robertson - BBO No. 557609
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA  01115-5507
Tel:  (413) 781-2820
Fax: (413) 272-6804

cc:  Perlik and Coyle Reporting

Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record by mail on March 23, 2005.

*Katherine Robertson*
Katherine A. Robertson

EXHIBIT A

Originals of all documents in the possession, custody or control of the deponent concerning the deponent's "knowledge of African-Americans who faced unequal treatment at Babson and/or MassMutual and were either terminated and/or resigned from MassMutual" as alleged in the Response of Plaintiff, Isaac Williams, Jr., to Defendant, Massachusetts Mutual Life Insurance Company's, First Set of Interrogatories.

# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


ISAAC WILLIAMS, JR.

v.                                                    C.A. No. 03 CV 11470 MAP

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY
(a/k/a MASSMUTUAL FINANCIAL GROUP) and
DAVID L. BABSON & COMPANY, INC.
(a/k/a DAVID L. BABSON AND COMPANY)


## NOTICE OF INTENTION TO TAKE DEPOSITION


On the **31st** day of **March**, **2005**, at **10:00 a.m.**, the deposition upon oral examination, under oath of the person (witness) listed below will take place at the offices of:

PHILBIN & ASSOCIATES
959 Main Street, 4th Floor
Springfield, Massachusetts 01103

and shall continue thereafter as necessary. If documents are requested, it will be so noted below and their description set forth on an attached exhibit or subpoena copy. This notice of deposition has been issued on behalf of the Plaintiff.

WITNESS/DEPONENT:    Susan Alfano


Documents Requested:  Yes _____ No ___X___
(if yes, see attached exhibits or copies)

Isaac Williams, Jr.
by his attorney,


Patrick S. Bristol, Esq. (Pro Hac Vice)
John Reilly & Associates
Summit West - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 739-1800
FAX:  (401) 738-0258

## <u>CERTIFICATION</u>

The undersigned certifies that a copy of the foregoing was sent to **Katherine A. Robertson, Esq.**, Bulkley, Richardson & Gelinas, LLP, 1500 Main Street, Ste. 2700, Springfield, Massachusetts 01115 and **Philbin & Associates**, 959 Main Street, 4th Floor, Springfield, Massachusetts 01103 on this _23rd_ day of March, 2005.

*Patrick S Bristol*

# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ISAAC WILLIAMS, JR.

v.                                               C.A. No. 03 CV 11470 MAP

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY
(a/k/a MASSMUTUAL FINANCIAL GROUP) and
DAVID L. BABSON & COMPANY, INC.
(a/k/a DAVID L. BABSON AND COMPANY)


## NOTICE OF INTENTION TO TAKE DEPOSITION


On the **31st** day of **March**, **2005**, at **1:00 p.m.**, the deposition upon oral examination, under oath of the person (witness) listed below will take place at the offices of:

PHILBIN & ASSOCIATES
959 Main Street, 4th Floor
Springfield, Massachusetts 01103

and shall continue thereafter as necessary.  If documents are requested, it will be so noted below and their description set forth on an attached exhibit or subpoena copy.  This notice of deposition has been issued on behalf of the Plaintiff.

WITNESS/DEPONENT:    Albert Rocheteau


Documents Requested:  Yes _____ No __X__
(if yes, see attached exhibits or copies)

Isaac Williams, Jr.
by his attorney,


Patrick S. Bristol
Patrick S. Bristol, Esq. (Pro Hac Vice)
John Reilly & Associates
Summit West - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 739-1800
FAX:  (401) 738-0258

## CERTIFICATION

The undersigned certifies that a copy of the foregoing was sent to **Katherine A. Robertson, Esq.**, Bulkley, Richardson & Gelinas, LLP, 1500 Main Street, Ste. 2700, Springfield, Massachusetts 01115 and **Philbin & Associates**, 959 Main Street, 4th Floor, Springfield, Massachusetts 01103 on this 23rd day of March, 2005.

_Patrick S. Bristol_

# EXHIBIT 4

**Gagne, Liz**

| | |
|---|---|
| **From:** | Alfano, Susan |
| **Sent:** | Tuesday, February 12, 2002 8:28 AM |
| **To:** | Roberts, Nancy |
| **Cc:** | Reese, Stu |
| **Subject:** | Isaac Williams |

**Importance:** High

Nancy,
Would you set up a meeting to meet with Stu Reese. We're going to proceed with the job elim for Isaac. Here's how we want to approach it.

