UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ISAAC WILLIAMS, JR.

v.                                             C.A. No. 03 CV 11470 MAP

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY
(a/k/a MASSMUTUAL FINANCIAL GROUP) and
DAVID L. BABSON & COMPANY, INC.
(a/k/a DAVID L. BABSON AND COMPANY)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER REGARDING DEPOSITION
OF VALERIE WILLIAMS**

**I.     Introduction**

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff, Isaac Williams, Jr., ("Plaintiff") has moved for a protective order that the deposition sought by the Deposition Notice dated March 23, 2005, not be held. A copy of the deposition notice is attached hereto as Exhibit 1.

This motion simply seeks to continue the deposition of Valerie Williams to a time in which she is available. Mrs. Williams is currently attending a wedding out of state is unable to attend the deposition on the date and time noticed. Counsel for the defendant was made aware of Mrs. Williams unavailability by letter dated March 23, 2005. See Letter dated March 23, 2005, attached hereto as Exhibit 2. At that time, undersigned counsel indicated to opposing counsel that Mrs. Williams was on vacation out of state and would be unavailable. Undersigned counsel later learned that Mrs. Williams was attending a wedding in Oklahoma and informed defense counsel of that fact by telephone on March 30, 2005.

**II.     Relevant Background**

The defendants first noticed Mrs. Williams' deposition for March 23, 2005. Subsequently, following discussion amongst counsel, that deposition was canceled. Mrs. Williams received another deposition notice for March 31, 2005. At that time, counsel engaged in a telephone conference in which undersigned informed counsel for the defendant that Mrs. Williams was unavailable on that date due to vacation plans. Counsel for the defense noted that the deposition could be rescheduled for the first week in April. Undersigned counsel indicated that he was unsure of Mrs. Williams's availability during that time period, but that he would attempt to determine if she was available.  Subsequent to this conversation, undersigned counsel learned from his client that Mrs. Williams would be out of state at a wedding on March 31, 2005 and would be unavailable to be deposed.

On March 30, 2005, undersigned counsel received via fax a letter from opposing counsel requesting a conference on a protective order for the depositions of Susan Alfano and Albert Rocheteau and indicating that defense counsel would call the office of undersigned at 4:00. See Letter dated March 30, 2005 from Attorney Robertson, attached as Exhibit 3.  A call was received from defense counsel at approximately 4:30, and undersigned was unavailable. Undersigned sent a letter via fax to opposing counsel indicating that the depositions could be deferred and again noting that Mrs. Williams would be unavailable on March 31, 2005. See Letter dated March 30, 2005 from Attorney Bristol, attached as Exhibit 4. Another letter was received by fax later that evening indicating that defense counsel expected the deposition of Mrs. Williams to go forward.  See Letter dated March 30, 2005 from Attorney Robertson, attached as Exhibit 5.

III.    **Legal Argument**

Rule 26(c)(2) of the Federal Rules of Civil Procedure provides that a court may limit discovery so that disclosure or discovery "may be had only on specified terms and conditions, including a designation or the time or place." In the instant matter, counsel is seeking a protective order allowing the deposition of Mrs. Williams to go forward at a time in which she is available to proceed.

Defense counsel was aware that Mrs. Williams was unavailable to be deposed on the date noticed. Undersigned indicated that Mrs. Williams was on vacation and that attempts would be made to schedule the deposition for another day. Defense counsel, unhappy with those arrangements, continued with plans to take Mrs. Williams deposition and never notified counsel of her intention to proceed with the deposition until the day prior to the deposition. Accordingly, undersigned respectfully requests that the Court enter a protective order setting a new date for the deposition of Mrs. Williams to take place.

IV.     **Conclusion**

For the foregoing reasons, the plaintiff respectfully requests that Plaintiff's Motion For Protective Order Pursuant to Federal Rule of Civil Procedure 26(c) be granted. Additionally, the plaintiff requests that his attorney's fees incurred in filing this motion and memorandum be awarded from the defendants.

>                             Respectfully submitted:
>                             ISAAC WILLIAMS, JR.
>                             By His Attorney:
>
>                             /s/ Patrick S. Bristol, Esq.
>                             Patrick S. Bristol, Esq. (Pro Hac Vice)
>                             John Reilly & Associates
>                             Suite 330 - Summit West
>                             300 Centerville Road
>                             Warwick, RI  02886
>                             (401) 739-1800
>                             Fax:  (401) 738-0258

**DATED: March 31, 2005**