UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 03-CV-11470 MAP

| | |
|---|---|
| ISAAC WILLIAMS, JR.,  )<br>        Plaintiff  )<br>v.  )<br>  )<br>MASSACHUSETTS MUTUAL LIFE  )<br>INSURANCE COMPANY (a/k/a  )<br>MASSMUTUAL FINANCIAL GROUP)  )<br>and DAVID L. BABSON & COMPANY, INC.  )<br>(a/k/a DAVID L. BABSON AND COMPANY),  )<br>        Defendants | DEFENDANTS' OPPOSITION TO<br>PLAINTIFF'S MOTION FOR<br>RECONSIDERATION AND OR<br>CLARIFICATION OF REVISED<br>SCHEDULING ORDER DATED<br>DECEMBER 30, 2004 |

      Plaintiff's Motion for Reconsideration and or Clarification of Revised Scheduling Order Dated December 30, 2004 ("Plaintiff's Motion for Reconsideration of Sanctions") should be denied because it is untimely and frivolous.  The Defendants hereby request that Plaintiff's Motion for Reconsideration be denied and that the Defendants be awarded their attorney's fees (2 hours at $250 per hour) incurred in opposing the motion.

      1.      Plaintiff's so-called motion for reconsideration and or clarification is untimely. Federal Rule of Civil Procedure 72(a) provides, in pertinent part, that "[w]ithin 10 days after being served with a copy of the magistrate judge's order [on a nondispositive matter], a party may file serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made."

      2.      The Rules for the United States Magistrate Judges in the United States District Court for the District of Massachusetts similarly provide that, when a Magistrate Judge hears and determines any pretrial motion or matter, "[a] party may not assign as error any aspect of the magistrate judge's order . . . unless a timely objection is made. . . . A party must serve and file any objections to the magistrate judge's order within 10 days of being served with a copy of that

order." Rule 2(b) of the Rules for the United States Magistrate Judges in the United States District Court for the District of Massachusetts; *see also Chambers & Son, Inc. v. Tambrands, Inc.*, 118 F.R.D. 274, 279 n.3 (D. Mass. 1987) (magistrate judge's decision with regard to imposition of sanctions was a ruling on a non-dispositive matter subject to review under a clearly erroneous standard, objections to which had to be filed within ten days of party's receipt of Report and Recommendation).

3. Over the Defendants' objections, this Court entered a Revised Scheduling Order in this case on December 30, 2004, extending the time for completing non-expert depositions to March 31, 2005, "provided that Pltf. shall forthwith reimburse Defts' counsel for four of approximately six hours of time previously expended for preparation of depos. cancelled by Pltf. at the last moment."

4. Plaintiff had until January 11, 2005 to file and serve objections to the December 30, 2004 Revised Scheduling Order entered by the Court. Plaintiff filed Plaintiff's Motion for Reconsideration of Sanctions on March 17, 2005, some **two months** after the deadline for filing objections to the December 30, 2004 Revised Scheduling Order.

5. Even assuming that Plaintiff's Motion for Reconsideration of Sanctions had been timely filed, which it was not, the motion is frivolous. There can be no doubt that the Court has authority, based on the inherent power of the Court, to impose payment of counsel fees to an opposing party as a sanction. *See Petroleum Ins. Agency, Inc. v Hartford Accident and Indem. Co.*, 106 F.R.D. 59, 69-70 (D. Mass. 1985) (Collings, M.J.) (imposing as sanction a requirement that plaintiffs and their counsel pay reasonable expenses, including attorney's fees, which would be incurred by the defendants in having their counsel re-prepare their case). Plaintiff does not contend otherwise.

2

6. The sanction imposed by the Court was warranted in this case.

7. The Plaintiff noticed the depositions of Nancy Roberts and Susan Moore on November 18, 2004 and of Stuart Reese on November 22, 2004. Counsel for the Defendants met separately with each of these individuals in advance of his or her deposition for preparation.

8. During the afternoon of November 17, 2004, the day before the date plaintiff had selected for the depositions of Ms. Moore and Ms. Roberts, an associate in plaintiff's counsel's office telephoned concerning the Isaac Williams case and said:

> Mr. Reilly is tied up, I don't know much about this case, you're going to have to help me out, but I understand that you owe us some discovery and Mr. Reilly would like to continue the depositions if the defendants would agree to move for an extension of the deadline for discovery.

9. Defendants' counsel indicated that it was not the Defendants' perception that they owed plaintiff discovery and that the deposition witnesses had spent time preparing and were available for deposition on November 18, 2004, the date selected by plaintiff. Later that day, plaintiff's counsel's office assistant called and left a message indicating that plaintiff's counsel was "postponing" the depositions he had noticed for November 18, 2004 and would be filing a motion in court.

