# EXHIBIT 1

Plaintiff's contention that Babson should be compelled to identify specific documents or facts that would tend to disprove plaintiff's allegation makes no sense. Plaintiff's allegation in his complaint is not evidence, let alone proof, of any pattern or practice of discrimination by Babson. This is a disparate treatment case involving a highly individualized claim of discrimination and harassment. According to plaintiff's complaint, he experienced no discrimination, disparate treatment or harassment as an employee of Babson (or MassMutual) until he was assigned, in or around October 2000, to the position of Director of Corporate Communications reporting to Mr. Bickford. *See* Complaint, ¶¶ 12-16. During his deposition, plaintiff conceded that he could not identify any African-American individual who had been employed by Babson other than himself whom he claimed had been discriminated against by Babson on the basis of race. *See* Affidavit of Counsel, ¶ 3. In other words, plaintiff has identified no credible evidence to substantiate the allegation in paragraph 39 of his complaint. Babson cannot be compelled to speculate on what documents or evidence might theoretically support a denial of a pattern or practice that plaintiff has failed to substantiate and Babson has no reason to believe exists.

Local Rule 26.5 requires a party asked to state the basis for a particular claim, assertion, allegation, or contention to identify every document and communication which forms any part of the source of the party's information; to state the acts or omissions to act which form any part of the party's information regarding the alleged facts; and to state separately any other fact which forms the basis of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory. *See* L. R. 26.5(C)(8). There are no documents, communications, acts or omissions to act, or other facts that form the source of Babson's information regarding its denial of the allegation in paragraph 39 of plaintiff's complaint. Babson's denial reflects the