UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ISAAC WILLIAMS, JR.

v.                                                          C.A. No. 03 CV 11470 MAP

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY
(a/k/a MASSMUTUAL FINANCIAL GROUP) and
DAVID L. BABSON & COMPANY, INC.
(a/k/a DAVID L. BABSON AND COMPANY)

**OBJECTION TO MAGISTRATE JUDGE'S GRANTING OF
DEFENDANT'S MOTION FOR A PROTECTIVE ORDER
CONCERNING SUSAN ALFANO AND ALBERT ROCHETEAU**

**I.     INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 72(a), the Plaintiff, Isaac Williams, Jr., hereby objects to the Order of April 6, 2005, granting Defendant's Motion for Protective Order relating to the depositions of Susan Alfano and Albert Rocheteau. As a result of that Protective Order, the Plaintiff is precluded from deposing Susan Alfano and Albert Rocheteau, material witnesses in this matter. Because this Order imposes an unreasonable burden on Mr. Williams' case, he hereby objects to the Order and seeks review by the District Court Judge.

**II.    FACTUAL BACKGROUND**

The Plaintiff, Isaac Williams, Jr., has alleged that the elimination of his position at the Defendant companies was pretextual, and that he was the victim of a racially discriminatory work environment. An important factual question raised in the case is who was responsible for the decision to eliminate the Plaintiff's position and how that decision was made. On March 15, 2005, the Plaintiff took the deposition of Stuart Reese, who testified that he had discussions with Susan Alfano regarding the elimination of Mr. Williams' position and that he did not recall

specifically whose idea it was to eliminate Mr. Williams position.  See Deposition Transcript of Stuart Reese, pg. 56-63, attached hereto as Exhibit "A".

Following the deposition of Stuart Reese, at which he indicated that he did not recall whose idea it was to eliminate Mr. Williams' position, it became apparent that the deposition of Susan Alfano would need to be taken to ascertain if she was aware of whose idea it was to eliminate the position.  Accordingly, on March 24, 2005, the Plaintiff noticed the Deposition of Susan Alfano for March 31, 2005 at 10:00 a.m.

The depositions of fact witnesses were scheduled to be concluded on or before March 31, 2005.  Throughout February and March, Plaintiff's counsel scheduled numerous depositions which were cancelled and/or rescheduled by Defendant's counsel.  The deposition of Susan Moore was noticed for February 8, 2005 (with notice being sent on January 14, 2005), February 23, 2005 and March 18, 2005. Each date in February was canceled at the request of defendant's counsel, and the deposition was finally taken on March 18, 2005, only thirteen days prior to the conclusion of fact witness depositions under the scheduling order.  Similarly, the deposition of Susan Moore was noticed for February 8, 2005, February 25, 2005 and February 18, 2005.  Again, both of the February dates were canceled by defendant's counsel and the deposition was finally taken on March 18, 2005.

The Defendants, after continually rescheduling the depositions of various witnesses in the case, waited until the final two-week period of the time for taking depositions to notice the deposition of Mrs. Williams, the wife of Mr. Williams. The deposition notices for Susan Alfano and Albert Rocheteau conflicted with the deposition notice served by Defendant for Mrs. Williams, who was scheduled to be deposed on March 31, 2005.  However, Plaintiff's counsel had previously informed Defendant's counsel that Ms. Williams would not be available to be

2

deposed on March 31, 2005, and suggested that a convenient date be set in April at which time her deposition could have been taken. On March 30, 2005, on the day before the depositions of Ms. Alfano and Mr. Rocheteau were scheduled to be taken, Defendant's counsel filed a Motion for Protective Order seeking to preclude that deposition from being taken. That Motion was granted on April 5, 2005 at Status Conference called before Magistrate Judge Neiman[1].

As the Defendants indicated in their Motion for Protective Order, Ms. Alfano appears to have limited knowledge of the facts, claims or defenses of any party in this case. However, Defendants, in their Motion For Protective Order, did note that on February 12, 2002, Ms. Alfano sent an email to a member of the MassMutual Human Resources Department indicating the intention to proceed with the job elimination for Mr. Williams and indicating that she had spoken with an employee about a possible new position for Mr. Williams. The need for Ms. Alfano's testimony became clear after Mr. Reese indicated that he could not remember specifically whose idea it was to eliminate Mr. Williams' position. Once Mr. Reese provided his testimony, it became clear that Ms. Alfano's testimony would be needed in order to further attempt to ascertain where the idea to eliminate Mr. Williams' position originated.

Upon information and belief, Mr. Rocheteau assumed responsibility for many of Mr. Williams' duties after Mr. Williams' position had been eliminated. The testimony of Mr. Rocheteau is required in this matter to determine if Mr. Rocheteau has been performing the job elements of Mr. Williams' "eliminated" position, further supporting the Plaintiff's claim that the elimination of his position was pretextual.

---

[1] The Plaintiff, due to the shortness of time between the filing of the Protective Order and the Status Conference, was unable to file a written response to the Motion for Protective Order outlining its arguments and highlighting the importance of Ms. Alfano's and Mr. Rocheteau's testimony.

### III. LEGAL ARGUMENT

Pursuant to Rule 26(b)(1), reasonable notice is required in advance of any deposition noticed in a case. The Rule does not provide, however, that if reasonable notice is not given that the depositions so noticed are to be canceled.

In this matter, the decision of the Magistrate Judge has effectively precluded the Plaintiff from obtaining the deposition testimony of two witnesses. The Plaintiff understands and recognizes the Defendants' concerns regarding time preparation for the depositions as noticed, however, the Plaintiff has been and is willing to extend the deadline for taking of these two fact witnesses deposition beyond the March 31, 2005 date ordered by the Magistrate Judge. Two other depositions have been conducted after the March 31, 2005 date. No prejudice will befall the Defendants if these depositions are taken, while Mr. Williams' case is likely to be greatly prejudiced if the depositions are not taken.

The Magistrate Judge did allow the Plaintiff, pursuant to a 30(b)(6) deposition notice, to inquire of Susan Moore, an HR manager with Babson, to inquire a to Mr. Rocheteau's job responsibilities. However, this limited opportunity did not fully cure the prejudice of not being able to question Mr. Rocheteau regarding his job responsibilities.[2]

Again, the Plaintiff notes that the depositions taken prior to these depositions had been noticed throughout February and were cancelled on several occasions by Defendants' counsel for scheduling reasons. The limited time remaining to conduct depositions is due, in large part, to the Defendants' unavailability for the earlier depositions. Accordingly, the Plaintiff requests that this Court reject the finding of the Magistrate Judge granting the Motion for Protective Order,

---

[2] The Defendant also objected to the taking of Mr. Rocheteau's deposition because he was not served with a subpoena. Until the proposed deposition of Mr. Rocheteau, the Defendants had not required the service of a subpoena on any employee witnesses. However, if this Court were to allow the deposition to be taken, a subpoena could be served.

4

and Order that the depositions of Susan Alfano and Albert Rocheteau be allowed outside the time ordered for the taking of depositions in this case.

**IV.     CONCLUSION**

For the foregoing reasons, the Plaintiff respectfully requests that this Court grant the Plaintiff's objection to the order of the Magistrate Judge.

> Isaac Williams, Jr.,
> By his attorney,
>
> /s/ Patrick S. Bristol, Esq.
> Patrick S. Bristol, Esq. (Pro Hac Vice)
> John Reilly & Associates
> 300 Centerville Road
> Summit West - Suite 330
> Warwick, Rhode Island 02886
> (401) 739-1800
> FAX: (401) 738-0258

**Dated**: April 20, 2005