UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


ISAAC WILLIAMS, JR.

v.                                                                    C.A. No. 03 CV 11470 MAP

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY
(a/k/a MASSMUTUAL FINANCIAL GROUP) and
DAVID L. BABSON & COMPANY, INC.
(a/k/a DAVID L. BABSON AND COMPANY)

## MOTION FOR ATTORNEYS FEES REGARDING
## PREPARATION TIME FOR 30(b)(6) DEPOSITION


**I.      INTRODUCTION**

The Plaintiff in this matter, Isaac Williams, Jr., hereby requests reimbursement of time

and expense in preparing for the depositions noticed pursuant to Federal Rule of Civil Procedure

30(b)(6).  On March 18, 2005, the Plaintiff served two (2) deposition notices, one to Defendant

MassMutual, and one to Defendant David L. Babson & Company, Inc.  On March 29, 2005, the

day prior to the scheduled depositions, the Defendant filed a Motion for Protective Order.  At

that point, Plaintiff's counsel had expended time preparing for those depositions and for which

the Plaintiff now seeks fees.

**II.     RELEVANT BACKGROUND**

As noted, the Plaintiffs 30(b)(6) deposition notices were served on the Defendants on

March 18, 2005.  The Defendants waited until March 29, 2005 to file a Motion For Protective

Order.  The Defendants, in their Motion for Protective Order, did not provide a reason for the

delay in the filing of their Motion.  Because the deposition notices were outstanding, Plaintiff's

counsel had prepared for those depositions prior to the receipt of the Motion For Protective

Order.

In the Defendant's Certificate of Compliance filed with the Motion For Protective Order, Defendant's counsel state that the parties conferred by telephone on March 24, 2005 to attempt to resolve or narrow the issues addressed in this Motion in compliance with Local Rule 7.1. The telephone call of March 24, 2005 related to a Motion for Protective Order filed regarding the deposition Robert Rancke. Counsel for the Defendant indicated that the Defendant was "considering" filing a Motion for Protective Order regarding the 30(b)(6) depositions. At that time, counsel for the Plaintiff requested that the Defendants confer regarding the Motion for Protective Order at time when the Defendants had determined that they would be filing such a motion. At no time did counsel for the Defendant respond to this request, nor did they ever indicate that such a motion would be filed. See Affidavit of Patrick S. Bristol, attached hereto at Exhibit "A".

On April 5, 2005, this Court heard arguments regarding the Defendant's Motion for Protective Order. At that time, the Court indicated that the Motion for Protective Order would be denied in part, and that the deposition sought in the Plaintiffs 30(b)(6) deposition notice would go forward. Accordingly, the Plaintiff requests that fees be awarded in this matter for the time spent by Plaintiff's counsel preparing for the 30(b)(6) depositions which were canceled after the Defendants filed their untimely Motion for Protective Order[1].

### III.    CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that the Defendants be ordered to reimburse Plaintiff's attorney for time spent preparing for the canceled 30(b)(6) depositions.

---

[1] As this Court is aware, the Plaintiff was previously ordered to reimburse the Defendant for expenses related to the "last-minute" cancellation of three depositions. The Plaintiff can think of no reason to distinguish these two situations.

Isaac Williams, Jr.,
By his attorney,


/s/ Patrick S. Bristol, Esq.
John B. Reilly, Esq. (B.B.O. #545576)
Patrick S. Bristol, Esq. (Pro Hac Vice)
John Reilly & Associates
300 Centerville Road
Summit West - Suite 330
Warwick, Rhode Island 02886
(401) 739-1800
FAX: (401) 738-0258


**Dated**: April 20, 2005