UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 03-CV-11470 MAP

| | |
|---|---|
| ISAAC WILLIAMS, JR., )<br>        Plaintiff )<br>v. )<br> )<br>MASSACHUSETTS MUTUAL LIFE )<br>INSURANCE COMPANY (a/k/a )<br>MASSMUTUAL FINANCIAL GROUP) )<br>and DAVID L. BABSON & COMPANY, INC. )<br>(a/k/a DAVID L. BABSON AND COMPANY), )<br>        Defendants ) | DEFENDANTS' RESPONSE TO<br>PLAINTIFF'S OBJECTION TO<br>MAGISTRATE JUDGE'S<br>GRANTING OF DEFENDANT'S<br>(sic) MOTION FOR A<br>PROTECTIVE ORDER<br>CONCERNING SUSAN ALFANO<br>AND ALBERT ROCHETEAU |

## I.     Introduction

The defendants, Babson Capital Management, LLC (formerly David L. Babson & Company, Inc.) ("Babson") and Massachusetts Mutual Life Insurance Company ("MassMutual") (collectively, "the Defendants"), hereby oppose plaintiff's Objection to Magistrate Judge's Granting of Defendant's (sic) Motion for a Protective Order Concerning Susan Alfano and Albert Rocheteau ("Plaintiff's Objection").  Plaintiff's Objection should be denied because Judge Neiman's April 6, 2005 electronic order ("April 6th Order") was not clearly erroneous or contrary to law, nor was it an abuse of the broad discretion Judge Neiman possessed as the judicial officer designated to oversee pretrial proceedings and manage discovery in this case.  To the contrary, Judge Neiman's April 6th Order was a measured and reasonable response to misconduct by plaintiff in discovery and plaintiff has not shown that any part of the order should be modified or set aside.

## II.     Relevant Background

This is an employment discrimination case.  Plaintiff filed his complaint in this action on August 8, 2003.  Judge Neiman entered a Scheduling Order in the case on April 26, 2004,

providing that all written discovery was to be completed by July 16, 2004 and all non-expert discovery, including non-expert depositions, was to be completed by November 30, 2004. The deadlines in the Scheduling Order were reasonable and consistent with the deadlines jointly proposed by the parties in the Joint Statement for Initial Scheduling Conference.

During the non-expert discovery period in the Scheduling Order, plaintiff noticed the deposition of Edward Bickford, a Managing Director of Babson and plaintiff's former supervisor, on November 4, 2004; the depositions of Nancy Roberts, a Senior Vice President and head of Human Resources for MassMutual, and Susan Moore, a Managing Director and Director of Human Resources for Babson, on November 18, 2004; and the deposition of Stuart Reese, Executive Vice President and Chief Investment Officer of MassMutual and Chief Executive Officer and President of Babson, on November 22, 2004. Plaintiff did not ask for dates for depositions for any other current or former employees of either of the Defendants, notice any other depositions or otherwise indicate that he intended to take the depositions of any other fact witnesses in this case during the discovery period established under the Scheduling Order.

Plaintiff took Mr. Bickford's deposition on November 4, 2004. On November 17, 2004, the day before the date plaintiff had selected for the depositions of Ms. Moore and Ms. Roberts, plaintiff "postponed" those depositions and the deposition of Stuart Reese, noticed for November 22, 2004. Although plaintiff's counsel refused to identify any potential deponent other than those whose depositions he had noticed, he demanded that Defendants agree to an extension of non-expert discovery without any limitations on the discovery that could be conducted by plaintiff during any such extension. Over the Defendants' objections, following a December 29, 2004 case management conference, Judge Neiman allowed in part plaintiff's motion for an extension of discovery and entered a Further Scheduling Order extending the deadline for

completion of non-expert depositions to March 31, 2005, provided that plaintiff reimburse the Defendants for four hours of counsel's time spent preparing for depositions of the Defendants' employees that had been cancelled by plaintiff's counsel at the last minute. The Further Scheduling Order provided: "THERE SHALL BE NO FURTHER EXTENSIONS." (Emphasis in original.)

