UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 03-CV-11470 MAP

| | |
|---|---|
| ISAAC WILLIAMS, JR., )<br>        Plaintiff )<br>v. )<br> )<br>MASSACHUSETTS MUTUAL LIFE )<br>INSURANCE COMPANY (a/k/a )<br>MASSMUTUAL FINANCIAL GROUP) )<br>and DAVID L. BABSON & COMPANY, INC. )<br>(a/k/a DAVID L. BABSON AND COMPANY), )<br>        Defendants ) | DEFENDANTS' OPPOSITION<br>TO MOTION FOR ATTORNEYS<br>FEES REGARDING<br>PREPARATION TIME<br>FOR 30(b)(6) DEPOSITION |

## I.    Introduction

The defendants, Babson Capital Management, LLC (formerly David L. Babson & Company, Inc.) ("Babson") and Massachusetts Mutual Life Insurance Company ("MassMutual") (collectively, "the Defendants"), hereby oppose plaintiff's Motion for Attorneys Fees Regarding Preparation Time for 30(b)(6) Deposition ("Plaintiff's Motion").  Plaintiff's Motion should be denied because the motion: (1) was filed in violation of Local Rule 7.1(A)(2); and (2) is frivolous and a waste of judicial resources.  The Defendants request that they be awarded costs, including attorneys fees, incurred in opposing Plaintiff's Motion.

## II.    Relevant Background

Much of the background relevant to this opposition to Plaintiff's Motion is set forth in recent filings by the Defendants with this Court necessitated by plaintiff's conduct in discovery, including (but not limited to) the Defendants' Memorandum in Support of Motion to Quash or For Protective Order Regarding Deposition Notice to Robert K. Rancke; the Defendants' Opposition to Plaintiff's Motion for Reconsideration And Or Clarification of Revised Scheduling

Order dated December 30, 2004; the Defendants' Memorandum of Law in Support of Motion for Protective Order Pursuant to Federal Rules of Civil Procedure 26(c) and 30(b)(1); and the Defendants' Response to Plaintiff's Objection to Magistrate Judge's Granting of Defendant's (sic) Motion for a Protective Order Concerning Susan Alfano and Albert Rocheteau (filed on May 2, 2005), all of which are incorporated herein by reference.

In summary, during the last two weeks prior to completion of non-expert depositions in this case (a deadline that had been extended from November 30, 2004 at plaintiff's request), plaintiff served last-minute notices for the depositions of Robert Rancke, an in-house attorney with no relevant non-privileged knowledge concerning plaintiff's claims; defendants MassMutual and Babson, pursuant to Federal Rule 30(b)(6), identifying as areas of inquiry topics on which plaintiff could have inquired at depositions of MassMutual and Babson employees all of whom were officers of MassMutual or Babson and whose testimony on these topics would have been binding; and Susan Alfano and Albert Rocheteau, on a date that conflicted with the date on which the Defendants had previously noticed the deposition of Valerie Williams, plaintiff's wife. In no case did plaintiff consult with counsel for the Defendants concerning the availability of any witness in advance of serving these last minute deposition notices.

Plaintiff served the notices for Rule 30(b)(6) depositions of Babson on March 18, 2005 for depositions on March 30, 2005. On March 24, 2005, the Defendants' counsel telephoned plaintiff's counsel to confer concerning the Defendants' motion to quash or for a protective order to preclude plaintiff from taking the deposition of Mr. Rancke. During this telephone conference, counsel for the Defendants told plaintiff's counsel that the Defendants were considering filing a motion for a protective order as to the Rule 30(b)(6) depositions of

2

MassMutual and Babson. The Defendants' counsel explained the bases of the motion the Defendants anticipated filing, including that: (1) plaintiff had had ample opportunity to obtain information concerning the areas of inquiry identified by the Rule 30(b)(6) deposition notices from fact witnesses who had already appeared for deposition and whose testimony would have been binding on the Defendants; (2) plaintiff had completely failed to ask questions in those areas of inquiry; and (3) the individuals who logically would be identified as Rule 30(b)(6) witnesses were the same individuals who had just given depositions as fact witnesses and had also been inconvenienced by having their depositions cancelled at the last minute in November 2004. Plaintiff's counsel indicated that the parties were at an impasse and that he would not agree that plaintiff would give up on taking Mr. Rancke's deposition or withdraw the Rule 30(b)(6) deposition notices. At the close of the conversation, counsel for the Defendants indicated that, in her view, counsel had conferred concerning an attempt to narrow the parties' areas of disagreement about the Rule 30(b)(6) deposition notices. *See* Affidavit of Counsel in Opposition to Plaintiff's Motion for Fees ("Counsel's Affidavit"), ¶¶ 2-5. (Counsel's Affidavit is attached hereto as Exhibit 1.) The Defendants filed their Motion for a Protective Order as to the Rule 30(b)(6) Depositions before noon on March 29, 2005. *See* Counsel's Affidavit, ¶ 7.

