# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 03-CV-11470 MAP

| | |
|---|---|
| ISAAC WILLIAMS, JR.,<br>   Plaintiff<br>v.<br><br>MASSACHUSETTS MUTUAL LIFE<br>INSURANCE COMPANY (a/k/a<br>MASSMUTUAL FINANCIAL GROUP)<br>and DAVID L. BABSON & COMPANY, INC.<br>(a/k/a DAVID L. BABSON AND COMPANY),<br>   Defendants | AFFIDAVIT OF COUNSEL<br>IN OPPOSITION TO<br>PLAINTIFF'S MOTION FOR FEES |

I, Katherine A. Robertson, hereby depose and state a follows:

1. I am a partner at Bulkley, Richardson and Gelinas, LLP and a counsel of record for the defendants Babson Capital Management, LLP (formerly David L. Babson & Company, Inc.) ("Babson") and Massachusetts Mutual Life Insurance Company ("MassMutual") in this case. I have been primarily responsible for conducting discovery in this case on behalf of the defendants.

2. On March 23, 2005, I sent plaintiff's counsel a copy of the defendants' motion for a protective order or to quash the notice for the deposition of Robert Rancke and requested an opportunity to confer about the motion on March 24, 2005.

3. On March 24, 2005, I telephoned plaintiff's counsel to confer in a good faith attempt to resolve or narrow the issues concerning the proposed deposition of Mr. Rancke. Plaintiff's counsel suggested postponing resolution of the question of whether plaintiff would seek to take Mr. Rancke's deposition until after plaintiff had taken Rule 30(b)(6) depositions of MassMutual and Babson.

4.  I told plaintiff's counsel that the defendants were seriously considering moving for protective orders as to those depositions because:

- Plaintiff had had ample opportunity to obtain information on the areas of inquiry identified in the Rule 30(b)(6) notices when he took the depositions of Stuart Reese, Nancy Roberts and Susan Moore, each of whom had personal knowledge on one or more of the areas of inquiry listed in the notices but he had not asked any questions in those areas. I noted as a particularly glaring example plaintiff's failure to ask Ms. Moore, during her March 18, 2005 deposition, about the alleged purging of plaintiff's personnel records, as Ms. Moore was the individual to whom plaintiff had written to obtain the records and who had provided plaintiff with the records.

- I said that plaintiff should have known that the individuals whom the defendants logically would identify to testify concerning the areas of inquiry listed on the Rule 30(b)(6) notices were precisely those individuals who had just appeared for deposition on March 15, 2005, in Mr. Reese's case, and on March 18, 2005, in the case of Ms. Roberts and Ms. Moore. I said that it was inappropriate for the plaintiff to attempt to require any of these individuals to appear for another deposition, when they had just given testimony and also had been inconvenienced by plaintiff's last minute cancellation of their depositions in November 2004.

5.  Plaintiff's counsel did not respond to any of these points and did not agree to withdraw the Rule 30(b)(6) notices. At the end of the conference, I told plaintiff's counsel that, in my view, counsel had conferred concerning the motion that the defendants anticipated filing to quash the Rule 30(b)(6) notices and asked if plaintiff's counsel agreed. Plaintiff's counsel said

he "guessed" he would like to confer again. At no time between March 24 and March 29, 2005 did plaintiff's counsel telephone or otherwise seek to initiate any further conference concerning a motion by the defendants to quash the Rule 30(b)(6) notices served on the defendants.

6.  Between March 18 and 31, 2005, in addition to preparing for the deposition of Valerie Williams, noticed by the defendants on March 31, 2005, the defendants made numerous filings in this case in response to discovery requests or motions by plaintiff that the defendants considered unwarranted, as follows:

- Motion to Quash or For a Protective Order Regarding Deposition Notice to Robert K. Rancke, Esq. and supporting memorandum (March 24th);

- Opposition to Motion of Plaintiff Isaac Williams, Jr., to Compel Discovery by Defendant, David L. Babson & Company Pursuant to Rule 37 (March 25th);

- Motion for Protective Order Pursuant to Federal Rule of Civil Procedure 26(b) and (c) (concerning the Rule 30(b)(6) notices) (March 29th);

- Motion for Protective Order Pursuant to Federal Rules of Civil Procedure 26(c) and 30(b)(1) (concerning the notices for depositions of Susan Alfano and Albert Rocheteau) and supporting memorandum (March 30th); and

- Defendants' Opposition to Plaintiff's Motion for Reconsideration and or Clarification of Revised Scheduling Order Dated December 30, 2004 (March 31st).

7.  The defendants timely filed their motion for a protective order as to the Rule 30(b)(6) deposition notices before noon on March 29, 2005, in advance of the date of the deposition and as soon as the memorandum in support of the motion was completed.

8.  I telephoned plaintiff's counsel on March 29, 2005 after the motion for a protective order had been filed to confirm that he was aware of the motion and did not plan on attending the Rule 30(b)(6) depositions of Babson and MassMutual on March 30th. Plaintiff's counsel said, "No problem. You've got it." Plaintiff's counsel did not express surprise at the

3

filing nor did he indicate that he had prepared for the depositions and believed that they should go forward.

    Signed under the penalties of perjury this 4th day of May, 2005.

                                                                     _____
                                                                       Katherine Robertson

#296926