UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 03-CV-11470 MAP

| | |
|---|---|
| ISAAC WILLIAMS, JR., )<br>      Plaintiff )<br>v. )<br> )<br>MASSACHUSETTS MUTUAL LIFE )<br>INSURANCE COMPANY (a/k/a )<br>MASSMUTUAL FINANCIAL GROUP) )<br>and DAVID L. BABSON & COMPANY, INC. )<br>(a/k/a DAVID L. BABSON AND COMPANY), )<br>      Defendants ) | MEMORANDUM IN<br>SUPPORT OF DEFENDANTS'<br>MOTION TO PRECLUDE<br>TESTIMONY BY<br>PLAINTIFF'S PROPOSED<br>EXPERT WITNESSES |

**I.     Introduction**

Pursuant to Federal Rules of Civil Procedure 26(a)(2)(B) ("Rule 26(a)(2)(B)") and 37(c)(1) and the May 16, 2005 Further Revised Scheduling Order ("Revised Order") entered in this case, the defendants, Babson Capital Management, LLC (formerly David L. Babson & Company) ("Babson") and Massachusetts Mutual Life Insurance Company ("MassMutual"), have moved to preclude plaintiff from presenting testimony at trial by Diedre Reynolds, M.D. or Alan Seigel, L.I.C.W., identified by plaintiff as expert witnesses ("Defendants' Motion"). The bases for Defendants' Motion, more fully set forth below, are that: (1) plaintiff failed to provide an expert report signed by Mr. Seigel by May 20, 2005 as required by the Revised Order; (2) the expert reports signed by Dr. Reynolds and Mr. Seigel fail to satisfy the core requirements of Rule 26(a)(2)(B) because the reports fail to set forth a statement of any opinion that Dr. Reynolds or Mr. Seigel might express in this case, let alone any bases or reasons therefore or the precise data or information that might form the basis for any opinion or opinions that she or he might express; and (3) there is no excuse for plaintiff's repeated failures to comply with his discovery

obligations, which have unnecessarily burdened this Court and increased the costs of this litigation.

Plaintiff's disclosure obligations are clearly spelled out in Rule 26(a)(2)(B), the comments thereto, and controlling case law. Despite the defendants' agreement to plaintiff's request for an extension of time for plaintiff to make his expert disclosures, plaintiff failed to comply with the deadline in the Revised Order as to Mr. Seigel's report and, as to both of his proposed expert witnesses, failed to provide a report complying with the core provisions of Rule 26(a)(2)(B) requiring a party to disclose in detail the anticipated substance of a proposed expert's testimony.[1] Plaintiff's failure to comply with his expert disclosure obligations is consistent with plaintiff's dilatory conduct and concealment of relevant information during fact discovery in this case. The Defendants' Motion should be allowed, and testimony by plaintiff's proposed expert witnesses should be excluded at trial as a sanction for plaintiff's failure timely to make expert disclosure and his failure to comply with his disclosure obligations under Rule 26(a)(2)(B).

## II.   Relevant Procedural and Factual Background

**Plaintiff's Misconduct in Discovery.** Plaintiff's conduct in discovery has required this Court's intervention in discovery disputes, unnecessarily increased the costs of defense and delayed resolution of this case. Plaintiff has failed or refused to produce documents that allegedly supported allegations in his complaint; sought to compel an intrusive search of MassMutual's computer systems based on false allegations about alterations to a document; canceled depositions of plaintiff's employees, scheduled on dates chosen by plaintiff, at the last minute; misrepresented the availability of plaintiff's wife for deposition; and served burdensome notices for last minute depositions, two of which were noticed at a date and time in conflict with a deposition already noticed by the defendants. This Court sanctioned plaintiff for his

---

[1] Plaintiff also has failed to answer the defendants' expert interrogatory, served on plaintiff some fifteen months ago.

misconduct in discovery and quashed four of the five last-minute deposition notices served by plaintiff. *See* December 30, 2004 Revised Scheduling Order; March 24, 2005 Memorandum in Support of Motion to Quash or For Protective Order Regarding Deposition Notice to Robert K. Rancke; March 29, 2005 Memorandum in Support of Motion for Protective Order Pursuant to Federal Rule of Civil Procedure 26(b) and (c) (regarding plaintiff's Rule 30(b)(6) notices for depositions of Babson and MassMutual); and Memorandum in Support of Motion for Protective Order Pursuant to Federal Rules of Civil Procedure 26(c) and 30(b)(1) (regarding depositions of Susan Alfano and Albert Rocheteau); April 6, 2005 Electronic Order.

