# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 03-CV-11470 MAP

ISAAC WILLIAMS, JR.,   )
       Plaintiff   )
v.   )
   )
MASSACHUSETTS MUTUAL LIFE   )   SECOND AFFIDAVIT
INSURANCE COMPANY (a/k/a   )   OF SUSAN A. MOORE
MASSMUTUAL FINANCIAL GROUP)   )
and DAVID L. BABSON & COMPANY, INC.   )
(a/k/a DAVID L. BABSON AND COMPANY),   )
       Defendants

I, Susan A. Moore, hereby depose and state:

1.    I am a Managing Director and Director of Human Resources for Babson Capital Management, LLC (formerly known as David L. Babson & Company) ("Babson"). I am making this affidavit based on my personal knowledge and in consultation with counsel to establish certain facts relevant to defendant Massachusetts Mutual Life Insurance Company's ("MassMutual") motion for summary judgment in the captioned matter.

2.    MassMutual and Babson operate in different locations. MassMutual's principal place of business is 1295 State Street, Springfield, MA. Babson has two primary office locations, one at 470 Atlantic Avenue in Boston, MA (this office recently moved from a location in Cambridge, MA) and the other at 1500 Main Street in Springfield, MA. Approximately 150 Babson employees work in the Boston office; approximately 400 work in the Springfield office. Babson has an additional 100 or so employees in Babson satellite offices in locations across the country, including, for example, Washington, D.C.; Chicago, Illinois; Charlotte, North Carolina; and Newport Beach, California.

3. As Babson's Director of Human Resources, I currently report to William Glavin, President and Chief Executive Officer of Babson. In 2002, beginning in or around April, I reported to Stuart Reese, who was at that time the Chief Executive Officer of Babson. I have been responsible since April 2002 for managing Babson's Human Resources & Office Management Department ("H.R. Department").

4. Babson's H.R. Department employs twelve individuals, of whom seven work extensively or exclusively in various areas of human resources administration.

5. Most of Babson's written human resources policies are consistent with human resources policies that apply to MassMutual employees. MassMutual, however, has very limited participation in the total human resources process at Babson or in the management of Babson's approximately 600 employees.

6. Babson does not rely on MassMutual's recruiting staff to assist in filling open positions at Babson. Babson's H.R. Department is responsible for Babson's recruiting effort, including placing advertisements and job availability postings on websites as appropriate, screening resumes, coordinating with the hiring manager to schedule applicant interviews, and communicating offers to successful applicants.

7. Babson's managers are responsible for decisions about new hires and promotions for the Babson workforce. MassMutual does not participate in Babson's hiring or promotion decisions unless the decision concerns a position at the most senior level of Babson's management, such as a member of Babson's Board of Directors or someone expected to be among a small group of Babson's most highly compensated employees.

8. Babson's managers are responsible for decisions about salary increases and bonus awards and assignments of duties and responsibilities, and, in consultation with Babson's H.R.

2

Department, for decisions about employee discipline and termination of employment. MassMutual does not participate in Babson's decisions about salary increases, bonus awards, assignments of duties and responsibilities, employee discipline or employment terminations unless, again, the decision concerns compensation for a Babson employee at the most senior level of Babson's management.

9. Members of Babson's H.R. Department are responsible for investigating any employee concerns or complaints of alleged unfair treatment, discrimination or harassment, or requests for accommodation. Currently, Mary Thornton, a member of Babson's H.R. Department in Babson's Boston office, and I are identified in written materials distributed to Babson's employees as the individuals to whom any such concerns should be addressed.

10. Under a services agreement between Babson and MassMutual, effective January 1, 2000, Babson could, but was not required to, ask for MassMutual's assistance with certain personnel management services, including assistance with employee relations and equal employment opportunity support.

11. In 2002, Ms. Thornton and I also were identified as the individuals to whom Babson employees should address concerns about alleged unfair, discriminatory or harassing treatment. Ms. Thornton was employed by Babson. I was employed by MassMutual through on or around April 1, 2002, and was, thereafter, employed by Babson.

12. Babson's employees are free to interview, or apply through a job post system, for any open position at MassMutual or any other of its family of companies. Babson and MassMutual's work forces are separate, and there is no interchange of employees.

13. Babson has sole authority to make decisions about any internal reorganizations or re-structuring of its departments. For example, Babson initiated an internal self-study in 2003

that led to the creation of a centralized operations department and an expansion of Babson's marketing team to assist with product development and branding. MassMutual was not required to approve these organizational changes prior to their implementation.

14. MassMutual runs Babson's payroll. Babson, however, maintains a separate compensation database to support Babson's short and long-term incentive compensation, or bonus plans, which are different from MassMutual's short and long-term incentive compensation plans. Babson does not use the STAR employee bonus and rating system used by MassMutual and Babson's bonus plans do not apply to MassMutual employees.

Signed under the penalties of perjury this 26th day of October, 2005.

*Susan A. Moore*
Susan A. Moore
Director of Human Resources

308728

4