# EXHIBIT 9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 03-CV-11470 MAP

| | | |
|---|---|---|
| ISAAC WILLIAMS, JR., | ) | |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| MASSACHUSETTS MUTUAL LIFE | ) | AFFIDAVIT OF |
| INSURANCE COMPANY (a/k/a | ) | DEBRA WOJCIK |
| MASSMUTUAL FINANCIAL GROUP) | ) | |
| and DAVID L. BABSON & COMPANY, INC. | ) | |
| (a/k/a DAVID L. BABSON AND COMPANY), | ) | |
| Defendants | | |

I, Debra Wojcik, hereby depose and state:

1.      I have been employed by Massachusetts Mutual Life Insurance Company

("MassMutual") since 1973.  In 2002, I was a Second Vice President in MassMutual's Corporate

Human Resources Division with responsibility for supervising employee recruiting and

selection.   I am making this affidavit based on my personal knowledge and in consultation with

counsel to establish certain facts I have been told are relevant to the defendants' motions for

summary judgment in the captioned matter.

2.      On or around March 28, 2002, Mr. Williams told me about a March 27, 2002

e-mail from a student at the University of Virginia complaining that Mr. Williams'

communications with her had been inappropriate.

3.      In 2002, Caroline Mandeville reported to me.  After Mr. Williams spoke with me,

Ms. Mandeville told me that she had received a telephone call from James McBride, a member

of the University of Virginia's career services organization.  Ms. Mandeville said that Mr.

McBride had told her that the University had received a complaint from a student that she had

been the target of inappropriate communications from Mr. Williams.  Mr. McBride told Ms.

Mandeville that the University of Virginia was taking the allegations as very serious, that Mr. Williams should never return to the University of Virginia on behalf of MassMutual or be on campus for any reason, and that a letter of apology from MassMutual would be appropriate.

4.      Ms. Mandeville gave me the documents she had received from Mr. McBride.

5.      I telephoned Mr. McBride, who again emphasized that Mr. Williams must not return to the University of Virginia.  I apologized to Mr. McBride, told him how important MassMutual's relationship with the University of Virginia was to the company, and assured Mr. McBride that Mr. Williams would never be at the University again as a representative of the MassMutual family of companies.

6.      On or about April 3, 2002, I telephoned Mr. Williams and reiterated that he should not communicate with any student at the University of Virginia.

Signed under the penalties of perjury this 20 day of October, 2005.


_Debra A. Wojcik_
Debra Wojcik


305953


2

# EXHIBIT 10



# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | 161A300109 |
| ☒ EEOC | |

and EEOC

State or local Agency, if any

NAME (Indicate Mr., Ms., Mrs.) MR. ISAAC WILLIAMS JR.
HOME TELEPHONE (Include Area Code) (413) 783-8261

STREET ADDRESS CITY, STATE AND ZIP CODE
17 LAKESIDE STREET, SPRINGFIELD, MA 01109
DATE OF BIRTH 01-05-58

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

NAME DAVID L. BABSON & COMPANY, INC.
NUMBER OF EMPLOYEES, MEMBERS APPROX. 500
TELEPHONE (Include Area Code) (413) 226-1200

STREET ADDRESS CITY, STATE AND ZIP CODE
1500 MAIN STREET, SPRINGFIELD, MA
COUNTY HAMDEN

NAME MASSMUTUAL FINANCIAL GROUP
TELEPHONE NUMBER (Include Area Code) (413) 788-8411

STREET ADDRESS CITY, STATE AND ZIP CODE
1295 STATE STREET, SPRINGFIELD, MA 01111-001
COUNTY HAMDEN

CAUSE OF ISCRIMINATION BASED ON (Check appropriate box(es))

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ AGE
☐ RETALIATION ☐ NATIONAL ORIGIN ☐ DISABILITY ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE EARLIEST (ADEA/EPA) LATEST (ALL)
FALL 2000 - CONTINUING
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

SEE ATTACHED

DEC 10

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I delcare under penalty of perjury that the foregoing is true and correct.

