UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ISAAC WILLIAMS, JR., : | |
|     Plaintiff : | |
| v. : | C.A. No. 03 CV 11470 MAP |
| : | |
| MASSACHUSETTS MUTUAL LIFE : | |
| INSURANCE COMPANY (a/k/a : | |
| MASSMUTUAL FINANCIAL GROUP) : | |
| and DAVID L. BABSON & COMPANY, INC. : | |
| (a/k/a DAVID L. BABSON AND COMPANY), : | |
|     Defendants : | |

**PLAINTIFF'S MEMORANDUM OF LAW SUPPORTING OBJECTION TO DEFENDANTS' MOTION TO PRECLUDE TESTIMONY OF PLAINTIFF'S PROPOSED EXPERT WITNESSES**

**I. INTRODUCTION**

This action is brought by the Plaintiff, Isaac Williams, Jr., ("Williams") seeking redress for unlawful discrimination in employment based on his race, in violation of the Title VII of the Civil Rights Act, 42 U.S.C. §2000e, *et seq*., 42 U.S.C. §1981, *et seq*., and the Massachusetts Fair Employment Practices Act, M.G.L. ch. 151B §1, *et seq*. ("FEPA"). Specifically, the Plaintiff is an African-American who alleges, *inter alia*, that he was hired by Defendant MassMutual Life Insurance Company ("MassMutual") as a vice president, during which time he was performing his job duties as expected. After a corporate re-organization in 2000, the Plaintiff became an employee of Defendant David L. Babson & Company, Inc. ("Babson") and was assigned to report to a Caucasian supervisor who made racist remarks directed toward the Plaintiff, assessed his performance below average, and set unrealistic goals. After receiving the worst performance evaluation of his career in January, 2002, the Plaintiff reported his supervisor's mistreatment to the human resources department and, shortly thereafter was informed that his position was being eliminated.

Defendants admits only that the Plaintiff is African-American and was hired by

MassMutual in 1998, but denies all other allegations relating to the Plaintiff's claim of discrimination.

## II. DESCRIPTION OF MOTION AND ISSUE

Defendants bring this motion seeking to preclude the Plaintiff's expert witnesses from providing testimony at the trial of this matter on the grounds that the Plaintiff has failed to satisfy the requirements of Rule 26(a)(2)(B) and the May 16, 2005, Revised Scheduling Order entered in this case.

The issue is thus whether the Court should preclude testimony of the Plaintiff's Expert Witnesses on the grounds that the Plaintiff failed to satisfy the requirements of Rule 26(a)(2)(B) and the May 16, 2005, Revised Scheduling Order entered in this case.

## III. ARGUMENT[1]

Defendants assert that the Plaintiff's expert disclosures are deficient and, therefore, the appropriate remedy is to altogether preclude the Plaintiff's experts for offering testimony at the trial of this matter. (Def.'s Mem. at 9) As a threshold matter, Defendants have placed the proverbial cart in front of the horse. Indeed, Rule 37[2] provides the first (and most sensible) course of action for Defendants to undertake if they truly perceived a violation of Rule 26(a)(2)(B): a motion to compel. The Rule provides that,

> If a party fails to make disclosures required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has *in good faith conferred or attempted to confer* with the party not making the disclosure in an effort to secure the disclosure *without court action*. (emphasis added)

---

[1] Defendants begin their support of the present motion by setting out a history of discovery disputes that they assert were precipitated solely by the Plaintiff. (Def.'s Mem. At 2-3) It is not clear what Defendants hope to accomplish with this presentation other than to attempt to disparage the Plaintiff and place Plaintiff's counsel in a bad light before the Court, since such history has no bearing whatsoever on the present motion. It should be self-evident that in the natural course of litigation, discovery disputes often requiring count invention arise. By implying that discovery disputes and motions to compel are somehow extraordinary occurrences that can be reprised as leverage to receive favor for later-filed motions Defendants have exceeded appropriate bounds. Such a presentation is particularly ironic since the present motion is essentially a motion grounded in a discovery dispute.
[2] Fed. R. Civ. P. 37.

2

Defendants have opted to forego any effort to confer and simply come before the court to ask for an extreme sanction. Indeed, had the Plaintiff received a request by Defendants for a clarification or supplement of the expert disclosures, the Plaintiff would have worked with Defendants to attempt to resolve the alleged "issue". Failing that, a motion to compel more responsive disclosures would have been a much more appropriate remedy. However, since Defendants have made no such effort, they come before this Court with unclean hands and should not be granted the extreme remedy provided in Rule 37(c)(1), having themselves <u>ignored</u> Rule 37(a)(2)(A).

Furthermore, as Defendants point out, the disclosures were provided in or around May, 2005, some seven (7) months prior to the filing of the present motion. In all the time that has passed since then, Defendants have never that the disclosures were in any way insufficient so that the Plaintiff could address the "issue" and endeavor to resolve the matter. The REVISED SCHEDULING ORDER in the case (Docket Number 30) provided that expert depositions could be conducted up to and including <u>September 1, 2005</u>. But defendants <u>never</u> <u>scheduled</u> any expert depositions.

Williams strenuously disagrees that the disclosures are deficient. The reports in question followed disclosure of and were accompanied by all known notes and records of the attending health care providers in question. The covering letters make reference to those notes and records. And these issues were the topic of some of the questions posed to Williams during his deposition.

In view of the foregoing, Defendants' assertion that they have been "prejudiced" by the alleged failure to disclose because they have been unable to ascertain their own need for expert witnesses is preposterous. None of the records, opinions nor expertise of expert witnesses disclosed are of a type that is of an extraordinary nature or some sort of "junk science". And the

3

defendants knew of Williams' emotional distress claims from the day he last worked (see discussion in accompanying Summary Judgment memoranda of the parties).

In view of the foregoing, it is clear that Williams has in no way failed to comply with the mandatory disclosure rules of this court and that if the Defendants find themselves in any difficulty it has been as a result of their own approach to this discovery.

### V. CONCLUSION

WHEREFORE, for the foregoing reasons, Williams respectfully prays that Defendants' Motion to Preclude Testimony of his Expert Witnesses be denied in each and every respect.

ISAAC WILLIAMS, JR.
By his attorney,

/s/ John B. Reilly, Esq.
John B. Reilly, Esq.
BBO #545576
John Reilly & Associates
Summit West - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 739-1800
Fax: (401) 738-0258

4