UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 03-CV-11470 MAP

| | | |
|---|---|---|
| ISAAC WILLIAMS, JR.,<br>            Plaintiff<br>v.<br><br>MASSACHUSETTS MUTUAL LIFE<br>INSURANCE COMPANY (a/k/a<br>MASSMUTUAL FINANCIAL GROUP)<br>and DAVID L. BABSON & COMPANY, INC.<br>(a/k/a DAVID L. BABSON AND COMPANY),<br>            Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | BABSON CAPITAL<br>MANAGEMENT, LLC'S<br>MOTION TO STRIKE<br>(MEMORANDUM<br>INCORPORATED) |

**Introduction**

Pursuant to Federal Rule of Civil Procedure 56(e) ("Rule 56(e)") and Local Rule 56.1 of the Local Rules of the Federal District Court for the District of Massachusetts ("Local Rule 56.1"), the defendant, Babson Capital Management, LLC ("Babson") hereby moves to strike, or requests that the Court disregard in its entirety, Plaintiff's Statement of Facts for Which There Exists a Genuine Issue to Be Tried – Babson's Motion for Summary Judgment ("Plaintiff's Statement of Facts").

In the alternative, Babson moves to strike, or requests that the Court disregard:

- The Affidavit of Michael M. McAteer ("McAteer Affidavit"), attached as Exhibit 23 to Plaintiff's Statement of Facts, and Paragraphs 2, 7, 8 and 9 of the Affidavit of Isaac Williams, Jr. Supporting His Opposition to Motion for Summary Judgment ("Williams Affidavit"), attached as Exhibit 22 to Plaintiff's Statement of Fact; and

- Paragraphs 17-18 and 67-72 of Plaintiff's Statement of Facts.

Babson's basis for moving to strike in its entirety Plaintiff's Statement of Facts is that plaintiff failed to comply with his obligation under Federal Rules of Civil Procedure 5 and 56 to serve on Babson the exhibits filed with the Court in support of Plaintiff's Statement of Facts. The reasons why, in any event, the McAteer Affidavit, portions of the Williams Affidavit and certain paragraphs of Plaintiff's Statement of Facts, should be stricken, more specifically set forth below as to the material at issue, are that:  (1) paragraphs 2, 8 and 9 of the Williams Affidavit and paragraph 70 of Plaintiff's Statement of Facts are inadmissible statements of feeling or belief; (2) the McAteer Affidavit contains, and paragraphs 71 and 72 of Plaintiff's Statement of Facts are based upon, inadmissible hearsay; and (3) paragraphs 14, 17, 67, 68 and 69 of Plaintiff's Statement of Facts are unsupported by the record material on which plaintiff purports to rely.

**Relevant Background**

Babson and defendant Massachusetts Mutual Life Insurance Company filed and served separate motions for summary judgment on November 11, 2005.  On November 28, 2005, the Court allowed plaintiff's motion to extend to January 13, 2006 the time for plaintiff to file his oppositions to the defendants' summary judgment motions.  Plaintiff was given a second extension of time to January 20, 2006 to file his oppositions to the defendants' summary judgment motions.  Plaintiff electronically filed his Statement of Facts on January 20, 2006. Plaintiff did not electronically file the exhibits to the Statement of Facts.

Plaintiff filed the exhibits to his Statement of Facts with the Court on a date unknown to Babson.  Babson's counsel did not receive copies of the exhibits from plaintiff's counsel, nor was Babson's counsel otherwise notified that the exhibits had been filed with the Court.  On April 28, 2006, Babson's counsel telephoned the Clerk's Office to inquire about the exhibits and

was told that plaintiff had filed a package of exhibits to the Statement of Facts.  The Clerk's Office provided copies of the exhibits (with the exception of two exhibits filed under seal) to Babson's counsel on May 1, 2006.  *See* Affidavit of Counsel in Support of Motion to Strike, ¶¶ 2-6.  (The Affidavit of Counsel in Support of Motion to Strike is attached hereto as Exhibit 1.)

