

BULKLEY, RICHARDSON AND GELINAS, LLP

LAW OFFICES
1500 MAIN STREET, SUITE 2700
POST OFFICE BOX 15507
SPRINGFIELD, MA 01115-5507

TEL: (413) 781-2820
FAX: (413) 272-6804

FRANCIS D. DIBBLE, JR.
DIRECT DIAL (413) 272-6246
FDIBBLE@BULKLEY.COM

May 22, 2006

**VIA HAND DELIVERY**

Elizabeth French, Courtroom Clerk
United States District Court
Federal Building and Courthouse
1550 Main Street
Springfield, MA 01103

    Re:    Isaac Williams, Jr. v. Massachusetts Mutual Life Insurance Company, et al.
            Civil Action No. 03-11470 MAP

Dear Ms. French:

    The Court has scheduled a May 31, 2006 hearing on various motions filed in the referenced case by the defendants, Massachusetts Mutual Life Insurance Company and Babson Capital Management, LLC ("Babson"), including Babson's motion for summary judgment. I have enclosed a copy of the opinion of the United States Supreme Court in the case of *Ash v. Tyson Foods, Inc.*, 126 S. Ct. 1195 (Feb. 21, 2006), which was decided after Babson filed its summary judgment motion. The *Ash v. Tyson Foods* case is relevant to Babson's summary judgment motion and may assist the Court in ruling on the pending motion.

    We would be grateful if you would bring this opinion to the attention of Judge Ponsor.

                                 Very truly yours,

                                 Francis D. Dibble, Jr.

FDD/hf
Enclosure
cc:    John Reilly, Esq. (w/enclosure)

391495

126 S.Ct. 1195

Page 1

126 S.Ct. 1195, 163 L.Ed.2d 1053, 74 USLW 3468, 2006 Daily Journal D.A.R. 2024, 87 Empl. Prac. Dec. P 42,263, 74 USLW 3458, 19 Fla. L. Weekly Fed. S 99, 06 Cal. Daily Op. Serv. 1490, 97 Fair Empl.Prac.Cas. (BNA) 641
(Cite as: 126 S.Ct. 1195)

H
Briefs and Other Related Documents

Supreme Court of the United States
Anthony ASH et al.,
v.
TYSON FOODS, INC.
No. 05-379.

Feb. 21, 2006.

**Background:** Two African-American employees brought Title VII and § 1981 race discrimination against employer, arising from their non-promotion to shift manager positions. The United States District Court for the Northern District of Alabama granted employer's renewed motion for judgment as a matter of law, and alternatively granted employer's motion for a new trial. The United States Court of Appeals for the Eleventh Circuit affirmed in part and reversed in part, 129 Fed.Appx. 529.

**Holdings:** On grant of petition for writ of certiorari, the United States Supreme Court held that:

1(1) evidence that plant manager sometimes had referred to employees as "boy" was potentially probative of discriminatory animus, whether or not accompanied by racial classification, and

2(2) employees' claimed superior qualifications for positions in question could potentially show that employer's proffered reasons for non-promotions were pretextual.

Vacated and remanded.

West Headnotes

[1] Civil Rights 78 ⇐1421

78 Civil Rights
   78III Federal Remedies in General
      78k1416 Weight and Sufficiency of Evidence
         78k1421 k. Employment Practices. Most Cited Cases

Civil Rights 78 ⇐1548

78 Civil Rights
   78IV Remedies Under Federal Employment Discrimination Statutes
      78k1543 Weight and Sufficiency of Evidence
         78k1548 k. Promotion or Transfer. Most Cited Cases
Evidence that plant manager sometimes had referred to African-American employees as "boy" was potentially probative of discriminatory animus, in employees' Title VII and § 1983 race discrimination action against employer arising from manager's selection of white candidates over employees for promotions; term in question did not have to be accompanied by racial classification in order to be potentially probative of animus. 42 U.S.C.A. § 1981; Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq.

