# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **ISAAC WILLIAMS, JR.,** | : | |
| **Plaintiff** | : | |
| **v.** | : | **C.A. No. 03 CV 11470 MAP** |
| | : | |
| **MASSACHUSETTS MUTUAL LIFE** | : | |
| **INSURANCE COMPANY (a/k/a** | : | |
| **MASSMUTUAL FINANCIAL GROUP)** | : | |
| **and DAVID L. BABSON & COMPANY, INC.** | : | |
| **(a/k/a DAVID L. BABSON AND COMPANY),** | : | |
| **Defendants** | : | |
| | : | |

### PLAINTIFF'S MEMORANDUM SUPPORTING OBJECTION TO MOTION OF DEFENDANT BABSON CAPITAL MANAGEMENT, LLC'S MOTION TO STRIKE

### I. INTRODUCTION

The present action is brought by the Plaintiff, Isaac Williams, Jr., (hereinafter the "Plaintiff") seeking redress for unlawful discrimination in employment based on his race, in violation of the Title VII of the Civil Rights Act, 42 U.S.C. §2000e, *et seq.*, 42 U.S.C. §1981, *et seq.*, and the Massachusetts Fair Employment Practices Act, M.G.L. ch. 151B §1, *et seq.* ("FEPA"). Defendants have sought to have the case dismissed via summary judgment and the Plaintiff has timely objected thereto. A hearing on Defendants' Summary Judgment Motion has yet to occur, and is presently scheduled for May 31, 2006.

Presently, Defendant David L. Babson & Company, Inc. (hereinafter "Babson" or "Defendant") moves this Court to strike, in its <u>entirety</u>, the Plaintiff's Statement of Facts For Which There Exists a Genuine Issue to Be Tried (hereinafter the "Statement of Facts") submitted in support of his Objection to Summary Judgment on the purported grounds that the exhibits attendant thereto were not properly served on Defendant or, alternatively, to strike certain

portions of the Plaintiff's Statement of Facts on grounds that portions of the supporting exhibits

constitute "hearsay" or are otherwise inadmissible as being unsupported by the record.

## II. BACKGROUND PERTAINING TO THE PRESENT MOTION

On or about November 4, 2005, Defendant filed with this Court (via electronic filing) its

Motion for Summary Judgment, Statement of Facts, and Supporting Memorandum of Law.[1]

Thereafter, on or about January 20, 2006, the Plaintiff filed his Objection to Motion for

Summary Judgment, Statement of Facts, and Memorandum of Law.[2] Unfortunately, despite the

best efforts of Plaintiff's counsel to file the Exhibits associated with the Plaintiff's Statement of

Facts electronically in accordance with Local Rule CM/ECF (L)[3] the Court was unable to accept

the format of the filing due to an unknown compatibility problem. (Case Aff. ¶3-4)[4] The staff at

Plaintiff's counsel's office worked with the clerk of the Court to reach a resolution and, after

repeated efforts failed to resolve the compatibility problem, the clerk's office granted Plaintiff's

counsel permission to forward the exhibits to the Court via Federal Express. (Case Aff. ¶5) It

was the understanding of Plaintiff's counsel that the court clerk's office, upon receipt of the hard

copy exhibits, would scan the exhibits into the CM/ECF system and same would become part of

the electronic filing of the attendant documents and thereupon would be e-mailed to all

parties/counsel of record registered to receive such notices. (Case Aff. ¶6) The Notice of

Electronic Filing ("NEF") sent by the Court on January 20, 2006, referencing Document 82

indicated "STATEMENT of facts re [70] MOTION for Summary Judgment *Exhibits to be filed*

---

[1] The Notice of Electronic Filing ("NEF") demonstrating the filing of Defendant Babson's Motion for Summary Judgment, Statement of Facts, and Memorandum of Law are attached hereto as Exhibit A. It is worthy of note that Defendant MassMutual also filed its Motion for Summary Judgment, Statement of Facts, and Memorandum of Law on the same date. However, MassMutual is not a party to the present Motion.

[2] A copy of the NEF associated with the Plaintiff's Objection to Summary Judgment, Statement of Facts, and Memorandum of Law Supporting Objection to Summary Judgment are attached hereto as Exhibit B

[3] Local Rule CM/ECF L provides that "[a]ttachments to filings and exhibits must be filed in accordance with the Court's ECF User Manual, unless otherwise ordered by the court." Local R. CM/ECF (L)(1).

