```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS
```

ISAAC WILLIAMS, JR.,            )
        Plaintiff               )
                                )
        v.                      ) CIVIL ACTION NO. 03-11470-MAP
                                )
MASSACHUSETTS MUTUAL LIFE       )
INSURANCE COMPANY (a/k/a        )
MASSMUTUAL FINANCIAL            )
GROUP) and DAVID L.             )
BABSON & COMPANY, INC.          )
(a/k/a DAVID L. BABSON AND      )
COMPANY),                       )
        Defendants              )

<u>MEMORANDUM AND ORDER REGARDING
DEFENDANT MASSMUTUAL'S MOTION FOR SUMMARY JUDGMENT;
DEFENDANT BABSON'S MOTION FOR SUMMARY JUDGMENT;
DEFENDANTS' MOTION TO PRECLUDE TESTIMONY, AND
DEFENDANT BABSON'S MOTION TO STRIKE</u>
(Dkt. Nos. 67, 70, 65, 86)

September 29, 2006

PONSOR, D.J.

Plaintiff, an African-American man, has brought this action against Defendants Massachusetts Mutual Life Insurance Company ("MassMutual") and David L. Babson & Company, Inc. ("Babson"), alleging discrimination based on race. The four motions noted above are before the court.

This brief order will apprize the parties of the court's rulings on the four pending motions and permit scheduling of a status conference to set a course for trial. A memorandum will issue shortly setting forth the court's reasoning in greater detail.

The motion of Defendant MassMutual for summary judgment (Dkt. 67) is hereby ALLOWED on all counts on the ground that MassMutual did not employ Plaintiff and cannot be found to be legally responsible for any alleged discrimination suffered by him.

The motion of Defendant Babson for summary judgment (Dkt. 70) is hereby ALLOWED, in part, with regard to any claim set forth in Counts I, II or III for constructive discharge, on the ground that the facts, even viewed in the light most favorable to Plaintiff, will not support this claim, and with regard to any claim under Mass. Gen. Laws ch. 151B (Count IV), on the ground that Plaintiff failed to file his administrative claim within six months.  In addition, Count V, a tort claim for negligent infliction of emotional distress, is dismissed with the consent of Plaintiff.  Babson's motion is otherwise hereby DENIED. Claims in Counts I, II, and III under Title VII and 42 U.S.C. § 1981, except to the extent that they assert constructive discharge, will survive.

Defendants' Motion to Preclude Expert Testimony (Dkt. No. 65) is hereby ALLOWED, based on Plaintiff's failure to comply with Fed. R. Civ. P. 26(a)(2).

Defendant Babson's Motion to Strike (Dkt. No. 86) is hereby DENIED, on the ground that the court has not

considered any material improperly included in Plaintiff's submissions.[1]

The clerk will set this case for a status conference to permit counsel for Plaintiff and Babson to confirm a final schedule for trial.

It is So Ordered.

                                        /s/ Michael A. Ponsor
                                        MICHAEL A. PONSOR
                                        U. S. District Judge

---

[1] Confidential medical records handed up to the court during oral argument by defense counsel, and objected to by Plaintiff's counsel, have not been relied upon in these rulings and have been destroyed.