His reporting relationship will change -- he will report directly to Stu.
For the next six - nine months he'll work on special projects assigned by Stu
During that time he'll be free to conduct an internal as well as external job search
I have spoken to Jim Miller and he's agreed to give him careful consideration -- he's more optimistic about placement if Isaac would accept an AVP position. This would seem doable from a comp perspective -- he's earning just above $100,000 and will not receive a bonus this year.

Isaac should be notified of this decision and the planned approach in writing.

Once you've met with Stu let me know if there are any outstanding issues.
Sue

MM000118

# EXHIBIT 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 03-CV-11470 MAP

| | | |
|---|---|---|
| ISAAC WILLIAMS, JR., | ) | |
| Plaintiff | ) | AFFIDAVIT OF COUNSEL IN |
| v. | ) | SUPPORT OF MOTION FOR |
| | ) | PROTECTIVE ORDER |
| | ) | PURSUANT TO FEDERAL |
| INSURANCE COMPANY (a/k/a | ) | RULES OF CIVIL PROCEDURE |
| MASSMUTUAL FINANCIAL GROUP) | ) | 26(c) AND 30(b)(1) |
| and DAVID L. BABSON & COMPANY, INC. | ) | |
| (a/k/a DAVID L. BABSON AND COMPANY), | ) | |
| Defendants | | |

I, Katherine A. Robertson, hereby depose and state as follows:

1.      I am a partner in Bulkley, Richardson and Gelinas, LLP, counsel for defendants

Massachusetts Mutual Life Insurance Company and Babson Capital Management, LLC

("Babson") in the captioned action.  I have assisted in conducting discovery in this case.  I am

making this affidavit in support of the Defendants' Motion for Protective Order Pursuant to

Federal Rules of Civil Procedure 26(c) and 30(b)(1).

2.      On March 10, 2005, I caused to be served a notice for the deposition of Valerie

Williams on March 23, 2005 and arranged for service of a deposition subpoena on her pursuant

to Federal Rule of Civil Procedure 45.

3.      On or around March 14, 2005, during a conversation with plaintiff's counsel,

plaintiff's counsel told me that Mrs. Williams was not available for deposition on March 23,

2005.  I told counsel that I would agree to reschedule her deposition if he would provide me with

alternative dates before the March 31, 2005 deadline for completion of non-expert discovery.

4.      On March 21, 2005, I hand delivered a letter to plaintiff's counsel again

requesting alternative dates for Mrs. Williams' deposition.

5.      When I had not heard from plaintiff's counsel by 4:00 p.m. on March 23, 2005, I caused to be served a re-notice for Mrs. Williams' deposition on March 31, 2005.

6.      After the close of business on March 23, 2005, I received a fax from plaintiff's counsel, a copy of which is attached hereto as Exhibit A, representing that Mrs. Williams was not available for deposition at any time before the March 31, 2005 deadline for completion of non-expert depositions.

7.      I told plaintiff's counsel that I had noticed Mrs. Williams' deposition for March 31, 2005 and arranged for service of a subpoena on her.  Plaintiff's counsel told me that he understood that Mrs. Williams was out of the state on vacation.  I said that I would not waive the Defendants' rights under the notice and subpoena unless I received some proof of her unavailability and plaintiff sought permission from the Court that the Defendants be permitted to take her deposition after the March 31, 2005 deadline.

8.      As of 4:00 p.m. on March 30, 2005, I had received no proof of Mrs. Williams' unavailability.

Signed under the penalties of perjury this 30th day of March, 2005.

_Katherine A. Robertson_

Katherine A. Robertson

# EXHIBIT A

# JOHN REILLY & ASSOCIATES
## Attorneys and Counselors at Law

---

Summit West — Suite 330
300 Centerville Road
Warwick, Rhode Island 02886-4395
(401) 739-1800
Fax (401) 738-0258

Patrick S. Bristol, Esq.
pbristol@lawyers-online.us

March 23, 2005

<u>VIA FACSIMILE & REGULAR MAIL</u>

Katherine A. Robertson, Esq.
Bulkley, Richardson & Gelinas, LLP
1500 Main Street, Ste. 2700
Springfield, Massachusetts 01115

Re:    **Our Client: Isaac Williams, Jr.**
       **v. David L. Babson and Co., et al**

Dear Katherine:

In regards to your letter of March 21, 2005, seeking deposition dates for Ms. Valerie Williams, my client has informed me that Ms. Williams will be unavailable until after April 4, 2005.

We would agree to schedule the deposition after the March 31, 2005 deadline for non-expert depositions. Please let me know if such an arrangement would satisfy your concerns.

Thank you in advance for your consideration.

Very truly yours,

Patrick S. Bristol
Patrick S. Bristol

PSB/skd

cc:    *John B. Reilly, Esq.*