10. During a subsequent telephone conversation on November 18, 2004, plaintiff's counsel indicated that he did not intend to proceed with the deposition of Mr. Reese, noticed by plaintiff for November 22, 2004.

11. During the December 29, 2004 Case Management Conference, in response to a question from the Court, the Defendants' counsel estimated, conservatively, and indicating that she was leaving aside time spent in advance of deposition preparation meetings identifying relevant documents and issues to be addressed during those meetings, that the Defendants'

3

counsel had spent approximately six hours in witness preparation meetings for the depositions that plaintiff cancelled at the last moment.

12. As a basis for Plaintiff's Motion for Reconsideration of Sanctions, plaintiff apparently contends that the discovery sanctions imposed on him should be decreased or eliminated because there was no need for two outside attorneys to meet with Mr. Reese to prepare for his deposition and that the sanction is, therefore, excessive.

13. Plaintiff's Motion for Reconsideration of Sanctions misrepresents the facts that were the basis for the Court's imposition of sanctions in this case. Plaintiff ignores that he cancelled **not one** but **three** depositions at the last minute, inconveniencing Mr. Reese, Chief Executive Officer of Babson and an Executive Vice President of MassMutual, Ms. Roberts, a Senior Vice President of MassMutual and the head of MassMutual's Human Resources Division, and Ms. Moore, a Managing Director of Babson, and Babson's Director of Human Resources. All three of these individuals have very substantial responsibilities and numerous competing demands on their time.

14. The sanctions imposed by the Court, which reimbursed the Defendants for only a portion of the time actually spent in meetings with Mr. Reese, Ms. Roberts and Ms. Moore in preparation for the depositions noticed by plaintiff on November 18 and 22, 2004, and none of the time spent in advance preparing for those meetings, was reasonable. *See Petroleum Ins. Agency,* 106 F.R.D. at 63, 70 (plaintiff and plaintiff's counsel ordered to reimburse defendants for time spent re-preparing case for hearing, not to exceed reimbursement for fifty hours of time at defense counsel's customary rate).

15. Counsel for the Defendants notified plaintiff's counsel of the hourly rates charged by counsel for their representation of the Defendants.

16. On March 14, 2005, the day before Mr. Reese's rescheduled deposition, counsel for plaintiff informed counsel for the Defendants that plaintiff would not pay the Defendants the sanction imposed by the Court and intended to file an appeal or motion for reconsideration of the order.  The Defendants agreed that the deposition of Mr. Reese would go forward on March 15, 2005 to avoid inconveniencing Mr. Reese and plaintiff's counsel, who had traveled from Rhode Island to attend the deposition.

17. Counsel for the Defendants informed plaintiff's counsel, at Mr. Reese's deposition, however, that the depositions of Ms. Roberts and Ms. Moore would not go forward on March 18, 2005 unless plaintiff paid the sanction imposed by the Court in advance of those depositions because payment of the sanction was a condition of the Court's extension of time for taking non-expert depositions.

18. Although plaintiff represented in Plaintiff's Motion for Reconsideration that plaintiff had attached relevant portions of the transcript of Mr. Reese's deposition regarding the reimbursement to the Defendants of counsel fees they had paid because of plaintiff's last minute cancellation of depositions, plaintiff neglected to file the attachment.  Accordingly the Defendants are filing the relevant portions of the deposition transcript of Mr. Reese as Exhibit 1 hereto.

Plaintiff's Motion for Reconsideration of Sanctions is untimely and lacks any plausible basis.  The Defendants respectfully request that Plaintiff's Motion for Reconsideration be denied

and that plaintiff be required to pay for two hours of counsel's time (at a rate of $250 per hour) for the time the Defendants have had to spend in preparing their opposition to Plaintiff's Motion for Reconsideration of Sanctions.

|  |  |
|---|---|
|  | The Defendants,<br>MASSACHUSETTS MUTUAL LIFE<br>INSURANCE COMPANY (a/k/a<br>MASSMUTUAL FINANCIAL GROUP)<br>and DAVID L. BABSON & COMPANY, INC.<br>(a/k/a DAVID L. BABSON AND COMPANY)<br>By Their Attorneys: |
| Dated: March 31, 2005 | /s/ Katherine A. Robertson<br>Francis D. Dibble, Jr.<br> BBO No. 123220<br>Katherine A. Robertson<br> BBO No. 557609<br>Bulkley, Richardson and Gelinas, LLP<br>1500 Main Street, Suite 2700<br>Springfield, MA  01115-5507<br>Tel:  (413) 781-2820<br>Fax: (413) 272-6804 |

293669