Plaintiff did not notice any depositions in January 2005. On or around January 14th, plaintiff re-noticed depositions of Ms. Moore and Ms. Roberts for February 8th and Mr. Reese for February 24th. The Defendants promptly notified plaintiff that all counsel of record for the Defendants would be appearing for trial in Hampden County Superior Court on February 7th on the matter of *Kenneth Parsons, Jr. v. MassMutual* and would not be available on the dates selected by plaintiff. The Defendants identified March 15th as an alternative date for Mr. Reese's deposition and plaintiff's counsel agreed that counsel for the parties would confer regarding a mutually convenient date for the depositions of Ms. Moore and Ms. Roberts after the *Parsons* trial was completed. Despite this agreement and without consulting the Defendants' counsel, on February 7th, plaintiff's counsel re-noticed the depositions of Ms. Moore and Ms. Roberts for February 23rd, while counsel of record for the Defendants were still on trial. Notified of this conflict, plaintiff's counsel again agreed that counsel for the parties would confer regarding a mutually convenient date for the depositions of Ms. Moore and Ms. Roberts following the conclusion of the *Parsons* trial. On February 25th, counsel for the parties agreed on March 18th as a date for the depositions of Ms. Moore and Ms. Roberts. (The Defendants would not have recited this tedious and largely irrelevant history to the Court were it not for the misleading assertion in Plaintiff's Objection, at page 2, that "[t]hroughout February and March, Plaintiff's

3

counsel scheduled numerous depositions which were cancelled and/or rescheduled by Defendant's (sic) counsel.")

Plaintiff's conduct in connection with noticing the depositions of Ms. Alfano and Mr. Rocheteau was as follows. On March 10th, the Defendants served a notice for a March 23rd deposition of Valerie Williams, plaintiff's wife, and arranged for the service of a subpoena on her pursuant to Federal Rule of Civil Procedure 45.[1] On March 14th, the Defendants agreed to postpone Ms. Williams' deposition based on a representation by plaintiff's counsel that Ms. Williams was not available on March 23rd. On March 23rd, having received no response to repeated requests for a new date prior to the March 31st close of discovery for Ms. Williams' deposition, the Defendants' counsel served a re-notice for Ms. Williams' deposition on March 31st, and arranged for service of another deposition subpoena on her.

By fax received by the Defendants' counsel after the close of business on March 23rd, plaintiff's counsel represented that Ms. Williams was completely unavailable until after April 4th. When asked why Ms. Williams was completely unavailable, plaintiff's counsel represented that she was "out of state on vacation." Defendants' counsel told plaintiff's counsel that the Defendants would not agree to postpone Ms. Williams' deposition without some proof of her unavailability and unless plaintiff obtained leave from the Court for the Defendants to take Ms. Williams' deposition after the deadline for completion of non-expert depositions. Plaintiff did not provide any additional information to the Defendants confirming Ms. Williams' unavailability and took no steps to obtain leave of Court for the Defendants to take Ms.

---

[1] The Defendants noticed Ms. Williams' deposition because, in plaintiff's answers to the Defendants' interrogatories, plaintiff identified his wife as a person with knowledge concerning a number of factual allegations in the complaint but also because Ms. Williams provided an affidavit in support of a motion by plaintiff to conduct a search of MassMutual's information systems. *See Williams v. Massachusetts Mut. Life Ins. Co.,* 226 F.R.D. 144 (D. Mass. 2005) (denying plaintiff's motion because plaintiff and his wife had presented no credible evidence that the Defendants were unwilling to produce computer-generated documents or had withheld relevant evidence).

4

Williams' deposition late. Ms. Williams could **not** have been out of state on vacation every day from March 23rd through March 31st because she was served in hand with the deposition subpoena in Springfield, Massachusetts on March 29th.

Plaintiff mailed notices for the depositions of Susan Alfano and Albert Rocheteau on March 23rd, for depositions on March 31st (the date on which, as plaintiff's counsel knew, the Defendants had already noticed Ms. Williams' deposition), but did not transmit copies of the notices to the Defendants by fax. The Defendants' counsel received the notices on Friday, March 25th, a stock market holiday that was also a holiday for both of the Defendants. Plaintiff did not inform the Defendants' counsel of any intention to take Ms. Alfano's or Mr. Rocheteau's depositions in advance of mailing the deposition notices and never inquired about Ms. Alfano's or Mr. Rocheteau's availability on March 31st, or any other date prior to the March 31st deadline set by the Court for completion of non-expert depositions.

Based on the in-hand service of the deposition subpoena on Ms. Williams on March 29th, the Defendants anticipated that she would appear for deposition on March 31st and prepared accordingly. On March 30th, following several unsuccessful attempts to reach plaintiff's counsel, the Defendants filed a Motion for Protective Order Pursuant to Federal Rules of Civil Procedure 26(c) and 30(b)(1) ("Defendants' Motion for Protective Order") requesting that the depositions of Ms. Alfano and Mr. Rocheteau not be taken because the Defendants had already noticed Ms. Williams' deposition for March 31st, which was the deadline for completion of non-expert depositions, and because plaintiff had failed to provide reasonable notice of his intention to take Ms. Alfano's and Mr. Rocheteau's depositions. After the close of business on March 30th, having been informed by the Defendants' counsel that the Defendants expected Ms. Williams to appear for deposition on March 31st, plaintiff's counsel represented that Ms. Williams was out of

state at a wedding. Plaintiff filed no motion for a protective order in regard to Ms. Williams' deposition until March 31st, some twenty minutes before the deposition was scheduled to take place.