At an April 5, 2005 Case Management Conference, this Court allowed the Defendants' motions for protective orders as to the depositions of Messrs. Rancke and Rocheteau and Ms. Alfano. The Court allowed in part and denied in part the Defendants' Motion for a Protective Order as to the Rule 30(b)(6) Depositions of MassMutual and Babson ("Motion for a Protective Order as to the Rule 30(b)(6) Depositions"), allowing plaintiff to take a single Rule 30(b)(6) deposition of Babson, limited to four hours, on three areas of inquiry specified by the Court.

Two of those areas of inquiry were similar to the areas of inquiry identified in the notices plaintiff had served for Rule 30(b)(6) depositions of Babson and MassMutual.

### III. Argument

#### 1. Plaintiff's Motion for Fees Should be Denied Because it Was Filed in Violation of Local Rule 7.1

Local Rule 7.1 of the Local Rules for the United States District Court for the District of Massachusetts provides that "[n]o motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." Plaintiff has not certified that he conferred prior to filing Plaintiff's Motion, nor could any such certification have been made because plaintiff's counsel never attempted to confer prior to filing Plaintiff's Motion. It is ironic that plaintiff should have filed this motion in violation of Local Rule 7.1, when the motion rests, in part, on a misleading allegation that the Defendants did not adequately confer with plaintiff in advance of filing their Motion For a Protective Order as to the Rule 30(b)(6) Depositions.

Plaintiff's Motion should be denied because plaintiff filed the motion in violation of Local Rule 7.1.

#### 2. Plaintiff's Motion Should be Denied For The Further Reason That it is Frivolous

The theory for Plaintiff's Motion is unclear. Under any theory, however, the motion is frivolous and should be denied. If the basis for Plaintiff's Motion is that he spent time preparing for a deposition that he was not permitted to take because the Court allowed in part the Defendants' Motion for a Protective Order as to the Rule 30(b)(6) Depositions, *see* Plaintiff's Motion at 3, then his request for compensation for time spent preparing for a deposition that he was not allowed to take is most appropriately addressed to the Court, which ruled that he would

4

not be permitted to take the deposition for which he claims to have prepared. The Court, not the Defendants, cancelled the Rule 30(b)(6) deposition of MassMutual noticed by plaintiff.

If the basis for Plaintiff's Motion is that the Defendants' Motion for a Protective Order as to the Rule 30(b)(6) Depositions was not timely filed, *see* Plaintiff's Motion at 3, then plaintiff is wrong. Federal Rule of Civil Procedure 26(c) does not set a deadline for the filing of a motion for a protective order. In the case of *East Boston Ecumenical Community v. Mastrorillo*, 133 F.R.D. 2, 4 (D. Mass. 1990), however, the Court (Collings, M.J.) observed that "a party may not unilaterally decide that he or she is not going to attend a duly-noticed deposition without at least applying for a protective order before the time set for the deposition." *See also* Fed. R. Civ. P. 37(d) (no excuse for party's failure to appear for deposition unless party has pending motion for protective order). The Defendants filed their Motion for a Protective Order as to the Rule 30(b)(6) Depositions before the date of the deposition and as promptly as was possible under the circumstances, and plaintiff was on notice, as of March 24, 2005, that the motion most likely would be filed. *See* Counsel's Affidavit, ¶¶ 4-6.

Finally, if the basis for Plaintiff's Motion is that plaintiff incurred costs he would not otherwise have incurred, plaintiff has completely failed to explain why that would be so. Plaintiff took the one Rule 30(b)(6) deposition that he was permitted to take by the Court, on the topics on which the Court permitted inquiry, on April 19, 2005, some three weeks after the date on which he initially noticed the Rule 30(b)(6) depositions of Babson and MassMutual. The six areas of inquiry identified in plaintiff's Rule 30(b)(6) notices to Babson and MassMutual were duplicative and were largely encompassed within two of the topics on which the Court permitted plaintiff to inquire at the April 19th Rule 30(b)(6) deposition of Babson. Plaintiff was not required to meet with any witness in preparation for the Rule 30(b)(6) deposition of Babson. It is

hard to imagine that counsel duplicated efforts in preparing for a Rule 30(b)(6) deposition that was taken less than three weeks after the date on which it initially was noticed, or that plaintiff actually incurred any costs he would not otherwise have incurred because the Defendants filed their Motion for a Protective Order as to the Rule 30(b)(6) Depositions.

The Court's rulings in its April 6, 2005 electronic order on the parties' pending motions, amply demonstrate that the Defendants were substantially justified in their responses to plaintiff's last minute flurry of deposition notices. Plaintiff Motion is frivolous and a waste of judicial resources and should be denied.

### IV.  Conclusion

For the foregoing reasons, Plaintiff's Motion should be denied and the Defendants should be awarded their costs, including attorney's fees, incurred in preparing this opposition.

> The Defendants,
> MASSACHUSETTS MUTUAL LIFE
> INSURANCE COMPANY (a/k/a
> MASSMUTUAL FINANCIAL GROUP)
> and DAVID L. BABSON & COMPANY, INC.
> (a/k/a DAVID L. BABSON AND COMPANY)
> By Their Attorneys:

Dated:  May 4, 2005

/s/ Katherine A. Robertson
Francis D. Dibble, Jr.
 BBO No. 123220
Katherine A. Robertson
 BBO No. 557609
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA  01115-5507
Tel:  (413) 781-2820
Fax: (413) 272-6804

296646