**Plaintiff's Expert Disclosures.** Plaintiff has known since December 30, 2004 about the deadline for his expert disclosures. The December 30, 2004 Further Scheduling Order entered by the Court provided, among other things, that plaintiff was to designate and disclose information regarding his trial experts "as required by Fed. R. Civ. P. 26(a)(2) by May 13, 2005." On May 13, 2005, the defendants, through counsel, assented to plaintiff's request for leave to extend to May 20, 2005 the time for plaintiff to designate and disclose information about his proposed trial experts. Under the Revised Order entered by the Court on May 16, 2005, plaintiff was to designate and disclose information about his trial experts by May 20, 2005; the defendants were to designate and disclose information about their trial experts, if any, by July 8, 2005; and expert depositions were to be completed by September 1, 2005.

On May 20, 2005, plaintiff electronically filed with the Court pretrial disclosures identifying Diedre Reynolds, M.D., and Alan Seigel, L.I.C.W., as expert witnesses. Dr. Reynolds was plaintiff's treating psychiatrist from on or around March 18, 2003 to on or around March 29, 2004. Mr. Seigel, a licensed social worker, treated plaintiff from on or around July 28, 1999 to on or around December 4, 2000 and again from on or around May 6, 2002 to in or

3

around January 2004.  Plaintiff's May 20, 2005 electronic filing included a list of publications, curricula vitae and history of trial/deposition testimony as to Dr. Reynolds and Mr. Seigel and, as to Dr. Reynolds, her rate of compensation for deposition and trial testimony.

On May 20, 2005, plaintiff mailed a copy of Dr. Reynolds' so-called expert report ("the Reynolds Report") to defendants' counsel.  (A copy of the Reynolds Report is submitted herewith as Exhibit 1.)[2]  The Reynolds Report consists of a single page containing two paragraphs.  The first paragraph sets out the dates of Dr. Reynolds' treatment of plaintiff.  The five-line second paragraph presumably is intended to provide the remainder of the information required by Rule 26(b)(2).  The brief second paragraph of the Reynolds Report implies the possibility that Dr. Reynolds might testify about the supposed cause of emotional distress allegedly suffered by plaintiff in March and April 20002 and thereafter.  The Reynolds Report, however, did **not**:  (a) set forth the substance of any testimony Dr. Reynolds would give on direct examination; (b) set forth any opinion, let alone a complete statement of all opinions, that Dr. Reynolds was expected to express at trial; (c) describe with any specificity the data or other information considered by Dr. Reynolds in forming any opinion(s) she might express at trial; or (d) identify exhibits, if any, to be used in a summary of or support for any opinions that Dr. Reynolds might express at any trial of this matter.  *See* Exhibit 1, submitted herewith.

Plaintiff did **not** provide the defendants with an expert report signed by Mr. Seigel on May 20, 2004.  On May 24, 2005, without seeking leave of Court for the further delay, plaintiff mailed the defendants a copy of Mr. Seigel's so-called expert report ("the Seigel Report"), and disclosed Mr. Seigel's charges per hour for time spent preparing the report.  (A copy of the Seigel Report is submitted herewith as Exhibit 2.)  The Seigel Report, while less terse than the

---

[2] Plaintiff designated the Reynolds and Seigel Reports as confidential under the Stipulated Protective Order entered in this case.  The reports are being filed separately on a confidential basis in compliance with the Stipulated Protective Order.

Reynolds Report, also fails to comply with the plain dictates of Rule 26(a)(2)(B).  The Seigel Report described some of Mr. Seigel's treatment of plaintiff in 2002 and thereafter and referred to certain statements made by plaintiff concerning supposed conditions in his workplace and the effect those conditions allegedly had on him.  The Seigel Report implied a possibility that Mr. Seigel might testify that plaintiff suffered from depression caused by a hostile work environment.  The Seigel Report, however, left the defendants to speculate about whether Mr. Seigel would testify to any such opinion and about what information might be the basis for any such opinion, because the Seigel Report did **not**:  (a) set forth any opinion that Mr. Seigel was expected to express at trial; (b) describe with specificity the data or other information that might form the basis of any opinion that Mr. Seigel might express; or (c) identify exhibits, if any, to be used in a summary of or support for any opinions that Mr. Seigel might express at trial.  *See* Exhibit 2, submitted herewith.