Date 12/9/02 Charging Party (Signature) Isaac Williams

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT Isaac Williams

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) 9th of Dec, 2002

EEOC FORM 5 (Test 10/94)

## EEOC  CHARGE  PARTICULARS

I first became employed by MassMutual Financial Group ("MassMutual")
(as a Second Vice President) on or about February 16, 1998. While still so employed,
there was a merger between MassMutual's investment group and another subsidiary,
David L. Babson & Company, Inc. ("Babson"). As of this merger in the year 2000, I
became a direct employee of Babson. In the fall of that year (2000), Edward Bickford
became my direct superior. It was at this point that I began to experience discrimination
based upon my race (African-American).

Mr. Bickford is Caucasian. Soon after we first met, he began referring to me as
"boy". He then assigned me unrealistic goals and responsibilities which were
unobtainable despite my determined efforts. He continued to refer to me as "boy" and
became quite condescending as my supervisor. Mr. Bickford was required to give me an
annual review that I believe has an important bearing on year-end bonuses and other
compensation. Despite the fact that I had achieved the yearly goals given me by Mr.
Bickford, these reviews were intentionally negative in nature. The most recent review
(for the year 2001) was the worst I had received in my entire employment career and
became an excuse to seek my termination. During my first years with the companies, I
received outstanding bonuses and raises, but after Mr. Bickford became responsible for
making bonus recommendations, he tried to have me denied any bonus at all. I
complained to my Human Resources Department and brought these concerns to the
attention of senior management during February and as late as March 13, 2002, allowing
a bonus but no other relief. Through a subsequent information request, I have received
documentation confirming the fact that Mr. Bickford had laid a foundation for my
demotion and/or termination and that both the Human Resources department and senior
management concurred and assisted in his efforts. Other employees have referred to Mr.
Bickford as a "racist", but senior management has refused to take corrective action and
has, in fact, encouraged and participated in his actions. All of this has caused me nearly
immeasurable stress, resulting in my having had to seek medical attention (including
hospitalization), for which I am currently disabled.

It is my belief that the respondents have violated my rights based upon Title VII
of the Civil Rights Act of 1964, based upon the above. The respondent companies
employ **less than one (1%) percent minority executive employees**. Numerous other
African-American executive-level employees have been terminated and/or resigned
(without other employment prospects) over the past two (2) years, due to similar
pressures. This treatment is not meted out to Caucasian employees, and senior
management has accordingly allowed the creation and continuation of a racially hostile
workplace environment.

# EXHIBIT 11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 03-CV-11470 MAP

| | | |
|---|---|---|
| ISAAC WILLIAMS, JR., | ) | |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| MASSACHUSETTS MUTUAL LIFE | ) | FIRST AFFIDAVIT OF |
| INSURANCE COMPANY (a/k/a | ) | SUSAN A. MOORE |
| MASSMUTUAL FINANCIAL GROUP) | ) | |
| and DAVID L. BABSON & COMPANY, INC. | ) | |
| (a/k/a DAVID L. BABSON AND COMPANY), | ) | |
| Defendants | | |

I, Susan A. Moore, hereby depose and state:

1.    I am employed as a Managing Director and Director of Human Resources for Babson Capital Management, LLC (formerly known as David L. Babson & Company) ("Babson"). I am making this affidavit based on my personal knowledge and as a keeper of records for Babson's Human Resources Department and in consultation with counsel to establish certain facts relevant to the defendants' motions for summary judgment in the captioned matter.

3.    Under Babson's short-term disability program, an employee who is unable to perform his or her job because of a physical or mental impairment is entitled to a continuation of salary, at a percentage determined by length of service, for up to six months.

4.    Liberty Life Assurance Company of Boston ("Liberty") is the administrator for Babson's short-term disability program.

5.    If an employee of Babson remains unable to perform his or her job at the conclusion of a six month short-term disability leave, the employee may be eligible for long-term disability benefits under the Massachusetts Mutual Long-term Disability Plan ("LTD Plan"), an

ERISA plan that provides long-term disability coverage for employees of Massachusetts Mutual Life Insurance Company and its family of companies, including employees of Babson.

6.    Liberty is the insurer of the LTD Plan.

7.    Under the LTD Plan, an employee is entitled to benefits if the employee is unable to perform all of the material duties of his or her position following an elimination period.

8.    As a matter of course, when an individual's application for long-term disability benefits under the LTD Plan is approved, the individual's employment with Babson is terminated.

Signed under the penalties of perjury this 30ᵗʰ day of September, 2005.


Susan A. Moore
Director of Human Resources

305960

2