    **A.**    **Plaintiff's Statement of Facts Should Be Stricken For Failure to Serve Supporting Exhibits on Babson**

"Federal Rule of Civil Procedure 5 requires that all parties not in default be served with essentially all papers and pleadings filed subsequent to the original complaint.  The rule itself does not specify what sanctions are appropriate for violations.  Where the moving party has failed to serve a motion on the nonmoving party, courts have struck or denied the motion or set aside the relief requested in the motion if already granted."  *Schneider v. Colegio de Abogados de Puerto Rico,* 187 F.3d 30, 57 (1st Cir. 1999); *see also* Fed. R. Civ. P. 5(b); Fed. R. Civ. P. 56(e); Local Rule 56.1.

The obligation to serve on the opposing party copies of all documents filed with the Court is a bedrock obligation essential to orderly proceedings in this Court.  Plaintiff's failure to serve the exhibits to his Statement of Facts is consistent with a pattern of misconduct by plaintiff in discovery in this case.  *See* Defendants' Response to Plaintiff's Objections to Magistrate Judge's Granting of Defendant's (sic) Motion for a Protective Order Concerning Susan Alfano and Albert Rocheteau, pages 1-6 (filed with the Court on May 2, 2005).  Plaintiff's failure to serve the exhibits to Plaintiff's Statement of Facts is particularly egregious because plaintiff requested and obtained two extensions of the deadline to serve his opposition to Babson's summary judgment motion.  Plaintiff had more than two months to complete preparation of, and properly serve, his opposition to Babson's motion for summary judgment.  He failed to do so. Courts possess "plenary authority 'to manage their own affairs so as to achieve the orderly and

expeditious disposition of cases" and ensure that parties meet their obligations under the rules.
*KPS & Assocs., Inc. v. Designs by FMC, Inc.,* 318 F.3d 1, 15 (1st Cir. 2003); *quoting Aoude v.
Mobil Oil Corp.,* 892 F2d 115, 119 (1st Cir. 1989).  When, as in this case, plaintiff has engaged in
repeated misconduct resulting in increased cost and delaying resolution of this case, the Court
should "do what is necessary and proper to conduct judicial business in a satisfactory manner"
by striking or disregarding Plaintiff's Statement of Facts and deeming admitted Babson's
Statement of Material Facts Not In Dispute for purposes of deciding Babson's motion for
summary judgment.  *Aoude,* 892 F.2d at 1119.

> **B.    Exhibits to and Paragraphs of Plaintiff's Statement of Facts Should Be
> Stricken for Failure to Comply with Rule 56(e) and Local Rule 56.1**

In the alternative, Babson requests that the Court strike or disregard portions of plaintiff's
submission in opposition to Babson's summary judgment motion.  Rule 56(e) and Local Rule
56.1 require that a party opposing a motion for summary judgment support his opposition by a
concise statement of material facts of record, supported by indicia of admissible evidence, as to
which the party contends that there is a genuine issue of fact to be tried.  *See, e.g., Ball v. Wal-
Mart, Inc.* 102 F. Supp.2d 44, 46 n.3 (D. Mass. 2000) (only indicia of admissible evidence may
be relied upon in deciding a motion for summary judgment).  The affidavits, or portions thereof,
submitted as exhibits to Plaintiff's Statement of Facts do not comply with Rule 56(e).  Portions
of Plaintiff's Statement of Facts should be stricken or disregarded by the Court for failure to
comply with the requirements of Rule 56(e) and Local Rule 56.1.

> **1.    Inadmissible Statements of Belief and Feeling**

"[G]auzy generalities," and statements of belief  "are not eligible for inclusion in the
summary judgment calculus."  *Perez v. Volvo Car Corp.,* 247 F.3d 303, 316-317 (1st Cir. 2001)
(conclusions, assumptions and statements of belief will not be considered in opposition to

summary judgment motion); *see also Murphy v. Ford Motor Co.,* 170 F.R.D. 82, 85  (D. Mass. 1997) (arguments and conclusory assertions may not be considered in opposition to a summary judgment motion).  This Court should strike or disregard paragraphs 2, 8 and 9 of the Williams Affidavit attesting, in paragraph 2, to plaintiff's "belief" that there was no way he could succeed in his position of Director of Communications for Babson; in paragraph 8, that he "felt" that an April 29, 2002 interview with a company attorney and a human resources representative was intimidating, and designed to make him feel he had done something seriously wrong and to force him to resign; and, in paragraph 9, that he "felt" that he was being forced out of his position by alleged harassment by a supervisor, critical performance reviews and the investigation into the complaint received by MassMutual from a University of Virginia student, that plaintiff's communications with her had been inappropriate.  Paragraph 70 of Plaintiff's Statement of Facts, reflecting plaintiff's alleged feeling that he was he was being forced out of his position, also should be stricken.  Plaintiff's statements of belief and feeling are not concise statements of material fact, have no place in a Local Rule 56.1 statement, and should be stricken or disregarded by the Court.