[2] Civil Rights 78 ⇐1137

78 Civil Rights
   78II Employment Practices
      78k1137 k. Motive or Intent; Pretext. Most Cited Cases
In Title VII and § 1981 race discrimination action against employer arising from non-promotions of African-American employees, employees' claimed superior qualifications for positions in question could potentially show that employer's proffered reasons for non-promotions were pretextual, even if disparity in qualifications did not "virtually jump off the page and slap [the court] in the face." 42

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

126 S.Ct. 1195, 163 L.Ed.2d 1053, 74 USLW 3468, 2006 Daily Journal D.A.R. 2024, 87 Empl. Prac. Dec. P 42,263, 74 USLW 3458, 19 Fla. L. Weekly Fed. S 99, 06 Cal. Daily Op. Serv. 1490, 97 Fair Empl.Prac.Cas. (BNA) 641
**(Cite as: 126 S.Ct. 1195)**

U.S.C.A. § 1981; Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq.

*1196 PER CURIAM.
Petitioners Anthony **Ash** and John Hithon were superintendents at a poultry plant owned and operated by respondent **Tyson Foods**, Inc. Petitioners, who are African-American, sought promotions to fill two open shift manager positions, but two white males were selected instead. Alleging that Tyson had discriminated on account of race, petitioners sued under Rev. Stat. § 1977, 42 U.S.C. § 1981, and Title VII of the Civil Rights Act of 1964, 78 Stat. 253, as amended, 42 U.S.C. § 2000e *et seq.*

A trial proceeded in the United States District Court for the Northern District of Alabama. At the close of the plaintiffs' evidence, Tyson moved for judgment as a matter of law, see Fed. Rule Civ. Proc. 50(a). The District Court denied the motion, and the jury found for petitioners, awarding compensatory and punitive damages. The employer renewed its motion for judgment under Rule 50(b). The District Court granted the motion and, in the alternative, ordered a new trial as to both plaintiffs under Rule 50(c). App. to Pet. for Cert. 35a; see generally *Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.,* 546 U.S. ----, ---- - ----, 126 S.Ct. 980, 984-988, --- L.Ed.2d ---- (2006) (discussing Rule 50).

The United States Court of Appeals for the Eleventh Circuit affirmed in part and reversed in part. 129 Fed.Appx. 529, 536 (C.A.11 2005) *(per curiam)*. As to Ash, the court affirmed the grant of the Rule 50(b) motion, deeming the trial evidence insufficient to show pretext (and thus insufficient to show unlawful discrimination) under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). 129 Fed.Appx., at 533-534. As to Hithon, the court reversed the Rule 50(b) ruling, finding there was enough evidence to go to the jury. The court, however, affirmed the District Court's alternative remedy of a new trial under Rule 50(c), holding that the evidence supported neither the decision to grant punitive damages nor the amount of the compensatory award, and thus that the District Court did not abuse its discretion in ordering a new trial. *Id.,* at 536.

The judgment of the Court of Appeals, and the trial court rulings it affirmed, may be correct in the final analysis. In the course of its opinion, however, the Court of Appeals erred in two respects, requiring that its judgment now be vacated and the case remanded for further consideration.

*1197 [1] First, there was evidence that Tyson's plant manager, who made the disputed hiring decisions, had referred on some occasions to each of the petitioners as "boy." Petitioners argued this was evidence of discriminatory animus. The Court of Appeals disagreed, holding that "[w]hile the use of 'boy' when modified by a racial classification like 'black' or 'white' is evidence of discriminatory intent, the use of 'boy' alone is not evidence of discrimination." *Id.,* at 533 (citation omitted). Although it is true the disputed word will not always be evidence of racial animus, it does not follow that the term, standing alone, is always benign. The speaker's meaning may depend on various factors including context, inflection, tone of voice, local custom, and historical usage. Insofar as the Court of Appeals held that modifiers or qualifications are necessary in all instances to render the disputed term probative of bias, the court's decision is erroneous.

[2] Second, the Court of Appeals erred in articulating the standard for determining whether the asserted nondiscriminatory reasons for Tyson's hiring decisions were pretextual. Petitioners had introduced evidence that their qualifications were superior to those of the two successful applicants. (Part of the employer's defense was that the plant with the openings had performance problems and petitioners already worked there in a supervisory capacity.) The Court of Appeals, in finding petitioners' evidence insufficient, cited one of its earlier precedents and stated: "Pretext can be established through comparing qualifications only when 'the disparity in qualifications is so apparent

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:03-cv-11470-MAP   Document 87   Filed 05/22/2006   Page 4 of 5

126 S.Ct. 1195

Page 3

126 S.Ct. 1195, 163 L.Ed.2d 1053, 74 USLW 3468, 2006 Daily Journal D.A.R. 2024, 87 Empl. Prac. Dec. P 42,263, 74 USLW 3458, 19 Fla. L. Weekly Fed. S 99, 06 Cal. Daily Op. Serv. 1490, 97 Fair Empl.Prac.Cas. (BNA) 641
**(Cite as: 126 S.Ct. 1195)**

as virtually to jump off the page and slap you in the face.' " *Ibid.* (quoting *Cooper v. Southern Co.,* 390 F.3d 695, 732 (C.A.11 2004)).