[4] A copy of the Affidavit of Jennifer L. Case (Paralegal at Plaintiff's counsel's law firm) is attached hereto as Exhibit C.

*with the court.*" (Ex. B)  The NEF had been e-mailed to Katherine Robertson, Esq., Defendant's counsel on that same date.  (Ex. B)

Defendant now comes before this Court and requests that the Exhibits supporting the Plaintiff's Statement of Facts be stricken in their entirely for failure to make service of same upon Defendant directly.  (Def.'s Mem. Supp. Mot. Strike at 3-4)  Alternatively, Defendant seeks to exclude certain parts off the Statement of Facts/Exhibits as failing to comply with Fed. R. Civ. P. 56(e) and Local Rule 56.1.

### III.  ISSUES

1. Whether the Plaintiff's Statement of Facts filed in support of his Objection to Defendant's Motion for Summary Judgment should be stricken in its entirety for failure to make service of the supporting Exhibits on Defendant's counsel.

2. Whether specific exhibits to the Plaintiff's Statement of Facts or certain paragraphs thereof should be stricken for failure of comply with Fed. R. Civ. P. 56(e) and Local Rule 56.1.

### IV. POINTS AND AUTHORITIES

### 1.  THE COURT SHOULD DENY DEFENDANT'S MOTION TO STRIKE BECAUSE THE PLAINTIFF DID NOT FAIL TO SERVE HIS EXHIBITS TO HIS STATEMENT OF FACTS ON DEFENDANT AS DEFENDANT ALLEGES

Defendant's first argument—that the entire body of Exhibits to the Plaintiff's statement of Facts should be stricken for failure to serve them upon Defendant—is founded on a tenuous base.  Defendant asserts that "Babson's counsel did not receive copies of the exhibits from plaintiff's counsel, *nor was Babson's counsel otherwise notified that the exhibits had been filed with the Court.*" (Def.'s Mem. supp. Mot. Strike at 2)(emphasis added)  Indeed, although the Plaintiff concedes that he did not directly effectuate service of the Exhibits to Defendant's

3

counsel, as noted above, after working with the clerk of the court to resolve the electronic filing issue, Plaintiff's counsel understood that once the exhibits were received by the court, they would be scanned and converted into the electronic format required by the Local Rules. Moreover, the NEF relating to Document No. 82 (Statement of Facts) that was e-mailed to Defendant's counsel on January 20, 2006, indicated, in italics, that exhibits were to be filed with the Court. Hence, Defendant knew, or should have known, as early as January 20, 2006, that the Exhibits were on file with the Court.

In addition, by Defendant's own admission, its counsel waited until April 28, 2006, (some three months post-filing) to inquire as to the status of the Exhibits. There is no indication in the facts presented by Defendant to indicate any effort made earlier by its counsel to contact the Plaintiff's attorney or to otherwise contact the clerk's office to inquire as to the status of the Exhibits. To be sure, had Defendant's counsel been concerned that the Exhibits had not been served contemporaneously with the Statement of Facts, she could have contacted Plaintiff's counsel (or the Court), and promptly received "hard copies". No such action was undertaken until April 28, 2006. Although there was clearly some minor confusion and inconvenience at the time of the filing of the Plaintiff's Statement of Facts and Exhibits due to a compatibility issues, there was certainly no ambiguity that could be read into the statement that the Exhibits were on file with the court. Moreover, there was no chicanery or intent to secrete these exhibits form Defendant's counsel.

Furthermore, according to Defendant's counsel, the Exhibits were indeed made available to Defendant on or about May 1, 2006, after request. Therefore, it appears that Defendant is seeking to exclude the exhibits solely on the grounds that it did not receive service of a hard copy on or about the January 20, 2006, filing date. It would be patently unfair, and counter to the

spirit of civility and the efficient administration of justice for this Court to strike the Plaintiff's exhibits under such circumstances. Such a sanction as urged by Defendant advocates for a hyper-technical application of the rules for which there is no harm shown, or even alleged, by Defendant.

To place Defendant's argument in context, it appears that Defendant's counsel simply opted to wait until April 28, 2006, (a Friday) to review the Plaintiff's Objection and, at that time, discovered the Exhibits had not been filed electronically, then received a copy of them on May 1, 2006 (the following Monday), a period of only one business day. She offers no explanation of why she did not review the same ECF notice and take the same action when she received the ECF notice in January. One would expect that if Defendant were to urge such a drastic sanction as striking an entire body of exhibits, some harm or other prejudice must have resulted to warrant such action by the Court. It appears more likely that Defendant's present motion is borne of some form of animosity by Defendant, directed either at the Plaintiff himself or at Plaintiff's counsel. It is hard to overlook the tenor and tone of Defendant's argument, which unmistakably and unabashedly seeks a sanction on the grounds of alleged "misconduct".