In the April 6th Order, Judge Neiman allowed the Defendants' motion for a protective order as to the depositions of Ms. Alfano and Mr. Rocheteau and denied plaintiff's motion for a protective order as to Ms. Williams. Ms. Williams was ordered to appear for deposition on April 7th or 8th at the Defendants' convenience. Judge Neiman's April 6th Order also authorized plaintiff to take a Rule 30(b)(6) deposition of Babson, on the following three areas of inquiry: "(a) the elimination of Plaintiff's position, (b) Mr. Rocheteau's job responsibilities, and (c) the alleged 'purging' of Plaintiff's personnel file and/or of other employee personnel files from 1997 to date."

Plaintiff has identified as the reason he should be allowed to take Ms. Alfano's deposition the possibility that she might have had a role in making the decision to eliminate plaintiff's position. *See* Plaintiff's Objection at 3. There is no evidence that she did. Mr. Reese testified at his deposition that he consulted Ms. Alfano because he thought she would have the ability to locate other possible opportunities for plaintiff within the MassMutual family of companies. *See* Deposition of Stuart Reese, pp. 56-57. (A portion of the Deposition of Stuart Reese was attached to Plaintiff's Objection.) Ms. Moore, who appeared to testify on behalf of Babson under Rule 30(b)(6) on April 19th, testified that the decision to eliminate plaintiff's position was a collaborative decision made by Messrs. McClintock and Reese, and that Ms. Alfano was consulted about finding other possible positions for plaintiff within the MassMutual family of companies. Plaintiff has known that Ms. Alfano played this role since June 2002, when he

received copies of his personnel records, including an e-mail from Ms. Alfano indicating that she had spoken with another MassMutual employee about a possible position for plaintiff.

Plaintiff has identified as the reason he should be allowed to take Mr. Rocheteau's deposition a need "to determine if Mr. Rocheteau had been performing the job elements of [plaintiff's] 'eliminated' position, further supporting the Plaintiff's claim that the elimination of his position was pretextual." Plaintiff's Objection at 3. Mr. Rocheteau (who, like plaintiff, is African-American) did not join Babson as an employee until May 2002, after plaintiff left the workplace for medical reasons. Plaintiff has known about Mr. Rocheteau's hiring and his job responsibilities since May 2002. Ms. Moore testified, during the April 19th Rule 30(b)(6) deposition of Babson, that, to prepare for the deposition, she spoke with Mr. Rocheteau at some length about the duties and responsibilities of his position. During the deposition, Ms. Moore answered all questions asked by plaintiff's counsel about Mr. Rocheteau's job responsibilities.

### III.     Argument

#### 1.     Standard of Review

Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A) guide this Court's review of Judge Neiman's April 6th Order. As to nondispositive matters such as the April 6th Order, a district court shall reverse or modify a magistrate judge's order only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). An order is "clearly erroneous" only "when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum*, 333 U.S. 364, 395 (1948). Pursuant to this highly deferential standard of review, magistrate judges are afforded broad discretion in resolving nondispositive pretrial disputes, and reversal is appropriate only if that broad discretion is abused. *See Conway v. Icahn*, 16 F.3d 504,

510 (2d Cir. 1994); *see also AMW Material Testing, Inc v. Town of Babylon*, 215 F.R.D. 67, 70-71 (E.D. N.Y. 2003). "[T]his standard of review is not appellant friendly – and a disgruntled litigant bears a heavy burden in attempting to show that an abuse occurred." *Tower Ventures, Inc. v. City of Westfield,* 296 F.3d 43, 46 (1st Cir. 2002). This Court should deny Plaintiff's Objection because plaintiff has not even attempted to show that Judge Neiman's April 6th Order was clearly erroneous or contrary to law or that he abused his broad discretion in resolving the nondispositive pretrial disputes on which he ruled in the April 6th Order.

    **2.**    **The April 6th Order was Not Clearly Erroneous or Contrary to Law**

Plaintiff has made absolutely no showing that Judge Neiman's April 6th Order was clearly erroneous or contrary to law. Plaintiff concedes that "reasonable notice is required in advance of any deposition noticed in a case." He has not even attempted to argue that the minimal notice he provided for the depositions of Ms. Alfano and Mr. Rocheteau was reasonable. Instead, plaintiff contends that Rule 26(b)(1) "does not provide that if reasonable notice is not given that the depositions so noticed are to be canceled." Plaintiff's Objection at 4. Plaintiff is wrong.