### III.    Argument

Rule 26(a)(2)(B) provides, in relevant part, with respect to any witness who is retained or specially employed to provide expert testimony in a case, that an expert disclosure shall "be accompanied by a written report prepared and signed by the witness.  The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; [and] any exhibits to be used in a summary of or support for the opinions."  Fed. R. Civ. P. 26(a)(2)(B).  An expert witness written report is "intended to set forth the substance of the direct examination [and] should be written in a manner that reflects the testimony to be given by the witness."  Advisory Committee Notes, 146 F.R.D. 405, 634 (1993); *see also Gomez v. Rodriguez,* 344 F.3d 103, 113

(1st Cir. 2003) (Rule 26(a)(2)(B) requires potential expert witness to submit a written report containing, among other things, detailed information as to the intended testimony of the witness).

As the Court did in this case, courts usually require that the plaintiff, as the party bearing the burden of proof at trial, designate his experts, if any, and provide an expert report before a defendant is required to make his expert disclosures, if any.  "The purpose of a 'detailed and complete' expert report as contemplated by Rule 26(a) . . . is, in part, to minimize the expense of deposing experts, and to shorten direct examination and prevent an ambush at trial."  *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo y Beneficiencia de Puerto Rico,* 248 F.3d 29, 35 (1st Cir. 2001).  A plaintiff's expert report also serves to inform the defendant about the issues, if any, on which the plaintiff intends to offer expert testimony and what the substance of that testimony will be, so that a defendant can assess its need for responsive expert testimony.  *See* Advisory Committee Notes, 146 F.R.D. at 633 (normally, the court should prescribe a time for expert disclosures in a Rule 16(b) scheduling order and the party bearing the burden of proof on an issue should be required to disclose its expert testimony before other parties are required to make disclosures on that issue).

Because of the glaring deficiencies in the Reynolds and Seigel Reports, it is impossible to be sure of the nature of the expert testimony that plaintiff intends to elicit from Dr. Reynolds or Mr. Seigel.  It seems probable, however, that plaintiff will seek to elicit testimony from each of these mental health care providers about the cause of plaintiff's depression and anxiety in 2002. A treating health care provider who is retained to provide expert witness testimony about causation "steps into the shoes of a retained expert for purposes of Rule 26(a)(2) . . . [and] a report as required by Fed. R. Civ. P. 26(a)(2)(B) should be provided." *Thomas v. Consolidated Rail Corp.,* 169 F.R.D. 1, 2 (D. Mass. 1996) (Ponsor, J.); *see also Pena-Crespo v.*

*Commonwealth of Puerto Rico,* 408 F.3d 10, 13-14 (1st Cir. 2005) (trial court properly excluded expert testimony by treating psychiatrist who failed to provide written expert report). "Failure to include information concerning the retained expert that is specifically required by Rule 26(a)(2)(B) . . . frustrates the purpose of candid and cost-efficient expert discovery." *Ortiz-Lopez,* 248 F.3d at 35. "A party who fails to disclose the necessary information under Rule 26(a), without substantial justification, is not permitted to present the witness' testimony at trial." *Pena-Crespo,* 408 F.3d at 13, *citing* Fed. R. Civ. P. 37(c)(1).

There was no excuse for plaintiff's failure to comply with the Revised Order requiring plaintiff to designate his experts by no later than May 20, 2005. Plaintiff has known since the inception of this litigation that he most likely would designate Mr. Seigel as an expert witness: he indicated this possibility as early as June 2004 in his answers to Babson's interrogatories. There can be no claim in this case that plaintiff was hampered in his ability to comply with his disclosure obligations because he required, and was not given, information in the defendants' possession that was a necessary basis for Mr. Siegel's report. So far as appears from the report provided on May 24, 2005, Mr. Seigel did not need any information from the defendants as a basis for expert disclosure.