## 2.    Allegations Based on Inadmissible Hearsay

Factual assertions offered in opposition to a motion for summary judgment must be made on personal knowledge and concern facts to which the deponent or affiant would be permitted to testify at trial.  *See, e.g., Fed. R. Civ. P. 56(e); see also Murphy v. Ford Motor Corp*, 170 F.R.D. 82, 84-85 (D. Mass. 1997) (hearsay statements and statements not based on personal knowledge may not be considered in opposition to summary judgment motion).   The McAteer Affidavit contains, and paragraphs 71 and 72 of Plaintiff's Statement of Facts are based upon, inadmissible hearsay.  This material should be stricken or disregarded by the Court.

5

According to his affidavit, Mr. McAteer is an attorney formerly employed in the office of plaintiff's counsel.  The McAteer Affidavit reports statements allegedly made to Mr. McAteer and attorney John Reilly by Jeanette Jez, who was formerly employed by MassMutual in various positions with the company, including positions in MassMutual's human resources department. According to Mr. McAteer, during a December 8, 2004 telephone conversation with Messrs. McAteer and Reilly, Ms. Jez said, among other things, that MassMutual's law department had a practice of "cleansing" an employee's file if litigation arose involving that employee; that job elimination was a way of firing employees who had fallen out of favor; that changing someone's title and reducing rates of pay were methods MassMutual used to "get to" employees; and that she had heard that plaintiff had been called "names."  Plaintiff relies on these supposed out-of-court statements by Ms. Jez for their truth, asserting in paragraphs 71 and 72 of Plaintiff's Statement of Facts, that it was the policy of MassMutual companies to eliminate the positions of employees who had fallen out of favor, and that it was the practice of MassMutual companies to send an employee's file to the legal department for ' "cleansing."

The McAteer Affidavit, and paragraphs 71 and 72[1] of Plaintiff's Statement of Facts, which are based on the McAteer Affidavit must be stricken or disregarded by the Court.  *See,*

---

[1] Plaintiff also cited the deposition testimony of Susan Moore, testifying on behalf of Babson pursuant to Federal Rule of Civil Procedure 30(b)(6), in support of his assertion, in paragraph 72 of Plaintiff's Statement of Facts, that "it was the practice of MassMutual companies to send an employee's file to the company's legal department for 'cleansing.'"  Ms. Moore did **not** testify that it was the practice of MassMutual companies to send an employee's file to the company's legal department for "cleansing."  Ms. Moore testified that, when an employee requested a copy of his or her personnel files, it was her practice to sit personally and review the contents of the file with in-house counsel to ensure compliance with Massachusetts and Connecticut law in providing the file.  Among other things, she understood that the purpose of reviewing the file was to ensure that documents were not provided that included private information about an employee other than plaintiff, or confidential business or customer information.  Ms. Moore testified that the only documents she knew of that had been removed from an employee personnel file were documents containing medical information, which were sent to the disability area of MassMutual because that was the appropriate location for storing medical and disability related information about an employee.  Ms. Moore testified that she was never asked to remove any document from any personnel file because the document might be embarrassing, or harmful to MassMutual or Babson.  (A copy of the relevant portion of the testimony Ms. Moore gave as a Rule 30(b)(6) witness on behalf of Babson is attached hereto as Exhibit 2.)  Ms. Moore's testimony did **not** support plaintiff's offensive allegation that Babson or MassMutual had a practice of