Under this Court's decisions, qualifications evidence may suffice, at least in some circumstances, to show pretext. See *Patterson v. McLean Credit Union,* 491 U.S. 164, 187-188, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989) (indicating a plaintiff "might seek to demonstrate that respondent's claim to have promoted a better qualified applicant was pretextual by showing that she was in fact better qualified than the person chosen for the position"), superseded on other grounds by 42 U.S.C. § 1981(b); *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 259, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) ("The fact that a court may think that the employer misjudged the qualifications of the applicants does not in itself expose him to Title VII liability, although this may be probative of whether the employer's reasons are pretexts for discrimination"); cf. *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 148, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) ("[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated").

The visual image of words jumping off the page to slap you (presumably a court) in the face is unhelpful and imprecise as an elaboration of the standard for inferring pretext from superior qualifications. Federal courts, including the Court of Appeals for the Eleventh Circuit in a decision it cited here, have articulated various other standards, see, e.g., *Cooper, supra,* at 732 (noting that " 'disparities in qualifications must be of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question" (internal quotation marks omitted)); *Raad v. Fairbanks North Star Borough School Dist.,* 323 F.3d 1185, 1194 (C.A.9 2003) (holding that qualifications *1198 evidence standing alone may establish pretext where the plaintiff's qualifications are " 'clearly superior' " to those of the selected job applicant); *Aka v. Washington Hospital Center,* 156 F.3d 1284, 1294 (C.A.D.C.1998) (en banc) (concluding the factfinder may infer pretext if "a reasonable employer would have found the plaintiff to be significantly better qualified for the job"), and in this case the Court of Appeals qualified its statement by suggesting that superior qualifications may be probative of pretext when combined with other evidence, see 129 Fed.Appx., at 533. This is not the occasion to define more precisely what standard should govern pretext claims based on superior qualifications. Today's decision, furthermore, should not be read to hold that petitioners' evidence necessarily showed pretext. The District Court concluded otherwise. It suffices to say here that some formulation other than the test the Court of Appeals articulated in this case would better ensure that trial courts reach consistent results.

The Court of Appeals should determine in the first instance whether the two aspects of its decision here determined to have been mistaken were essential to its holding. On these premises, certiorari is granted, the judgment of the Court of Appeals is vacated, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

U.S.,2006.
Ash v. Tyson Foods, Inc.
126 S.Ct. 1195, 163 L.Ed.2d 1053, 74 USLW 3468, 2006 Daily Journal D.A.R. 2024, 87 Empl. Prac. Dec. P 42,263, 74 USLW 3458, 19 Fla. L. Weekly Fed. S 99, 06 Cal. Daily Op. Serv. 1490, 97 Fair Empl.Prac.Cas. (BNA) 641

Briefs and Other Related Documents (Back to top)

• 2005 WL 3351251 (Appellate Petition, Motion and Filing) Reply Brief for Petitioners (Dec. 07, 2005)
• 2005 WL 3229086 (Appellate Petition, Motion and Filing) Opposition to Petition for a Writ of Certiorari (Nov. 23, 2005)
• 05-379 (Docket) (Sep. 23, 2005)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

126 S.Ct. 1195

Page 4

126 S.Ct. 1195, 163 L.Ed.2d 1053, 74 USLW 3468, 2006 Daily Journal D.A.R. 2024, 87 Empl. Prac. Dec. P 42,263, 74 USLW 3458, 19 Fla. L. Weekly Fed. S 99, 06 Cal. Daily Op. Serv. 1490, 97 Fair Empl.Prac.Cas. (BNA) 641
**(Cite as: 126 S.Ct. 1195)**

• 2005 WL 2341981 (Appellate Petition, Motion and Filing) Petition for a Writ of Certiorari (Sep. 21, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.