Specifically, Defendant asserts in it argument that "Plaintiff's failure to serve the exhibits to his Statement of Facts is consistent with a pattern of misconduct by plaintiff in discovery in this case." (Def.'s Mem Supp. Mot. Strike at 3) Defendant does not stop there, however, and further supports its argument by attempting to place an improper motive on the Plaintiff's request for extensions to file his Objection to Defendant's summary judgment motion, averring that "Plaintiff's failure to serve the exhibits to Plaintiff's Statement of Facts is particularly egregious because plaintiff requested and obtained two extensions of the deadline to serve his opposition to Babson's summary judgment motion." (Def.'s Mem Supp. Mot. Strike at 3) Such an assertion is

a complete *non sequitur*.  The mere fact that the Plaintiff received extensions to file his objection combined with the stated difficulties in attempting to file the exhibits electronically cannot by any reasonable stretch of the imagination equate to "egregious" conduct.  Any such conclusion to that end is utterly preposterous.

Defendant piles on one more time before concluding its argument by asserting that the extreme sanction of striking the Plaintiff's exhibits is appropriate because the Plaintiff "has engaged in repeated misconduct resulting in increased cost and delaying resolution of this case." (Def.'s Mem Supp. Mot. Strike at 4)  Defendant's assertion, unsupported by any evidence in the record, demonstrates that the present Motion is not being brought on the grounds of a legitimate and well-reasoned legal argument which would give rise to an injustice if not remedied.  This all smacks of attempted "sandbagging".  Absent some showing that the administrative difficulties that caused Defendant to incur a single day's wait in order to obtain the Exhibits filed by the Plaintiff caused some prejudice or harm—a showing that Defendant has not even attempted to present—Defendant's Motion should be denied.

## 2.  THE COURT SHOULD DENY DEFENDANT'S MOTION TO STRIKE BECAUSE THE PLAINTIFF'S EXHIBITS OR CERTAIN PARAGRAPHS OF THE STATEMENT OF FACTS DO NOT VIOLATE FEDERAL RULE OF CIVIL PROCEDURE 56(e) AND LOCAL RULE OR 56.1

In an alternate argument, and in a further attempt to short circuit the summary judgment hearing process, Defendant seeks to exclude certain items contained in the Plaintiff's Statement of Facts, alleging that there are parts of the Statement of Facts and/or Exhibits that are violative of Fed. R. Civ. P. 56(e) and local Rule 56.1. (Def.'s Mem Supp. Mot. Strike at 4)

### a.  Plaintiff's Affidavit

Defendant begins its trek by averring that portions of the Plaintiff's Affidavit (submitted in support of his objection to summary judgment) should be stricken, *to wit*, paragraphs 2, 8, and

9, and by extension, paragraph 70 of the Plaintiff's Statement of Facts.  (Def.'s Mem Supp. Mot. Strike at 5)  The legal framework around which Defendant constructs its argument in this respect is ostensibly held together by *Perez v. Volvo Car Corp.*, 247 F.3d 303 (1st Cir. 2001) and *Murphy v. Ford Motor Co.*, 170 F.R.D. 82 (D.Mass 1997). (Def.'s Mem Supp. Mot. Strike at 4-5).  Neither of these cases can adequately buttress Defendant's argument.

In *Perez*, the court was grappling with the admissibility of parts of an affidavit submitted by a non-party witness in connection with a summary judgment motion. 247 F.3d at 315. The court focused its analysis on whether the witness actually had personal knowledge of the facts recited in his affidavit.  *Id*. at 315-16.  The court concluded on the record evidence that certain statements of the witness were predicated on events that occurred years before he was in a position to have first hand knowledge of them.  *Id*. at 316.  More to the point, the court indicated that,

> Statements predicated on undefined discussions with unnamed persons at unspecified times are simply too amorphous to satisfy the requirements of Rule 56(e), even when proffered in affidavit form by one who claims to have been a participant. *Id*.

In *Murphy*, the plaintiff filed an affidavit in opposition to summary judgment which, among other things, included statements based upon "information and belief." 170 F.R.D. at 84. Concluding that affidavits based upon this foundation do not satisfy the requirements of Rule 56(e), the court struck three paragraphs of the plaintiff's affidavit which rested on his "information and belief.  *Id* at 85.  In addition, the court further struck those portions of the plaintiff's affidavit that constituted arguments or conclusory assertions not based on personal knowledge. *Id*.