Federal Rule of Civil Procedure 26(c) provides, as possible remedies for a party showing good cause for entry of a protective order, that the "disclosure or discovery not be had;" or that "the discovery be had only by a method of discovery other than that selected by the party seeking discovery." Fed. R. Civ. P. 26(c)(1), (3). Judge Neiman's April 6th Order gave plaintiff the opportunity to obtain the discovery he sought about Ms. Alfano's (very limited) role in the elimination of plaintiff's position and Mr. Rocheteau's job responsibilities by means of a Rule 30(b)(6) deposition of Babson. The order was entirely consistent with the provisions of Federal Rule of Civil Procedure 26(c).

### 3. Judge Neiman Did Not Abuse His Discretion

Judge Neiman's April 6th Order also was entirely proper based on the Court's "substantial authority to enforce case-management orders." *Tower Ventures, Inc.,* 296 F.3d 43 at 45. "Scheduling orders are essential tools in [the] process [of case management] – and a party's disregard of such orders robs them of their utility." *Tower Ventures, Inc.,* 296 F.3d at 46, *quoting Rosaria-Diaz v. Gonzalez,* 140 F.3d 312, 315 (1st Cir. 1998). Plaintiff noticed the depositions of Ms. Alfano and Mr. Rocheteau on the last day prior to the second deadline established by the Court for completion of non-expert depositions. He did so without any prior notification to opposing counsel of his intent to take the depositions of these individuals, without any inquiry as to their availability, and on a date when he knew that the Defendants had already noticed a deposition that plaintiff had asked to have postponed based on a misrepresentation about the witness' availability. Judge Neiman reasonably could have concluded that plaintiff had not acted in good faith, was not serious about proceeding on March 31st with the depositions he had noticed for that date, and was really seeking, by deceptive means and without good cause, to obtain yet another extension of the deadline for taking non-expert depositions. In fact, plaintiff has all but acknowledged this intention. In Plaintiff's Objection, plaintiff states that he "understands and recognizes the Defendants' concerns regarding time preparation for the depositions as noticed" and that plaintiff "has been and is willing to extend the deadline for taking these two fact witnesses depositions beyond the March 31, 2005 date ordered by the Magistrate Judge." Plaintiff's Objection at 4.

Plaintiff's claim "that no prejudice will befall the Defendants if these depositions are taken," Plaintiff's Objection at 4, is both facile and wrong and "devalue[s] the judiciary's strong institutional interest in ensuring that litigants honor court orders." *Tower Ventures, Inc.*, 296 F.3d at 47. Plaintiff's conduct during discovery in this case has already caused substantial

9

inconvenience to witnesses employed by the Defendants, increased the Defendants' costs in this litigation and delayed its ultimate resolution.

The possible relevance of deposition testimony from Ms. Alfano and Mr. Rocheteau must have been apparent to plaintiff from the inception of this case. Judge Neiman was entitled to conclude that plaintiff, knowing that no further extensions would be allowed for non-expert depositions, noticed the depositions of Ms. Alfano and Mr. Rocheteau at the last minute and was not forthcoming about Ms. Williams' availability in an attempt to obtain a further extension of non-expert discovery. Where the failure to obtain this testimony is because of plaintiff's delay in discovery, it is not an abuse of discretion to require plaintiff to be "satisfied with the testimony of [Babson pursuant to Rule 30(b)(6)]." *Cabana v. Forcier,* 200 F.R.D. 9, 15 (D. Mass. 2001) (declining to extend expert discovery deadline when relevance of potential new expert's testimony should have been clear from the inception of the litigation); *see also Sprague v. United Airlines, Inc.,* 2000 WL 621112 at *1 (D. Mass. May 3, 2000) (denying motion for modification of scheduling order when issue to which new expert would testify did not arise unannounced and unforeseen after the deadline for designating witnesses).

## IV.     Conclusion

For the foregoing reasons, Plaintiff's Objection should be denied and this Court should not modify or set aside any portion of Judge Neiman's April 6th Order.

The Defendants,
MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY (a/k/a
MASSMUTUAL FINANCIAL GROUP)
and DAVID L. BABSON & COMPANY, INC.
(a/k/a DAVID L. BABSON AND COMPANY)
By Their Attorneys:

Dated:  May 2, 2005         /s/ Katherine A. Robertson
                            Francis D. Dibble, Jr.
                             BBO No. 123220
                            Katherine A. Robertson
                             BBO No. 557609
                            Bulkley, Richardson and Gelinas, LLP
                            1500 Main Street, Suite 2700
                            Springfield, MA  01115-5507
                            Tel:  (413) 781-2820
                            Fax: (413) 272-6804

295731