There also was no justification for plaintiff's failure to provide expert reports that complied with Rule 26(a)(2)(B) by setting forth the substance of his proposed experts' testimony and the bases for any opinions to which they intended to testify. These obligations are well established by Rule 26(a)(2)(B) and controlling case law. *See, e.g., Gomez,* 344 F.3d at 113. Because of plaintiff's failure to provide expert reports setting forth the anticipated substance of his proposed experts' opinion testimony, the defendants have been prejudiced with respect to

7

their ability to take the depositions of plaintiff's experts and have been unable to ascertain their own need for expert witness testimony at trial.

Plaintiff had more than sufficient time to obtain written reports from his proposed expert witnesses that complied with the requirements of Rule 26(a)(2)(B). He failed to do so. Plaintiff's failure to comply with his expert disclosure obligations is part of a pattern of delay and misconduct in discovery that has made demands on this Court's resources and increased the costs of this litigation.

Under Rule 37(c)(1), the appropriate penalty for plaintiff's failure to comply with his disclosure obligations under Rule 26(a)(2)(B) is to exclude any testimony by Dr. Reynolds and Mr. Seigel in this case. *See, e.g., LaPlace-Bayard v. Batlle,* 295 F.3d 157, 162 (1st Cir. 2002) ("exclusion of evidence is a standard sanction for a violation of the duty of disclosure under Rule 26(a)"), *citing Samos Imex Corp. v. Nextel Communications, Inc.,* 194 F.3d 301, 305 (1st Cir. 1999). Exclusion of testimony by plaintiff's proposed expert witnesses is supported by a recent decision of the United States Court of Appeals for the First Circuit. In the recently decided *Pena-Crespo* case, a case strikingly similar to this case, plaintiff timely disclosed Jose Alberto Alonso, M.D., her treating psychiatrist, as an expert witness. During discovery, plaintiff produced Dr. Alonso's psychiatric evaluation, his resume and plaintiff's medical records of treatment with Dr. Alonso. Dr. Alonso, however, never prepared or submitted a written report meeting the requirements of Rule 26(a)(2)(B). Plaintiff apparently intended to offer Dr. Alonso's testimony in support of her claim for damages for mental/emotional distress. *See Pena-Crespo,* 408 F.3d at 12; 13-14. In the *Pena-Crespo* case, the Court held that the trial court properly excluded Dr. Alonso's testimony based on the failure to submit a written expert report by Dr. Alonso complying with Rule 26(a)(2)(B). *Pena-Crespo,* 408 F.3d at 14. As in the *Pena-*

*Crespo* case, plaintiff in this case failed to provide written expert reports that comply with Rule 26(a)(2)(B). The testimony of plaintiff's proposed expert witnesses should be excluded.

Plaintiff had an obligation timely to provide written expert reports in compliance with the Court's Revised Order and Rule 26(a)(2)(B). There is no substantial justification for plaintiff's failure to do so. Based on plaintiff's failure to comply with these obligations, this Court should preclude plaintiff's proposed experts, Dr. Reynolds and Mr. Seigel, from testifying at trial.[3]

## IV.   Conclusion

For the foregoing reasons, the defendants' Motion to Preclude Testimony by Plaintiff's Proposed Expert Witnesses should be allowed.

|  |  |
|---|---|
| Dated:  November 4, 2005 | The Defendants,<br>MASSACHUSETTS MUTUAL LIFE<br>INSURANCE COMPANY and<br>DAVID L. BABSON & COMPANY, INC.<br>By Their Attorneys:<br><br>/s/ Katherine A. Robertson<br>Francis D. Dibble, Jr. - BBO No. 123220<br>Katherine A. Robertson - BBO No. 557609<br>Bulkley, Richardson and Gelinas, LLP<br>1500 Main Street, Suite 2700<br>Springfield, MA  01115-5507<br>Tel:  (413) 781-2820<br>Fax: (413) 272-6804 |

### Certificate of Service

I hereby certify that a true copy of the above document was served electronically upon the attorney of record for each party on November 4, 2005.

/s/ Katherine A. Robertson
Katherine A. Robertson

#302069

---

[3] If this Court is inclined to allow plaintiff to supplement his expert disclosures by providing expert reports that comply with Rule 26(a)(2)(B), then the time for the defendants to designate an expert witness should be extended to seven weeks after plaintiff provides expert reports that comply with the requirements of Rule 26(a)(2)(B), and the time for completion of expert depositions should be extended to eight weeks after the deadline set for the defendants to designate their experts, if any.