*e.g., Gomez v. Rodriguez,* 344 F.3d 103, 115-116 (2003) (a witness's out-of-court statement, offered for the truth of the matter asserted, was garden variety hearsay, inadmissible unless it could escape the normal hearsay prohibition).  Mr. McAteer has not been shown to have any personal knowledge of any policy by any MassMutual company concerning position eliminations, nor has he been shown to have any personal knowledge of any alleged "cleansing" of any employee file by any member of MassMutual's law department.  He could not testify to any such supposed "facts" at trial.  *See* Rule 56(e); *see also, e.g, Perez,* 247 F.3d at 315-316 (only facts of which affiant has personal knowledge may be considered in connection with summary judgment motion); *Maiorana v. MacDonald,* 596 F.2d 1072, 1080 (1st Cir. 1979) (affiant repeating statements by others was relying on inadmissible hearsay evidence to which witness would not be competent to testify).  Further, there is no theory or applicable exception to the hearsay rule that would render the out of court statements allegedly made by Ms. Jez admissible for their truth in this case.  These were not admissions by a party opponent (Ms. Jez was a former employee when the statements were allegedly made), nor is any exception to the prohibition against hearsay applicable to these supposed statements.  *See, e.g., Gomez,* 344 F.3d at 115-116.

Plaintiff's attempt to rely in this case on the hearsay statements in the McAteer Affidavit amounts to bad faith.  Plaintiff has failed to disclose to the Court that he took Ms. Jez's deposition during discovery in this case.  In her deposition testimony, Ms. Jez **denied** knowledge of any policy by MassMutual of using position eliminations as a pretext for getting rid of people who were not wanted and stated that she could speak only to her personal situation.  She **denied** knowledge of any policy or practice by MassMutual's law department of removing material from

---

"cleansing" employee files.  Plaintiff's mischaracterization of Ms. Moore's testimony is egregious and demonstrates the need for careful scrutiny of plaintiff's submission as a whole.

employee files. She **denied** that she ever heard of any racial slurs directed at plaintiff. (A copy of the transcript of Ms. Jez's deposition is attached hereto as Exhibit 3.) Ms. Jez's deposition was taken after the alleged telephone conversation between Messrs. McAteer and Reilly and Ms. Jez. Plaintiff never asked Ms. Jez during her deposition whether she had previously made any of the statements reflected in the McAteer Affidavit, or whether she had ever spoken with plaintiff's counsel prior to her deposition. *See* Exhibit 3 hereto.

The alleged statements by Ms. Jez, as reported by Mr. McAteer, are garden-variety hearsay, not admissible under any exception to the hearsay rule, and the McAteer Affidavit, reporting those statements, must be stricken by this Court. *See, e.g., Gomez,* 344 F.3d at 15-16; *Maiorana,* 596 F.2d at 1080. Paragraphs 71 and 72 of Plaintiff's Statement of Facts, which are based on the McAteer Affidavit, also must be stricken and disregarded by the Court.

### 3. Paragraphs 14, 18, 67, 68 and 69 of Plaintiff's Statement of Facts Should be Stricken Because They are Not Supported by Record Evidence

a.    In paragraph 14 of Plaintiff's Statement of Facts, plaintiff alleges that Mr. Bickford did not deny that "in communicating with plaintiff," he referred to plaintiff as "boy." This assertion by plaintiff misrepresents Mr. Bickford's testimony. Mr. Bickford did not, as plaintiff seeks to imply, admit that he referred to plaintiff as "boy." To the contrary, in response to the question, "[d]id you, Mr. Bickford, during your time supervising Mr. Williams in your meeting with him ever refer to him as boy?," Mr. Bickford answered, "[n]ot that I recall." Mr. Bickford responded in the same way to the question whether he had ever used the term "attaboy" to plaintiff. Paragraph 14 of Plaintiff's Statement of Facts should be stricken because it does not accurately reflect the deposition testimony of Mr. Bickford, which is the record evidence identified as support for paragraph 14. *See* Exhibit 6 to Plaintiff's Statement of Facts; *see also*

Rule 56.1 (statement of material facts submitted in opposition to summary judgment motion must be supported by indicia of admissible record evidence).

b.       In paragraph 18 of Plaintiff's Statement of Facts, plaintiff asserts that Susan Moore, then a Managing Director and Director of Human Resources for Babson, was aware that the use of the term "boy" to an African American could be viewed as a racial slur. Plaintiff's Statement of Fact again misrepresents the deposition testimony on which a "fact" is supposedly based. Ms. Moore was asked whether she knew that use of the term "boy" to an African American employee could "be seen as a racial slur in certain contexts." Ms. Moore responded, "[c]orrect." Ms. Moore testified to a March 11, 2002 conversation with plaintiff in which plaintiff told Ms. Moore that he did not like the way Mr. Bickford talked with him, that Mr. Bickford said things like, "that's a good boy." Ms. Moore further testified in detail to why, in the context in which plaintiff made the statement, she did not understand plaintiff to be saying that the use of the term "good boy" had any racial overtone. (A copy of the relevant portion of Ms. Moore's deposition is attached hereto as Exhibit 4.) Paragraph 18 of Plaintiff's Statement of Facts should be stricken because it misrepresents the deposition testimony on which it is based and is not supported by any other record evidence in this case.