The present case is simply not one that falls under the auspices of either *Perez* or *Murphy*.  In the case at bar, Plaintiff's affidavit is indeed based upon personal knowledge.  In the

three paragraphs listed by Defendant that it seeks to strike from the summary judgment record (¶¶2, 8, an 9), the Plaintiff states, in summary, that certain discriminatory actions undertaken by Defendant and/or its employees, made him feel that (1) he had no realistic chance of succeeding (¶2); (2) felt he was being intimidated (¶8); and felt he was being forced to resign (¶9). Hence, these statements are distinguishable from *Perez* and *Murph*y insofar as, unlike *Perez*, the Plaintiff's statements were made by a *party* based upon his *personal knowledge* and not that of others, and unlike *Murphy*, the Plaintiff provides sufficient details underpinning the statements so that they cannot be construed as overly vague.

More importantly, it is precisely the "feelings" of the Plaintiff that represent the touchstone of a case such as the present matter. Indeed, it would seem that if the Court were to adopt Defendant's rationale on this point, an employee who suffered from discrimination would be precluded from testifying at trial as to whether they felt they were actually discriminated against. Absent an awareness of discriminatory animus, it is self-evident that there would no cause of action. *See, e.g., Cooper v. John D. Brush & Co.*, 242 F.Supp.2d 261 (W.D.N.Y. 2003)(summary judgment proper where employee who failed to disclose or report feeling discrimination to supervisor or during exit interview); *Welsh v. City of Shawnee*, 182 F.3d 934 (10th Cir. 1999)(age discrimination plaintiff's feelings of discrimination combined with other evidence of age-base animus sufficient to demonstrate pretext and preclude summary judgment). Hence, the Plaintiff's feelings that he was the victim of discrimination should not be precluded on the grounds urged by Defendant.

### b. Defendant's Hearsay Argument

Defendant's journey to exclude some of the Plaintiff's facts next arrives at a hearsay argument. To that end, Defendant avers that certain portions of the Affidavit of Michael McAteer

(a former associate in Plaintiff's Counsel's law firm) as contained in the Plaintiff's Statement of Facts should be stricken on grounds that they constitute inadmissible hearsay.  (Def.'s Mem. Supp. Mot. Strike at 5)  This argument reveals a clear misapprehension on the part of Defendant of the purpose for which the McAteer Affidavit is being presented.

As noted in the Plaintiff's Memorandum Supporting Objection to Summary Judgment, there was a great deal of uncertainty and confusion about who was involved in the decision to eliminate the Plaintiff's position and the criteria considered to reach such a decision. (Pl.'s Mem. Obj. Summ. J. at 23). Defendant's Statement of Facts indicates that the decision to eliminate the Plaintiff's position was a collaborative effort made by several managers and based on a variety of criteria, including the Plaintiff's performance. (Def.'s Stmt. Facts ¶¶20-22)

The deposition of Jeanette Jez, a former employee of the MassMutual group was taken in this case.  Ms. Jez did not seem to have any direct involvement in this case, but was interviewed before her deposition was taken.  At her deposition, Ms. Jez testified in a way that was inconsistent in several material respects with what Mr. McAteer recounted from his notes and/or recollection concerning such interview.  Mr. McAteer was identified as a potential witness impeaching the testimony of Ms. Jez (principally because she advised in her interview that "job elimination" was a tactic used by one or more of the defendants to terminate employees who have fallen into disfavor but seems to have changed her story at her deposition).  This is not the stuff of "hearsay".  Rather, it is analogous to an investigator who may be offered to contradict present testimony based upon the content of prior, inconsistent statements.

Rule 801(c) of the Federal Rules of Evidence defines Hearsay as follows: "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Since the Plaintiff is not offering the

statements made in the McAteer Affidavit for their truth, the statements are not hearsay and it certainly does not amount to "bad faith" (Def.'s Mot. Strike at 7).