c.       In paragraph 67 of Plaintiff's Statement of Facts, plaintiff claims that, "as a result of the stress and anxiety [he] was suffering at work, he was placed on medical leave immediately by his doctor." The physician's note on which the assertion in paragraph 67 allegedly is based states nothing more than that plaintiff should be "excused from his responsibilities in context of a medically necessary leave of absence." The letter does not state that a medical leave was necessary because of "stress and anxiety" plaintiff was "suffering at work. The letter, in fact, provides no explanation of why plaintiff was being placed on medical leave. *See* Exhibit 20 to

Plaintiff's Statement of Facts.  The statement in paragraph 67, to the extent it states or implies that plaintiff's doctor had concluded that plaintiff needed a medical leave because of conditions in his workplace, is not supported by record evidence and should be stricken or disregarded by the Court.

d.     Paragraphs 68-69 of Plaintiff's Statement of Facts relate to a memorandum prepared by Nancy Roberts, then Senior Vice President of Human Resources for MassMutual. Plaintiff contends that the memorandum "reveal[ed] possible knowledge of racial discrimination."  The document in question was a memorandum from MassMutual's head of human resources to the company's chief executive officer concerning the company's progressive discipline policy.  The paragraph that plaintiff (wrongly) contends reveals evidence of racial discrimination was nothing more than an explanation of some reasons why human resources employees should be consulted and involved whenever a manager was considering, or engaged in, a progressive discipline situation with an employee, and the risks of not involving human resources personnel.  The memorandum further stated that human resources involvement in progressive discipline situations would help ensure consistency and fairness in the application of disciplinary policies.  Ms. Roberts testified at her deposition that she was not referring to any specific instance of inappropriate action but was describing in the memorandum the kind of case that might draw attention.  (A copy of the relevant portion of the Deposition of Nancy Roberts is attached hereto as Exhibit 5.)  Paragraphs 68 and 69 of Plaintiff's Statement of Facts should be stricken because they are not supported by the record evidence cited by plaintiff.

Even if the allegations in paragraphs 68 and 69 of Plaintiff's Statement of Facts were accurate reflections of record evidence, which they are not, they should be stricken or disregarded for the additional reason that Ms. Roberts's supposed knowledge of some

10

unspecified circumstance in which a concern about disparate impact -- not disparate treatment –

was perceived by some unspecified person, has no relevance in this disparate treatment case. *See*

*Aggarwal v. Ponce Sch. of Medicine,* 837 F.2d 17, 22-23 (1st Cir. 1988) (irrelevant evidence not

admissible).

**Conclusion**

For the foregoing reasons, Babson's Motion to Strike should be allowed.

The Defendant,
BABSON CAPITAL MANAGEMENT, LLC
By Its Attorneys:


Dated:  May 15, 2006                   /s/ Katherine A. Robertson
                                       Francis D. Dibble, Jr.
                                        BBO No. 123220
                                       Katherine A. Robertson
                                        BBO No. 557609
                                       Bulkley, Richardson and Gelinas, LLP
                                       1500 Main Street, Suite 2700
                                       Springfield, MA  01115-5507
                                       Tel:  (413) 781-2820
                                       Fax: (413) 272-6804


Certificate of Compliance with Local Rule 7.1

Pursuant to Local Rule 7.1(A)(2), I hereby certify that on May 15, 2006, I conferred with counsel for plaintiff by telephone and attempted in good faith to resolve or narrow the issues presented in this motion.

                                       /s/ Katherine A. Robertson
                                       Katherine A. Robertson

Certificate of Service

I hereby certify that a true copy of the above document was served electronically upon the attorney of record for each party on May 15, 2006.

                                       /s/ Katherine A. Robertson
                                       Katherine A. Robertson

384495