### c. Paragraphs Not Supported by the Record

Defendant's voyage reaches its final destination and rests upon an allegation that five (5) of the paragraphs set forth in the Plaintiff's Statement of Facts should be stricken because they are misrepresentations or are not supported by the record. (Def.' Mem Supp. Mot. Strike at 8) As a threshold matter, Defendant fails to support its arguments on this point with reference to any legal authority. Instead, Defendant has gone far afield of the scope of the present motion and regressed into a full-blown attack on the facts submitted by the Plaintiff in support of his objection to Defendant's summary judgment motion in an effort to rebut or discredit them. However, such an argument on Defendant's part is premature and represents nothing short of a thinly disguised "pre-argument" (or, more appropriately, a reply memorandum) in connection with the pending summary judgment motion.  Had Defendant desired to submit a reply memorandum in response to the Plaintiff's opposition, it was certainly free to seek leave of this Court to file same.[5]  However, the record reveals that no such leave was sought or granted.

Notwithstanding the propriety of Defendant's argument to exclude certain paragraphs contained in the Plaintiff's Statement of Facts, Defendant's arguments as to why each of the listed paragraphs should be stricken is founded solely on its own interpretation on those facts, leading to the alternate conclusions that (1) the Plaintiff has misrepresented the facts, or (2) the facts are otherwise not supported by the record.  (Def.'s Mem. Supp. Mot. Strike at 8-11)  Such a position fails to recognize the summary standard which, in part, requires the court to view the facts in a light most favorable to the non-moving party, drawing *all reasonable inferences* in that

---

[5] Local Rule 7.1 indicates that, (3) *Additional Papers*.  All other papers not filed as indicated in subsections (B)(1) and (2), whether in the form of a reply brief or otherwise, may be submitted only with leave of court.

party's favor. *Fennell v. First Step Designs, Ltd.*, 83 F.3d 526, 534 (1st Cir. 1996)(emphasis added).

Each of the points raised by Defendant are addressed in turn below.

i.  Paragraph 14.  Defendant's argument as to why Paragraph 14 of the Plaintiff's Statement of Facts should be stricken simply makes no sense.  The Plaintiff asserted that Mr. Bickford did not deny referring to him as "boy." This fact is supported by the record. Defendant does not argue that it is not supported by the record, only that it does not accurately reflect Bickford's deposition testimony.  (Def.'s Mem Supp. Mot. Strike at 8) Arguing degrees of interpretation of facts is not the stuff of a motion to strike but is more properly reserved for the forum in which it is to be argued.  Defendant's position that such a statement must be stricken because Bickford gave the same answer to the question of whether he used the terms "attaboy" further adds to the confusion.  Hence, Defendant's argument on this point should be disregarded.

ii.  Paragraph 18.  Similarly, Defendant asserts that paragraph 18 should be stricken because it "misrepresents" Ms. Moore's deposition testimony.  (Def.'s Mem. Supp. Mot. Strike at 9)  However, Defendant fails to make any argument as to why paragraph 18 should be stricken other than the unsupported conclusory allegation that it believes same to be a misrepresentation of the deposition testimony.  Absent some support for this assertion, the court should disregard this argument.

iii.  Paragraph 67.  Next, Defendant assails paragraph 67 of the Plaintiff's Statement of Facts by assailing the circumstances surrounding the Plaintiff's medical leave. (Def.'s Mem. Supp. Not. Strike at 9-10)  There's far more to the story than Defendant would have the Court believe.  A review of the Plaintiff's medical records filed as Exhibit 19 with the court reveals the underpinnings of the need for the Plaintiff's leave. Therefore, Defendant's argument on this

point is once again misplaced and in any event should have been included in a reply memorandum.

iv.   Paragraphs 68-69.   Finally, in addressing paragraphs 68-69 of the Plaintiff's Statement of Facts, Defendant spirals into unbridled summary judgment argument and attempts to "explain" those facts raised by the Plaintiff regarding possible knowledge of racial discrimination at Defendant's organization.  (Def.'s Mem. Supp. Mot. Strike at 10)  Simply put, Defendant desires to have this Court adopt Defendant's interpretation of the facts or, absent such an adoption, wholly disregard the Plaintiff's version because of alleged inadequate support in the record.  As noted earlier, such an argument should have been made in a reply memorandum, not under the guise of a motion to strike.

### V. CONCLUSION

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully prays that Defendant's Motion to Strike be denied.

ISAAC WILLIAMS, JR.
By his attorney,

/s/ Michael F. Drywa, Jr.
John B. Reilly, Esq.
BBO #545576
Michael F. Drywa, Jr., Esq.
BBO #642654
John Reilly & Associates
Summit West - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 739-1800
Fax: (401) 738-0258

Dated:  May 23, 2006

## <u>CERTIFICATION</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 23, 2006.

    /s/ Michael F. Drywa, Jr.
